`THE UNITED STATES DISTRICT COURT
FOR THE WESTERN `

**05  CV  0447** Sc

```
                                        X
```

JAMES M. WEST, ABDUL M. SHARIFF, AND DIVINE C.
ALLAH    , on behalf of themselves and all          :
other persons similarly situated,

                                            :

                       Plaintiff,

              – against –                    :

GLENN S. GOORD, Commissioner of the New York    :
State Department of Correctional Services;
STEPHAN BERNARDI, Deputy Commissioner, of
POlicy & Compliance, of the New York State    :
Department of Correctional Services; THOMAS
M. POOLE, Superintendent of Five Points, of    :
the New York State Department of Correctional
Services; THOMAS EAGEN, Director of the N.Y.S.
Inmate Grievance Program, of the New York    :
State Department of Correctional Services;
Jane Doe # 1 (DENNIS/DENIS) (Phonetics), the    :
Regional Grievance Supervisor of Five Points,
of the New York State Department of Correct-
ional Services; JANICE E. HENRICH, Inmate    :
Grievance Program Supervisor at Five Points,
of the New York State Department of Correct-
ional Services; LISA LAUBER, Corr. Officer &    :
IGRC STAFF REPRESENTATIVE of Five Points, of
the New York State Department of Correctional
Services; JOHN DOE 1 – 9 IGRC SGT./STAFF REP-
RESENTATIVES of Five Points, of the New York    :
State Department of Correctional Services;
DAVID F. NAPOLI, Deputy Supt. of Security,    :
of Five Points, of the N.Y.S. Department of
Correctional Services; DONALD SELSKY, Direct-    :
or of Special Housing & Disciplinary Appeals,
of the New York State Department of Correct-
ional Services, individually, personally and
in their Official Capacities, and their Succe-    :
ssors in Office,

                     Defendants.

```
                                        X
```

TO THE DEFENDANT(S):

      PLEASE TAKE NOTICE, UPON ALL PAPERS FILED WITH THIS COURT BY THE
PLAINTIFF'S IN THE ABOVE-CAPTIONED CIVIL ACTION WILL MOVE THIS COURT
FOR AN ORDER THAT THIS CIVIL ACTION BE BROUGHT AS A "CLASS ACTION" AN
MAINTAINED AS SUCH ON THE ALLEGATIONS ALLEGED IN THIS CIVL COMPLAINT.

## I. INTRODUCTION

1. This is a Civil Action by the Plaintiffs' against Defendants seeking redress under 42 U.S.C. § 1983 (Civil Action For Deprivation Of Rights); 42 U.S.C. § 1985 (3) (DEPRIVING PERSONS OF RIGHTS OR PRIV-ILEGES); and 42 U.S.C. §1986 (ACTION FOR NEGLECT TO PREVENT), including equitable relief, injunctive relief and monetary damages, for violation of their rights, under the "AMERICANS WITH DISBILITY ACT/REHABILITATION ACT", as disabled individuals who are confined at Five Points Correction-al Facility, and on behalf of themselves and all other persons who are similarly situated. This complaint relates to inmates who are wheelchair, paraplegic, quadriplegic, or otherwise not able to walk, and those who are able to walk, are part of the class. This complaint    relates to prisoners who are wheelchair bound but able to walk on crutches or with some assistance.

2. Plaintiff's informs the Court that as a result of the 1971 "Attica Prison Riot" the N.Y. State Department of Correctional Services Commissioner Oswald, under Special Commission Report, dated 1972 or 1973, to install an Inmate Liaison Committee (Hereafter "I.L.C.") (Directive # 4002) so that prisoners will have  the outlet to inform the facility' Prison Administration of matters concerning the General Population's welfare. The second program that was instituted was the Inmate Grievan-ce Resolution Committee (Hereinafter "I.G.R.C.") (Directive # 4040, date June 8, 1998, superseded by, Directive # 4040, dated August 22, 2003, pursuant to New York Corrections Law, § 139 (9 N.Y.C.R.R. Part 7695). It is when the two programs fail or are undermined by the Commissioner and his designate, Director of the Grievance Program, the C.O.R.C., Regional Grievance Supervisors,Inmate Grievance Program Supervisor, Superintendent, I.G.R.C. Sargeants, Guard, and those who are not fully known will be than added pursuant to Rule 15(c) of the Relation Back Doctrine as defendants for this Civil Action, for the Deprivation Of Liberty Without Due Process Of Law in a number of respects: Defendants' arbitrary actions constituted punishment in violation of protected conduct, nor a fair and impartial adjudication of grievance procedures by a concerted and systematic effort to deprive plaintiff's a liberty interest without due process of law. The Plaintiff's will show the Court, that Plaintiffs' have tried to rectify the problems at Five Points through the I.G.R.C. and the I.L.C.. But, every step has been undermined. This is when the Federal Court should

intervene under 42 U.S.C. §§ 1983, 1985(3), 1986, the ADA ACT / REHAB. ACT of 1973, and Title VII (JOB DISCRIMINATION / HOSTILE WORKING ENVIR- ONMENT.

3. Plaintiff's contend that state law created liberty interests that are entitled to the procedural protections of the due process clause. Because Statutes are a common state law basis for the constit- tional claim of due process entitlement. That, defendants knew or than should have reasonable known that N.Y. judicial decision, administrative regulations and departmental directive grant prisoners liberty interest in receiving fair and impartial grievance hearings without fruad or/and fraudulent concealment of actual facts with fair investigations.

4. Defendants' Glenn S. Goord, Central Office Review Committee (Hereinafter: C.O.R.C.), Thomas Eagen, Regional Grievance Supervisors, Inmate Grievance Program Supervisor's (Persons Illegally Acting In Said Capacity as a ACTING FACILITY GRIEVANCE SUPERVISOR), failed to adopt or adhere to Administrative Grievance Procedure under 42 U.S.C. § 1997e an their own N.Y. State Department of Correctional Services Employee's Manual by their deliberetae indifference and gross negligence in the running of an corrupt and illegally run Inmate Grievance Program at Five Points Correctional Facility since the inception of its opening, inwhich includes all Inmate Grievance Resolution Committee Sargeants at Five Points Correctional Facility.

5. That, Defendant's Goord, CORC, T. Eagen, and all other named or titled failed to properly train, properly supervise, improperly selected or / and hired Docs employee's who were assigned to work in I.G.R.C. Office at Five Points, who have poor impulse control and did retaliate against Plaintiff Inmate Grievance Representatives and other other inmate grievant's from receiving due process within the Inmate Greivance Process in violation of 42 U.S.C. § 1997d.

6. Plaintiff's were discriminated against by defendants inwhich Defendants and their agents and employee's falsified official Depart- mental records and obfiscated due process within the grievance mechan- ism at Five Points with deliberate indifference with gross negligence.

7. Defendants Henrich Janice E. Henrich, Lisa Lauber and I.G.R.C. Sargeants undermined Plaintiff who were Inmate Grievance Representat- ives wherein they were coerced to do DOCS I.G.R.C. Staff's work that was contrary to defendants 1998 and 2003 Directive # 4040 and the I.G.R.C. TRAINING MANUAL and created a Hostile Working Environment in violation  by harassment and discrimination in the working place which was condoned by all superiors by their failure to take corrective, re- medial and disciplinary action by their inaction, joined in the acts

complained of herein, which by their inaction of the superior's were
actually stating that whatever their subordinates do is alright with
them.

## II. PRELIMINARY STATEMENT

8. The named Plaintiffs are disabled inmates confined to wheel
chairs in the custody of the New York State Department of Correction-
al Services (hereinafter:"DOCS") and incarcerated at the Five Points
Correctional Facility ("Five Points") in Romulus, New York. The named
Plaintiffs represent a class of present and future inmates of the Five
Points Correctional Facility who are handicapped by virtue of being
wheelchair bound, paraplegic, quadriplegic, or otherwise not able to
walk ("non-ambulatory inmates"). This complaint does relate to inmates
who are ambulatoty and inmates who are wheelchair bound but able to
walk on crutches or with some assistance into their cells, and those
who are not handicapped as part of the class to this action.

9. The named Plaintiffs bring this action on behalf of themselves
and all other similary situated non-ambulatory inmates and inmates who
are fully ambulatory.

10. The named plaintiffs that bring this action are being, have
been, and / or will be further discriminated against soley on the basis
of their disabilities in receiving rights and privileges accorded to
all other inmates (the "Class", and the members thereof the "Class-
Members").

11. The named Plantiffs bring this action on behalf of all other
similarly situated but not wheelchair-bound, paraplegic, Quadriplegic,
or otherwise not able to walk on crutches or with some assistance into
their cells. But persons who are fully able to ambulate without any type
of handicap, disability, et cetera.

12. This civil action by the plaintiff's applies to some plaintiffs
who meet the qualifications of the American's with Disabilities Act as
to separate Cause's of Action, named as the leading plaintiffs who are
wheel-chair bound with medical conditions recognized by the ADA ACT.

13. The named Plaintiffs seek a judgment on behalf of themselves
and the Class, and ask this Court to declare that Defendants' failure
to provide Plaintiffs with Due Process and Equal Protection of the Law
within the Inmate Grievance Program by running corrupt and illegally
run grievance program at Five Points Correctional Facility.

14. Plaintiffs claim that the failure of the Defendants' to provide plaintiffs with Due Process and Equal Protection of the Laws that are well established under State and Federal Law violates the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12133 ("ADA"), and the regulations promulgated under the statutes. In addition, Defendants in failing to provide a Grievance Program at Five Points Correctional Facility that meet their own Directives, N.Y. Corrections Law, and 42 U.S.C. § 1997e, subd. (a), (b) and 42 U.S.C. § 1997d. Prohibition of retaliation violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend XIV, § 1 , 42 U.S.C. §§ 1983, 1985, subd. 3, 1986.

### III. PARTIES

15. Plaintiff JAMES MICHAEL WESS a/k/a JAMES WESS, is a resident of New York State who is incarcerated at Five Points Correctional Facility in general population. Plaintiff is a non-ambulatory inmate. Plaintiff WESS is a "qualified individual with a disability" under the ADA, 42 U.S.C. § 12102(2), and regulations promulgated thereunder, 28 C.F.R. Part 35. Plaintiff WEST is also as a "handicapped person" under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and regulations promulgated thereunder, 28 C.F.R. § 42.503.

16. Plaintiff ABDUL MUHAMMAD SHARIFF IS A RESIDENT OF New York State who is incarcerated at Five Points Correctional facility in general population. Plaintiff is a non-ambulatory inmate. Plaintiff       is a "qualified individual with a disability" under the ADA, 42 U.S.C. § 12102(2), and regulations promulgated thereunder, 28 C.F.R. Part 35. The Plaintiff        is also qualified as a "handicapped person" under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and regulations promulgated thereunder, 28 C.F.R. § 42.503.

17. Plaintiff DIVINE C. ALLAH is a resident of New York State who is incarcerated at Five Points Correctional facility in general population. Plaintiff is a non-ambulatory inmate. Plaintiff DIVINE C. ALLAH is a "qualified individual with a disability" under the ADA, 42 U.S.C. § 12102(2), and regulations promulgated thereunder, 28 C.F.R. Part 35. The Plaintiff ALLAH is also qualified as a "handicapped person" under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and regulations therein promulgated thereunder, 28 C.F.R. § 42.503.

## IV. DEFENDANTS

18. Defendant GLENN S. GOORD is and was at all relevant times the Commissioner of the New York State Department of Correctional Services and as such is Chief Executive Officer of the Department. He is and was responsible for the appointment, administration and supervision of his subordinates. Defendant GOORD was appointed by Govenor George Pataki with the advice and consent of the New York Senate, and holds office at the pleasure of the Govenor. N.Y. Corrections Law § 5, subd. (1), and (2). Defendant GOORD is legally responsible for the implementation of the Inmate Grievance Resolution Committee (Hereinafter: "I.G.R.C.") under New York Corrections Law § 139, and its subdivisions. He is also responsible for adherence to the Department of Correctional Services Employee's Manual. . Including, but not limited to the adherence to the welfare, care, safety, ADA ACT standards and 42 U.S.C. § 1997e/

19. DEFENDANT STEPHAN BERNARDI is and was at all relevant times Deputy Commissioner of Policy & Compliance, of the New York State Dept. of Correctional Services. Defendant BERNARDI was appointed to his job description by the Defendant GOORD pursuant to New York Corrections Law § 7. Organization of Department of Correctional Services; Officers and Employees; delegation by Commissioner, pursuant to subdivisions 2 and 3 of this section. Defendant BERNARDI as such is designated to be responsible for compliance  of Policy & Procedure Compliance and for the Compliance of DOCS Directives. But, not limited to this. He is legally responsible for the welfare, care, safety, ADA ACT adherence and the lawful comportment in is capacity.

20. Defendant THOMAS M. POOLE is and was at all relevant times Superintendent at Five Points Correctional Facility. Defendant POOLE is charged is charged with the supervision, management, and control of Five Points, including the preservation, promotion, and maintenance of the rights and safety of all individuals incarcerated at Five Points, including the welfare, care on non-ambulatory and ambulatory inmates at Five Points. Defendant POOLE is appointed pursuant to § 18 of the New York Corrections Law, subdivision (1), (2), and (3). Upon information and belief, Defendant POOLE is responsible under the law to provide a safe, secure and discrimination-free environment for all individuals confined within Five Points.

21. Defendant THOMAS EAGEN is and  was at all relevant times the

## IV. DEFENDANTS

18. Defendant GLENN S. GOORD is and was at all relevant times the Commissioner of the New York State Department of Correctional Services and as such is Chief Executive Officer of the Department. He is and was responsible for the appointment, administration and supervision of his subordinates. Defendant GOORD was appointed by Govenor George Pataki with the advice and consent of the New York Senate, and holds office at the pleasure of the Govenor. N.Y. Corrections Law § 5. subd. (1), and (2). Defendant GOORD is legally responsible for the implementation of the Inmate Grievance Resolution Committee (Hereinafter: "I.G.R.C.") under New York Corrections Law § 139, and its subdivisions. He is also responsible for adherence to the Department of Correctional Services Employee's Manual. . Including, but not limited to the adherence to the welfare. care, safety, ADA ACT standards and 42 U.S.C. § 1997e/

19. DEFENDANT STEPHAN BERNARDI is and was at all relevant times Deputy Commissioner of Policy & Compliance. of the New York State Dept. of Correctional Services. Defendant BERNARDI was appointed to his job description by the Defendant GOORD pursuant to New York Corrections Law § 7. Organization of Department of Correctional Services; Officers and Employees; delegation by Commissioner. pursuant to subdivisions 2 and 3 of this section. Defendant BERNARDI as such is designated to be responsible for compliance  of Policy & Procedure Compliance and for the Compliance of DOCS Directives. But. not limited to this. He is legally responsible for the welfare, care, safety, ADA ACT adherence and the lawful comportment in is capacity.

20. Defendant THOMAS M. POOLE is and was at all relevant times Superintendent at Five Points Correctional Facility. Defendant POOLE is charged is charged with the supervision. management. and control of Five Points, including the preservation, promotion, and maintenance of the rights and safety of all individuals incarcerated at Five Points, including the welfare, care on non-ambulatory and ambulatory inmates at Five Points. Defendant POOLE is appointed pursuant to § 18 of the New York Corrections Law. subdivision (1), (2). and (3). Upon information and belief, Defendant POOLE is responsible under the law to provide a safe. secure and discrimination-free environment for all individuals confined within Five Points.

21. Defendant THOMAS EAGEN is and  was at all relevant times the

Director of the INMATE GRIEVANCE RESOLUTION COMMITTEE" for the New
York State Department of Correctional Services, State Office Building
Campus, 1220 Washington Avenue, Albany, New York 12226. Which is the
Central Office for the "DOCS". Defendant has been assigned or / and
designated by the Defendant Glenn S. Goord as Director of the whole
Grievance Program throughout the State, pursuant to New York Correction
Law § 7, subdivision 2. Defendant is responsible for the orderly runn-
ing of the Inmate Grievance Program at each Correctional in a impartial
manner, which lawfully comports to well established law without any bias,
discrimination, retaliation, revenge, reprisal, harassment, and improper
grievance procedures without due process. Defendant is responsible for
safety, welfare, care, and management of the grievance program within
42 U.S.C. § 1997e and all applicable statutes, ogligations under law.

    22. DEFENDANT JANE DOE # 1 ( DENNIS /DENIS),  egional Grievance
Supervisor, of the New York State Department of Correctional Services,
and the Five Points Correctional facility, at all relevant times. Upon
information and belief, Defendant Jane Doe # 1, is charged with obliga-
tions, under the, for perserving, mainting and promoting the rights and
privileges with immunities within the "INMATE GRIEVANCE RESOLUTION COM-
MITTEE" within the Depertment, pursuant to 42 U.S.C. § 1997e and other
applicable statutes. Defendant is responsible for the orderly running
of the Grievance Program at Five Points, the Civilian Grievance Super-
visor, Inmate Grievance Representatives & Staff Representatives, and
Grievance Clerk's without improper grievance procedures in violation
of wel established law. Defendant is charged with the supervision,
management, control, including the preservation, promotion of the rights,
privileges and immunities within the grievance program at Five Points,
including non-ambulatory inmates. Defendant is responsible under the
law to provide a safe, secure and discrimination-free environment for
all individuals confined at Five Points. Especially those without any
physical handicaps, et cetera.

    23. DEFENDANT JANICE E. HENRICH, Inmate Grivenace Program Supervis-
or, at all relevant times, for the New York State Department of Correct-
ional Servies, assigned by the Defendant Commissioner or designate to
Five Points Correctional Facility under New York Corrections Law § 7,
subdivision 2. Defendant is charged with the supervision, management,
and control of the Five Points Grievance Program, including the preser-
vation, promotion, andmaintenance of the rights and safety of all indiv-

iduals incarcerated at Five Points, including   non - ambulatory imates. The defendant, upon information   and   belief,   Defendant Henrich, is responsible under   the   law   to   safe,   secure   and discrimination-free environment for all individuals confined   at Five Points Inmate Grievance Resolution Committee.

24. DEFENDENT LISA LAUBER, at all relevant times mentioned herein, was a Correction Officer under Article 2, Section 8,  of the New York Correction Law ( McKinney's ). Defendent   was   the Inmate Grievance Resolution Committee Officer. Defendent Lauber obtained the her position in   particular   by   the   Labor   Bid. Defendent held this position at Five Points Corr. Facility.

25. DEFENDENT JOHN DOE 1 - 9 IGRC SARGEANT'S / STAFF – RESPRESENTATIVE OF FIVE POINTS, at all relevant times   mentioned, in the employ of the New York State Department   of   Correctional Services. The true names and the capacities of  the   defendents named herein as DOES 1-9 are not fully at this time known   to the named plantiffs. The named Plaintiffs will amend   this   Complaint to reflect their true names and capacities after Defendents DOES 1-9 have been ascertained. Defendents DOES 1-9, along with other Defendents, are responsible for the acts described below and are liable to the Named Plantiffs therefor.

26. DEFENDENT DAVID F. NAPOLI (DAVID NAPOLI),  Deputy Super- intendent of Sercurity, at Five   Points   Correctional   Facility, which appointed to the present position by Defendant Commissioner of Correctional Services, at all times relevant to this Complaint. Defendent Napoli was the Tier 3 Hearing Officer for a  Plantiffs Impeachment Hearing at Five Points.

27. DEFENDENT DONALD SELSKY, at all times relevant, was the DIRECTOR of SPECIAL HOUSING & DISCIPLINARY APPEALS   ADJUDICATION, of the New York State Department   of   Correctional   Services, principal office in Albany, New York. Defendent was appointed by the Commissioner of Correctional Services to his current position of work and duties, pursuant to the New York State Corrections Law.

28. All the Defendants are sued in their official capacities, individual capacities, and personal capacities. They are charged with acting under color of State Law in the Complaint.

29. The Defendants acted in bad faith at all times mentioned in the Complaint.

sued as the entity responsible for organizing and authorizing Five Points to conduct its affairs under the laws of the State of New York.

30. Defendant State of New York could be added as a defendant an sued as the entity responsible for organizing and authorizing Five Points to conduct its affairs under the laws of the State of New York pursiant to Rule 15(c) of the Relation Back Doctrine, 28 United States Code Ann.

31. That, Plaintiff puts defendants' and their attorneys on NOTICE that other employee's stationed at Five Points will be added to this complaint as they become known, inwhich they will not be prejudiced the notice being provided. Such as wives of defendants who acted in concert, and / or conspiracy. As well as counselors, maintenance personell, Deputy Superintendants, Captains, Lieutenants's and Sargeants, and the CORC, etc.

## JURISDICTION AND VENUE

32. The jurisdiction of this Court is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

33. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## FACTS

## THE INMATE GRIEVANCE PROGRAM DIRECTIVE #4040 dated 6/8/98 and the DIRECTIVE #4040 dated Aug. 22, 2003.

34. Five Points is a prison within the New York State Department of Correctional Services, system, and is located in Romulus, New York, Seneca County. Upon information and belief, Five Points Correctional Facility receives Federal Financial Funding Assistance.

35. Five Points Failure to follow or adhere to the administrative grievance procedures pursuant to Departments of Correctional Services Employee's Manual , Section 2.2 LAWFUL COMPORTMENT. An employee shall not knowingly or willingly violate any law or ordinance of the United States ofₐ the State of New York or any rule, regulation, or directive of the Department.

36. That, Defendants Goord, Bernardi, Poole, Eagen, Jane Doe #1 Regional Grievance Supervisor, Henrich, L. Lauber, John Doe 1-9 IGRC SGT. / Staff Representatives, and all others not fully known who will be added as defendants under the "RELATION BACK DOCTRINE" failed to by deliberate indifference and gross negligence to LAWFULL COMPORTMENT to Section 2.2 of the DOCS Employee's Manual.

37. All the defendants condoned the Falsification of Records of the Inmate Grievance Program at Five Points by their inaction to take corrective, remedial, disciplinary and administrative action.

38. Defendants <u>Goord</u>, <u>C.O.R.C.</u>, <u>Stephan Bernardi</u>, <u>Thomas Eagen</u>, <u>Jane Doe</u>1(Dennis/Denis) Regional Grievance Supervisor and <u>Thomas M. Poole</u> by their deliberate indifference and gross negligence failded and improperly trained, improperly supervised, and improperly select-ed Janice Henrich as Grievance Supervisor, Lisa Lauber as I.G.R.C. Officer and John Doe 1-9 I.G.R.C. Sgt.'s (Staff) for the Inmate Griev-ance Resolution Committee at Five Points Correctional facility.

39. Defendants <u>Henrich</u>, <u>Lisa Lauber</u>, <u>John Doe</u> 1-9 I.G.R.C. Sgt.'s have poor impulse controm and prior mental disease and defect as to a psychological and psychiatric problems and / or history.

40. Defendants <u>Goord</u>, <u>C.O.R.C.</u>, <u>Thomas Eagen</u>, <u>New York State Commission</u> of <u>Correction</u>, <u>Govenor George Pataki</u>, <u>Thomas Poole</u>, <u>Jane Doe</u>1(Dennis/Denis) Regional Grievance Supervisor, Janice Henrich, John <u>Doe 1-9</u> I.G.R.C. STAFF SGT.'S and Correction Officer <u>Lisa Lauber</u> as I.G.R.C. Officer's and other officer's ran a illegally and corrupt Inmate Grievance Program with a meeting of the minds, collusion and / or conspiracy that has gone unchecked for year's without corrective action, remedial action, disciplinary action, nor administrative action by superior's who were put on NOTICE and joined into the conduct, behav-ior and actions complained of by their inaction.

41. Plaintiff James Michael West 89-A-6906 filed grievances of a Corrupt Grievance Program inwhich was illegally run with improper proc0 edures listed herein:

1. INADEQUATE GRIEVANCE PROGRAM, 5/16/02  / FPT-5067;

2. I.G.R.C. FRAUDULENT PROCEDURES, 5/29/02 / FPT-5147;

3. I.G.R.C. NOT FOLLOWING DIRECTIVE 4040, 9/13/02 / FPT-5844 & FPT-5955, 9/25/02;

4. Five Points Correctional Facility Running False I.G.R.C. Pro-gram, 10/17/02, FPT-6036;

5. Inmate Grievance Program Supervisor Lied, 10/17/02, FPT-6039;

6. I.G.R.C. Bogus Operation, 11/4/02, FPT-6150;

7. I.G.R.C. Election Procedures Not Followed, 12/30/02, FPT-4585;

8. Failed to utilize Alternate IGRC REP. at Hearing, 12/30/03, FPT-6586;

9. New IGRC Election, 12/31/02, FPT-6621;

10. Corrupt I.G.R.C., 1/6/03, FPT-6668;

11. Denied To Be Called AsAlternate IGRC REP., 1/15/ 03;

12. I.G.R.C. Illegal Ballot Count, 1/29/03, FPT-6878

13. Failure to Utilize Alternate Grievance Representative at
    IGRC HEARING, FPT-6587;

14. Retaliation For Filing Grievances, FPT-6391, 12/5/02;

15. Permit Me To Do My Job, FPT-8058;

16. FPT-8099, 7/11/03;

17. DOCS Violates Rights, FPT-8283;

18. IGRC Illegal Ballot Count, FPT-6878, 1/29/03

19. C.O. Retaliation for Filing grievances, FPT-6100;

20. Illegal Selection of IGRC Chairman By Inmate Grievance Super-
    visor, FPT-_____;

21. Want New I.G.R.C. ELECTION, FPT-6621, 12/31/02;

22. Election Procedures Not Followed, FPT-6585, 12/30/02;

23. That there are more grievances on corrupt, illegal, improper
    grievance procedures, conspiracy in undermining grievance prog-
    ram , concerted and systematic efforts to deny prisoner's their
    due process within the prison's grievance mechanism will later
    be added under RULE 15 (a) Amendments, Rule 15 (b)Amendments
    to conform to the Evidence, Rule 15 (c), Subd. (1)(2)(3) of the
    Relation Back of Amendments. This puts defendants and counsel
    on NOTICE of other DOCS Employee's will be added as defendants.

    42. PLAINTIFFS JAMES M. WEST,                    ,                    ,
have exhausted all of their grievances pursuant to the applicable laws,
sections, and subdivisions of the "PRISONERS LITIGATION REFORM ACT".

    43. Plaintiff James M. West, contends that after the Federal Court
Decision in Raymond SANTIAGO, et al., Plaintiffs, v. Ronald MILES, et al.,
774 F. F. Supp. 775 (W.D.N.Y. 1991) (Hon. Larimer, U.S.D.J.), a DOCS emp-
loyee at the Elmira Correctional Facility, Defendant Janice Henrich, who
was the Inmate Grievance Supervisor at Five Points brought discriminatory
job preferences to the Grievance Program at Five Points by which defend-
ent practiced at Elmira Corr. Facility. The defendant Henrich was allow-
ed to practice her racial preference of IGRc Representatives at Five Points
by the defendant prison officials, Supt Poole, Aidala, Dawson Brown, former
and present Regional Supervisor's, Thomas Eagen, CORC Personnel, Glenn S.
Goord, State Commission of Correction, Govenor Pataki, Commission of In-
vestigation, Inspector General's Office at State Capitol, Inspector Gen-
eral's of the DOCS, IGRC Sgt.'s, DOCS Employee's at Five Points Correct-
ional Facility.

44. Defendant Janice Henrich's racial preferences for caucasion I.G.R.C. Representatives was one of racially motivated retaliation against James West, and Abdul Muhammad Shariff, in their jobs as IGRC Representatives at Five Points, AND LATIN ONE'S,

45. Plaintiff James M. West (Hereinafter "WEST") because of his prison activism on behalf of prisoner's rights was asked to run in the Inmate Grievance Resolution Committee Election in approximately Decmber 2002.

46. Plaintiff West, ran in the Election for Inmate Grievance Representative  inwhich Defendant Henrich retaliated against West in the cheating West of of approximately 75 votes because some of the ballots for the Election had only West's name on them.

47. That, Plaintiff West, prior to running for election as IGRC REPRESENTATIVE had filed grievances on a corrupt, illegally run Inmate Grievance Resolution Committee Program at Five Points that used improper procedures to deny prisoners due process and equal protection of the law within the grievance mechanism at Five Points State Prison by deliberate indifference.

48. That, the fraudulent concealment tolls the Statute of Limitations on the illegal, corrupt, and false grievance procedures  violate's prisoners rights at Five Points Correctional Facility to meaningfull and reasonably access to the Courts by the acts of Defendants Henrich, Supt. Poole, All of Five Points Deputy Superintendents, Jane Doe (Reg. Griev. Supvsr.), and Successor in Jane Doe's job description, Thomas Eagen, C.O. L. Lauber, prior C.O. Williams (prior IGRC Officer), C.O. Davis (prior IGRC Officer. John Doe 1-9 IGRC Sgt.'s, Stephan Bernardi and Glenn S. Goord for their deliberate indifference with gross negligence .

49. That the Commission of Investigation could become a defendant in this civil action along with the State Commission of Correction for their personal knowledge and than there inaction to take corrective acttion, remedial action, administrative action, and last, disciplinary action in ignoring and in furtherance of a cover-up to this day by their deliberate indifference with gross negligence against Plaintiff's West and Abdul Muhammad Shariff (Hereinafter SHARIFF).

50. Defendants Glenn S. Goord, C.O.R.C. (Deputy Commissioners), Stephan Bernardi, and Thomas Eagen were given notice for such a time and condoned a concerted and systematice efforts of denial of due process within the grievance progarm  and retaliation against IGRC Repre-

sentatives by allowing subordinates to coerce IGRC Representative's
whose's job are protected under "PROTECTED CONDUCT UNDER THE FIRST
AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION", as defendant's
Henrich, C.O. Lauber and IGRC Sgt.'s coerce plaintiff's to perform
illegal and corrupt acts within the grievance program with fraudulent
concealment from superiors by deliberate indifference.

51. Defendant Henrich and John Doe Sgt. illegally opened the elect-
ion ballot envelopes out of the presence of the Inmate Liaison Committee
Representatives who were supposed to count the ballots by a deliberate
indifference with gross negligence.

52. Defendants Henrich and John Doe IGRC Sgt. conspired to too
keep me from winning the IGRC Election by illegal means by deliberate
indifference by discriminatory acts in violation of the American's
with Disability Act which was racially motivated because of litigation
I had against New York State Department of Correctional Services.

53. That, prior IGRC Representative Corey Lashley caught the
defendant's Henrich and John Doe IGRC Sgt. illegally counting election
ballots and informed the Plaintiff West, which Plaintiff West filed a
grievances FPT-4585 (Election Procedures Not Followed), FPT-6878 (Ill-
egal Ballot Count) 1/29/03, and FPT-6621, New IGRC Election), 12/31/02
by deliberate indifference.

54. Defendants Janice Henrich and John Doe IGRC Sgt (or Sgt.) did
with callous recklesness, deliberate indifference, and gross negligence
conspired to undermine the election at Five Points for prisoner's who
were nominated for "INMATE GRIEVANCE REPRESENTATIVES" for the Inmate
Grievance Resolution Committee approximately around December      by
their deliberate indifference, and gross negligence.

55. Pursuant to Section 1983, of 42 United States Code Annotated,
all Defendants, who, under collor of state law, ordinance, regulation,
custom , or usage, of the State of New York, subjects, and caused to
subjected, wheelchair bound prisoners, named Plaintiffs qualifies as
disabled under the Americans with Disabilities Act and the Rehabilitat-
ion Act, as citizens, within their jurisdiction thereof to the deprivat-
ion of any rights, privileges, or immunities secured by the Constitution
and Laws deliberate indifference, and gross negligence. Also, the discr-
iminatory treatment because of their physical handicaps.

56. That, Defendants Goord, Bernardi, Eagen, C.O.R.C., Regional
Grievance Supervisors Jan Doe (Denis/Dennis) (and Successor in title),

T. Poole, All Deputy Supt.'s at Five Points, condoned the violation
Section 138, subd. 4, which states:

> "Inmates shall not be disciplined for making written
> or oral statements, demands, or requests involving a
> change of institutional conditions, policies, rules,
> regulations, or laws affecting a institution."

and failed to  properly train, properly supervise, and improperly
selected Janice Henrich as a Inmate Grievance Supervisor, Guard Lisa
Lauber as a IGRC Staff Office, and John Doe 1-9 IGRC Staff Sgt.'s by
their deliberate indifference, and gross negligence, inwhich all three
defendants had poor impulse control and mental disease and defect.

57. After filing numerous grievances on a corrupt, illegal Inmate
Grievance Program at Five Points, which utilized improper grievance
procedures with deliberate indifference , and gross negligence, the
ran in another election to the Inmate Grievance Resolution Committee
at Five Points to make them legally conform to DOCS Director # 4040,
IGRC Training Manual, State and Federal Law, pursuant to Section 2.2
Lawful Comportment, of the Department Of Correctional services, Employ-
ee's Manual.

58. Approximately, on June 23rd, 2003, Plaintiff's James M. West
and Abdul Muhammad Shariff, wheelchair bound and disabled prisoners
began working in the Inmate Grievance Office at Five Points.

59. Upon Plaintiff's West and Shariff starting working in the In-
mate Grievance Office at Five Points there existed illegal and corrupt
grievance procedures in the processing, miscoding grievances, and the
use of clerk's to illegally perform functions of the Inmate Grievance
Representatives, back log of grievances, grievance decisions over due,
denial of SHU prisoners full grievance hearings, by Guard Lauber, IGRC
Staff Sgt., and Janice Henrich by deleiberate indifference, with gross
negligence, was a pervasive policy practice, custom and usage existing
to date. Also, that investigations were falsified by DOCS Employee's
whereb they were cover-up, and the Inmate Grievance Program  was under-
mined by the Prison Officials defendant' (Supt. and staff) which denied
prisoners their First Amendment and Fourteenth Amendment rights to the
United States Constitution and the Prisoner Litigation Reform Act.

60. Plaintiff's West and Shariff complainted to Defendant Janice
Henrich of the corrupt and illegal grievance procedures at Five Points
Correctional Facility in which the plaintiffs West and Shariff was very
much threatened about being removed from the job as Inmate grievance

Representatives by deliberate indifference, and gross negligence.

61. Plaintiff's West and shariff, while Inmate Grievance Representatives complained to Defendant Henrich about violations of the Inmate grievance Training Manual, and Directive # 4040 violation (1998 Version), are as listed below as to specific complaints:

A. Violations of I.G.R.C. TRAINING MANUAL

1. Purpose of the IGRC was undermined by improper procedures;

2. Statutory Authority of the I.G.R.C. TRAINING MANUAL on it's procedures were not being followed by the grievance office under Henrich's supervision;

3. That the basic principles of the I.G.R.C. Training Manual was not being followed at Five Points as to the six categories;

4. That, the Inmate Grievance Program Structure, on Level I, Level II were not followed pursuant to the Manual and the Directive # 4040;

5. That, there was no adherence to Job Description as to the "ROLE ON AN INFORMAL LEVEL" BECAUSE THE ILLEGAL POLICY AND PRACTICE AND CUSTOM OR USAGE WAS TO TELL ALL INMATES TO SIGN OFF ON THEIR GRIEVANCES NOT TO THEIR SATISFACTION. Also, the the curtailing I.G.R.C. Representatives West and Shariff from from advising grievants in violation of Training Manual and Directive # 4040, ON A FORMAL LEVEL THIS PROCEDURE IS VERY MUCH OBFUSCATED AND UNDERMINED BY THE Ms. Henrich, Lauber, I.G.R.C. John Do Sgt. 1-9, and Supt., alonf with his staff;

6. The I.G.R.C. REPRESENTATIVES DUTIES ARE UNDERMINED, HINDERED AND DISTORTED BY FALSE PROCEDURES which are condoned by very supervisor we are complaining to;

7. Inmate Grievance Clerk's are not the first and principle con-tact for a inmate wishing to file a grievance. Because of the interference of defendant Lauber and condoned by defendant Henrich. The inaccurate grievance logs by ggrievance clerks, failure to provide hearing notices to grievants, failure to provide assistance to grievants/inmates in the preparation of grievances, and failing to code and docket grievances at the time of receipt truthfully;

8. Inmate Grievance Resolution Committee selection of Chairman' violates Directive # 4040 and Training Manual and is a cover-up to keep corruption and illegal procedures in place by the

9. That Inmate Grievance Supervisor J. Henrich is allowing a number of civilian DOCS Employee's to have access to the I.G.R.C. Records  and Grievants Grievance files violating IGRC Training Manual and Director # 4040 of Confidentiality by deliberate indifference;

10. Medical grievances are not properly responded to by the alleged to or involved in the incident, which false  answers provided falsely in behalf of someone in behalf of a who is not a direct party. And their is falsification of of response's to grievances condoned by grievance Supervisor as defendant and defendants Lauber and John Doe IGRC Sgt.'s;

11. ADA ACT grievances not properly investigated by the I.G.R.C. Representatives and IGRC Staff per Directive 4040 and IGRC Training Manual; and

12. Retaliation and Hostile working environment against IGRC Representatives WEST and Shariff.

62. Nothing was done to take corrective, remedial, administrative, nor disciplinary action as to the complaints by West and Shariff to Inmate Grievance Supervisor Henrich, Lauber, and John Doe IGRC Sgt.'s at time of Inmate Grievance Representatives West and Shariff's beginning terms of a job protected by "Protected Conduct" by deliberate indifference, and gross negligence, which they were the persons that were in effect thwarting and undermining the Grievance Program at Five Points.

63. Plaintiff West, Shariff asserted the right to complain to the Public Officials as defendants Henrich, Lauber, and John Doe I.G.R.C. Sgt. 1-9 (Defendant Sgt. Case) wherein our complaints fell on death ears because of their meeting of the minds in furtherance of an conspiracy against Shariff and West being I.G.R.C. Representatives for the Inmate Grievance Program while acting under color of state and federal law, well established on the issue of protected conduct under the First Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

64. The Plaintiff's West and Shariff's attempt's to obtain redress of a perceived violation of state law that was protected conduct under was ofuscated by defendants Henrich, Lauber, and John Doe IGRC Sgt.'s
Case, Parrish, Pabon

by their deliberate indifference, and gross negligence, which by their

inaction to take corrective action, remedial action, and disciplinary
action against DOCS Employee's improper grievance procedures they did
by their aquiesence joined into a meeting of the minds with defendants
Henrich and Lauber in furtherance of an conspiracy was so pervasive it
undermined the whole grievance program structure by gross negligence an
deliberate indifference towards the plaintiffs West and Shariff.

65. <u>As a result of Plaintiff's West and Shariff following Section
138 of New York Corrections Law</u> were retaliated against by defendants
Henrich, lauber, for making written or oral statements, demands, or re-
quests change in institutionalconditions of the Grievance Program, as to
the Directive # 4040 and the IGRC Training Manual, as to policies, rules,
regulations, or laws affecting an institution by their deliberate indiff-
erence and gross negligence in the concerted and systematic efforts of
falsification of Department of Correctional Services against Plaintiffs
West and Shariff.

66. After the Plaintiff's West and Shariff's oral complaints were
not considered, nor adhered to pursuant to Directive 4040, IGRC Training
Manual, Sections of the DOCS Employee's Manual and well established law
by the United States Court of Appeals, for the Second Circuit in the
<u>GRAHM v. HENDERSON</u>, case by the deliberate indifference, and gross neg-
ligence.

67. Plaintiff West wrote a letter to Defendant Henrich of the il-
legal selection process by her in the selection of the IGRC Chairman for
IGRC Hearings in violation of Directive 4040 and IGRC Training Manual,
which defendant Henrich intentionally refused to answer my letter on her
corrupt and illegal IGRC Chairman Selection and made my letter out to be
a grievance inwhich the Defendant Poole joinde into by his inaction to
take corrective action, remedial action and disciplinary action pursuant
to Section 24.1 of the DOCS Employee's Manual, which was in furtherance
of a conspiracy to undermine and thwart my Section 138 of Correction Law
written complaint through a corrupt and illegally run Grievance Program
that they are conspiring to keep in place by concerted and systematic
efforts by deliberate indifference and gross negligence.

68. That, defendants Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 Case,
Parrish, Pabon,
created a hostile working envirinment for Plaintiff's West and Shariff
by their deliberate indifference with gross negligence to force the
Plaintiff's to quit by discriminatory acts of selective discrimination

of Plaintiff in the racial discrimination, religous discrimination, and racially motivated harassment in retaliation of protected conduct under the first amendment as Inmate Grievance Representatives, which plaintiffs were being discriminated against under the Americans with Disabilities Act and the Rehabilitation Act by deliberate indifference and gross negligence.

69. Plaintiff's West and Shariff, alleges and avers, that all of the Defendants Goord, Bernardi, Poole, Eagen, Jane Doe (Denis/Dennis, Henrich, Lauber, John Doe IGRC Sgt.'s Case, Parris, Pabon _____ _____ , knew or should have reasonably had known or aware of Plaintiff's West and Shariff's job with within the realm of protected conduct under the First and Fourteenth Amendments to the United States Constitution by their deliberate indifference, gross negligence in the violation of well established law.

70. Plaintiffs James West and Abdul Muhammad Shariff did not attempt to hide their activities of engaged conduct of Section 138, Subd. 4, of the New York Corrections Law, from Defendants Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 Case, Parrish, Pabon _____ _____ , and others not well known or fully known (who will be added later as they become known), which Defendant Poole was personally aware of through numerous grievances filed by Plaintiff's West and Shariff at all times relevant to their engaged in conduct which was in fact protected conduct complaints under Section 138, subd. 4 of the New York Corrections Law, and were deleiberately indifferent with gross negligence too the plaintiffs.

71. Plaintiffs West and Shariff, contend that the closeness in time thereafter between the events was mor than suffcient to allow a reasonable trier-of- fact to conclude and / or infer in knowing plaintiffs objections to the illegal and corrupt running of the INmate Grievance Program at Five Points and retaliated against the Plaintiffs for it in the following ways as described by deliberate indifference with gross negligence.

72. The temporal proximity between an inmates protected protected conduct and the adverse action of defendants portray or exhibit more than circumstantial evidence of retaliation. Especially, because of Plaintiffs West's litigation against the New York State Department of Correctional Services as well as his protected conduct. Also, Shariff, in his litigation against the Department of Correctional services and his protected conduct as a Inmate Grievance Representative.

73. Approximately, On _____ ___, 2003, Plaintiff's West and
Shariff filed grievances against Defendants Henrich, Lauber
                              for their deliberate indifference
based upon discriminatory actions against the Inmate Grievance Repres-
entatives Shariff and West, because of their disability. By allowing
the able-bodied IGRC Workers to travel around the facility to conduct
grievance investigations, which were, and are the Inmate Grievance Re-
presentatives job function. Also, allowing the able bodied workers too
remain within the IGRC Office during out counts while the Defendant's
Henrich, Lauber and IGRC Staff Sgt.'s 1-9 sent the only two disabled
Inmate Grievance Representatives back to their housing units. See, FPT-
8093-03.

74. Because of the complaints of Plaintiffs West and Shariff of the
discriminatorty acts, where the able-bodied workers were able to catch
up on their work and perform work, function and duties of the Inmate
Grievance Representatives illegally with deliberate indiffere with
gross negligence, which the the performance of such duties by the IGRC
Clerk's was a set-up for false charges against Plaintiff's West and
Shariff that they were behind in their job assignments whereas their
was no providance for West and Sharif to do their job on the same equal
basis as others by defendants Henrich, Lauber, and John Doe IGRC Sgt.'s
1-9 by deliberate indifference and gross negligence.

75. Defendant's Henrich, Lauber, and John Doe IGRC Sgt.'s 1-9 did
with a meeting of the minds conspire by concerted and systematic efforts
against Plaintiffs West and Shariff in constructing a discriminatory job
description entitled "DUTIES FOR IGRC REPRESENTATIVES" that was at best
discriminatory and retaliatory against the plaintiffs with deliberate
indifference, inwhic Plaintiffs West and Shariff were coerced to sign
these selective new rules that only singled plaintiffs out, only, on
July 23, 2003.

76. Plaintiff Shariff filed a grievance on the lack of pay grade-4,
that IGRC Representatives were supposed to receive as Inmate Grievance
Representatives. See, FPT-8530-03, which done by deliberate indifference
and gross negligence by Defendants Henrich, Lauber, and John Doe IGRC
Sgt.'s to further discriminate with their racially motivated against
the plaintiffs West and Shariff.

77. On August 25, 2003, Plaintiff Shariff filed a grievance against
Defendant Janice Henrich, Lisa Lauber, and John Doe IGRC Sgt.'s 1-9 for
forcing Inmate Grievance Representatives West and Shariff to deviate from

Directive # 4040 and I.G.R.C. Training Manual in furtherance of the ongoing undermining, and conspiracy against the Inmate Grievance Resolution Committee (Grievance Program) at Five Points Correctional Facility by their deliberate indifference, and gross negligence.

78. That, this is not the first instance inwhich the New York State Department of Correctional Services failed to properly supervise their subordinates in retaliation against Inmate Grievance Representatives a Sing Sing Correctional Facility by their deliberate indifference, and gross negligence. Because the superiors in the Sing Sing Prison case by their inaction to take corrective, remedial, and disciplinary action joined into the very conduct that was being than complained about, as in this present matter of West and Shariff being retaliated against in violation of the ADA ACT, REHAB. ACT, FIRST AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, which defendant GOORD, C.O.R.C. (Deputy Commissioners and others), Bernadri, Eagen, Jane Doe (Denis/Dennis, Regional Grievance Supervisor) had personal knowledge about the corrupt, illegal, and fraudulent grievance procedures at Five Points and condoned them for such a time without corrective action can only mean that they condoned whatever their subordinates at Five Points were doing, which Dedent Poole was aware of at all relevant times because he was one of the proximate causes of the corruption in the grievance program at the prison by deliberate indifference.

79. Plaintiff West, wrote to George E. Pataki (Govenor), Alan J. Croce (Chairman, N.Y. State Commission of Correction), and Stephan L. Weiner (Chairman, Commission of Investigation), giving them Actual and Constructive Notice of all of my claims of complaint on the corrupt, an illegally run grievance program at Five Points. They failed to take any appropriate corrective, remedial, administrative, nor disciplinary action against Prison Officials at DOCS Central Office, nor Five Points, which can only mean that by their inaction their was a meeting of the minds between all the defendant, inwhich they joined into a conspiracy with those defendants plaintiffs are complaining of in this action by their deliberate indifference, and gross negligence.

80. That, Govenor Pataki, Alan Croce, and Stephan Weiner, are on notice that they will be defendants pursuant to Rule 15 (a), (b), (c), of 28 United States Code Annotated, of the Federal Rules of Civil Procedure for their to clear up corrupt and deliberately indifferent grievance program at Five Points which abused federal funding by gross negligence and deliberate indifference.

81. That the Defendants Pataki, Croce, and Weiner received a fully documented package of papers describing the misconduct and corruption, which all failed to respond to my correspondence except for defendant Staphan L. Weiner, by their deliberate indifference .

82. Defendant Stephan L. Weiner. Chairman, of the Commission of Investigation, for the State of New York, pursuant to § 7501 et seq., of the N.Y. Unconsolidated Law is bound to investigate matters of the public safety, public justice, including investigations of fraud, corruption and mismanagement in State and Local Governments. But, failed to do so in my request for a corrupt, illegally run Grievance Program that misused federal funding at Five Points, and mismanaging the Inmate Grievance Program because his as Defendant Pataki Cabinent Members theri was a meeting of the minds to cover-up the corruption reported to him by Plaintiff's in direlection with deleiberate indifference.

83. Defendant Weiner, passed the buck and directed the Head of the Inspector General for the Department of Correctional Services, and a Female Inspector General at the State Capitol, in Albany New York, who will be added later as defendant, deliberate indifference in all of their meetings of the minds in furtherance of a conspiracy and cover-up of a corrupt and illegally run Inmate Grievance Program at Five Points.

84. Alan J. Croce, Chairman, of the State Commission of Correction, (Executive Department) 4 Tower Place, Albany, N.Y. failed in its duties under Section 45 of New York Corrections Law, to visit, inspects Corr. Facilities, hears and investigates grievances and complaints in the operation of Correctional Facilities by deleiberate indifference by a meeting of the minds with Defendant Goord, Pataki and others in allowing a corrupt grievance program to exist at Five Points for years unchecked and to discriminate against the disabled, et cetera with the grossly negligent actions by their inaction to take corrective, remedial, and disciplinary or recommend such.

85. That, the Inspector General for the NYS Department of Correctional Services and Female Inspector General, out of the State Capitol address directed by Stephan L. Weiner, intentional failed with gross negligence with deliberate indifference to properly investigate Five Points Grievance Program that was ran illegally and corruptly with improper grievance procedures and violations in furtherance of a conspiracy by their inaction for truthful corrective, remedial, and disciplinary action can only mean that they joined to the coduct complained of that

plaintiff's West and Shariff avers, which their recklessness is the only reason that the corrupt, illegally grievance procedures exist still to this present day because of their deliberate indifference.

86. Plaintiff Shariff wrote to the Commissions of Investigation as Plaintiff West and reiterates paragraphs 78, in full, and same content that it applies to Plaintiff West and Shariff alike for a cause of action by their deleiberate indifference with gross negligence, as to Govenor Pataki, Croce, Weiner, Inspector's general's for the NYS State Department of Correctional Services and Female Inspector out State Capitol, in Albany (Kovner-phonetics).

87. Plaintiff West filed grievance in Sept. 2003, of the A. First Step, procedures of the grievance program not being followed by the deliberate indifference by Defendants Henrich, Lauber, John Doe IGRC Sgt/'s 1-9 Case, Parrish, Pabon, and others.

88. Plaintiff West filed grievance on the grievances not being properly coded pursuant to Directive 4040, et cetera, against I.G.P. Grievance Supervisor Henrich, Jane Doe, Regional Grievance Supervisor, L. Lauber, T. Eagen, Commissioner Goord, prior Docs Correction Officer', CORC, State Commission of Correction by their deliberate indifference.

89. Plaintiff West filed grievances on Holding up grievances in the delaying in number/logging by illegal & improper procedures by C.O. Lauber and Henrich by deliberate indifference in delayed, lost etc. in grievances, by defendants.

90. Plaintiff filed grievance of  defendant Lauber interference with grievance mail to grievance clerk and Supervisor, which Henrich condoned inviolation of their own directive in furtherance of violation of DOCS Employee's Manual by deliberat indifference with gross negligence, by poor impulse control, filed in Sept. 2003.

91. In September, 2003, Plaintiff West filed grievance on a very Hostile working environment under Title 7, § 1983, § 1885, : 1986, an ADA ACT & REHAB. ACT in a discriminatory manner by deliberate indifference, and gross negligence.

92. Plaintiff West filed grievance of Defendants Lauber leaving her assigned post in violation of DOCS Employee's Manual along with Defendant Henrich. Defendants leave their post at approx. same time to go on four smoke breaks a morning, four in afternoon, every day, which they go on these smoke breaks illegally to conspire against plaintiff's West and Shariff with deliberate indifference and gross negligence.

93. Plaintiff West filed grievance against defendant Poole (Supt.) for intentionally failing to follow time limits pursuant to Directive 4040 and IGRC Training Manual which under mines the Grievance Program when the Chief Executive of the prison cannot follow rules. But, than expects prisoners because of defendants deliberate indifference with gross negligence.

94. Plaintiff West filed a grievance on defendant J. Henrich, his Supervisor for miscoding grievances in a concerted and systematice effort of denying inmates Due Process within the grievance mechanism at the Five Points Correctional Facility in violations of Departmental memorandum by Defendant Stephan bernardi on harassment type grievances by deliberate indifference. The grievance alleged harassment, discrimination, and retaliation against Plaintiff West and Shariff.

95. Plaintiff West and Shariff contends defendant Stephan Bernardi, on February 11, 1998, forwarded a "MEMORANDUM" to all Superintendents in the New York State Department of Correctional Services, on the subject matter, of the proscess for Harassment/Unlawful discrimination Grievances which defendant Poole, Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 Case, Parrish, Pabon, Jane Doe (Denis/Dennis Reg. Grievance Supervisor) did refuse to follow by deliberate indifference with gross negligence, did fail to follow by a meeting of the minds in furtherance of a conspiracy that is ongoing to this day.

96. That there existed a meeting of the minds between defendant's Henrich and Poole to miscode grievances on harassment/Unlawful Discrimination , so that that would not come to defendant Poole, so as to keep the count of such grievances down or a record of such by the deliberate indifference with gross negligence by defendant Poole's inaction to properly investigate plaint's West and Shariff's complaints instead of the perfunctory cover-up investigations that were merely designed to cover his butt.

97. Defendant Bernardi failed to properly supervise defendant Poole, Henrich, Jane Doe (Denis/Dennis Regional Grievance Supervisor) for the failure to properly code harassment/unlawful Discrimination grievances for such a long period of time by his deliberate indifference in the failure to take corrective, remedial, disciplinary, and administrative action can only mean that defendant joined into a meeting of the minds to the very conduct complained of to him in writing by Plaintiff West, which he failed to respond to appropriately, and misued federal funding for the grievance program by insuring it ran pursuant to Directives and Training Manual.

98. Defendant Stephan Bernardi, a Deputy Commissioner, Compliance & Review, for the New York State Department of Correctional Services, before his retirement at all relevant times that pertain to his deliberate indifference to taking corrective, remedial and disciplinary action against against Defendants Henrich, Lauber, John Doe IGRC Sgt.' 1-9, Jane Doe (Denis/Dennis, Regional Grievance Supervisor) for the running of a corrupt, illegal, and mismanagement of the Five Points Grievance Program for years before he retired by gross negligence and deliberate indifference. Defendants inaction could onlt mean that he joined into the very same conduct, actions, and behavior that was complained of as the other defendants.

99. Defendant Bernardi, had personal knowledge of what was going on at the Five Points Grievance Program at all times relevant to this civil action. But, did nothing to make corrective action, nor remedial, and went on to retire knowing the Grievance Program was in a mess because of the actions of Defendants Henrich, Lauber, prior IGRC Officer's Davis and Willims. Also, John Doe IGRC Sgt.'s 1-9, Jane Doe (Denis/Dennis, Reg. Grievance Supervisor, Defendant Poole and his staff, along with T. Eagen by his deliberate indifference, and gross negligence.

100. Defendant Bernardi failed to investigate further as a member if the C.O.R.C. for the Grievance Program that his February 11, 1998, MEMORANDUM was not being followed at Five Points by the Grievance Supervisor, her superior (Denis/Dennis), Lauber, John Doe IGRC Sgt's 1-9 Case, Parrish, Pabon and others by deliberate indifference of defendant.

101. Defendant Bernardi, along with Defendant Goord, knew or should have reasonably known that the federal funds for the Five Points Grievance Program was not being utilized properly. That their was a improper supervision of the Grievance Program at Five Points because of failure to properly supervise, Defendant T. Eagen (Director) included by his intentionally condoning the mismanagement of the grievance program at the prison Five Points.

102. Defendant Goord failed to properly supervise defendants Stephan Bernardi, T. Eagen (Director of Grievance Program) and Regional Grievance Supervisor's, who all are designated by the defendant Goord in jobs to insure the proper functioning of the grievance program at Five Points Coor. Facility. Defendant Goord in his deliberate indifference, and gross negligence condoned such actions, behavior, and conduct that was in violation of the DOCS Employee's Manual. By his inaction the defendant's action did say that whatever they do illegally, corruptly, wrongly with deliberate

indifference is alright with me.

103. Defendant Janice Henrich, who is the Inmate Grievance Program Supervisor at Five Points  Correctional Facility by deliberate indifference intentional refused to supervise the Grievance Program pursuant to the IGRC TRaining Manual even though Plaintiff's West and Shariff made oral complaints under Section 138 of Corrections Law, and unlawfully discriminated against the disabled plaintiffs with deliberate indifference in violating certain section of the IGRC Training Manual, below:

    a. Violated the Purpose;

    b. Statutory Authority, by making her own in-house rules by her deliberate indifference as to rules, regulations and practice with time limits;

    c. That  there was no annual evaluation and assessment of  grievance procedures by the commissioner, except for cover-up and fraudulent procedures in a meeting of the minds;

    d. Basic Principles were fraudulent and alleged independent review from outside the facility was always one of cover-up by Central Office Review Committee with deliberate indifference;

    e. Composition of the IGRC is one of a manipulation of illegal Ballot Count  for elections, and staff is improperly trained, supervised, and improperly selected, and have poor impulse control;

    f. The IGP Structure has been one of fraud and deliberate idifference with gross negligence at Levels I, II, and III;

    g. The role of the Inmate Grievance Resolution Committee (IGRC) and Job Description are not followed. But with unlawful discrimination against the disabled, on a Informal Level or a Formal level with deliberate indifference;

    h. That, IGRC Representative Duties are undermined with the deliberate indifference and gross negligence that discriminates against disabled grievance representatives, such as West & Shariff;

    i. That, Inmate Grievance Clerk's perform illegal tasks at the dir- of Defendant Henrich to set-up disabled grievance representatives which are not their duties under the Training Manual and the Directive 4040, there is no maintenance of a accurate grievance log as to clerk's through false daily entries;

    j. The Supervisor (Henrich), IGRC SGT.'s JOHN DOE 1-9 is not he first and principle contact for an inmate wishing to file a grievance, and is not the primary responsibility of the clerk to assist in-

mates;

k. IGRC Clerks do not provide hearing notices, nor make certain that all direct parties to the grievances and witnesses, if any, are afforded an opportunity to appear by the deliberate indifference;

l. That Chairpersons for the Grievance Program at Five Points Corr. Facility, are illegaly done in violation of the IGRC Training Manual and Directive 4040, as to all specific duties, and the Chairperson is not selected properly. What has been done is the allowance of IGRC Clerk's to act as Chairpersons illegally to keep the corrupt and illegal,procedures ongoing by deliberate indifference;

m. Illegal investigations by deliberate indifference by a code of silence by DOCS Staff Representatives in a meeting of the for their pro-administration positions along with defendant Henrich's support;

n. Corrupt, fraudulent and false investigation procedures by the defendant Henrich, prior grivance officer staff and present, IGRC Sgt.'s and prison officials;

o. Informal resolutions are to tell inmates to sign off of a griev-ance that is not to the satisfaction of the grievant, which is the custom and usage, policy and practice by deliberate indiff-erence;

p. That,  hearing are undermined by IGRC Staff's pro-administrat-ion positions, with illegal hearings for SHU and Keeplock grie-vants by an illegal procedure by Henrich and IGRC Staff Repre-sentatives, DOCS Staff is one minded

q. Inmate Grievance Representatives are precluded from getting all of the facts to grievances by the undermining of grievances by Defendants Henrich, and Poole's illegal policies, practices and procedures in violation of their own Directives, IGRC Training Manual, and DOCS Employee's Manual by deliberate indifference with gross negligence; and

r. Retaliation against grievance representatives who will not or follow false procedures  for the grievance program.

VIOLATTIONS OF DIRECTIVE # 4040  (6/8/98) superseded in 2003.

1. Inmate Grievance Representatives are retaliated against for being Advisor's or giving advise to grievants on their griev-ances by defendants Henrich, Lauber, and IGRC Sgt.'s by their deliberate indiference and grossly negligent Code of Silence by DOCS Employee's with meeting of the minds with Correction Officer Union;

2. Non-grievable issue that are grievances are undermined and have been undermined by deliberate indifference, pursuant to the last lines of III. General Policies, subd. E.

3. Outside Agencies Excluded section is a sham, in violation of Section 24.1 of the DOCS Employee's Manual by deliberate indi-fference.

4. Reasonable Accomodations  Section of Directive is undermined and illegally usurped by Defendants Henrich, Poole, Lauber,

mates;

k. IGRC Clerks do not provide hearing notices, nor make certain that all direct parties to the grievances and witnesses, if any, are afforded an opportunity to appear by the deliberate indifference;

l. That Chairpersons for the Grievance Program at Five Points Corr. Facility, are illegaly done in violation of the IGRC Training Manual and Directive 4040, as to all specific duties, and the Chairperson is not selected properly. What has been done is the allowance of IGRC Clerk's to act as Chairpersons illegally to keep the corrupt and illegal,procedures ongoing by deliberate indifference;

m. Illegal investigations by deliberate indifference by a code of silence by DOCS Staff Representatives in a meeting of the for their pro-administration positions along with defendant Henrich's support;

n. Corrupt, fraudulent and false investigation procedures by the defendant Henrich, prior grivance officer staff and present, IGRC Sgt.'s and prison officials;

o. Informal resolutions are to tell inmates to sign off of a griev-ance that is not to the satisfaction of the grievant, which is the custom and usage, policy and practice by deliberate indiff-erence;

p. That,  hearing are undermined by IGRC Staff's pro-administrat-ion positions, with illegal hearings for SHU and Keeplock grie-vants by an illegal procedure by Henrich and IGRC Staff Repre-sentatives, DOCS Staff is one minded

q. Inmate Grievance Representatives are precluded from getting all of the facts to grievances by the undermining of grievances by Defendants Henrich, and Poole's illegal policies, practices and procedures in violation of their own Directives, IGRC Training Manual, and DOCS Employee's Manual by deliberate indifference with gross negligence; and

r. Retaliation against grievance representatives who will not or follow false procedures  for the grievance program.

VIOLATTIONS OF DIRECTIVE # 4040  (6/8/98) superseded in 2003.

1. Inmate Grievance Representatives are retaliated against for being Advisor's or giving advise to grievants on their griev-ances by defendants Henrich, Lauber, and IGRC Sgt.'s by their deliberate indiference and grossly negligent Code of Silence by DOCS Employee's with meeting of the minds with Correction Officer Union;

2. Non-grievable issue that are grievances are undermined and have been undermined by deliberate indifference, pursuant to the last lines of III. General Policies, subd. E.

3. Outside Agencies Excluded section is a sham, in violation of Section 24.1 of the DOCS Employee's Manual by deliberate indi-fference.

4. Reasonable Accomodations  Section of Directive is undermined and illegally usurped by Defendants Henrich, Poole, Lauber,

John Doe I.G.R.C. Sgt.'s 1-9, Jane Doe (Denis/Dennis), T. Eagen, C.O.R.C. (Deputy Commissioner's, Assoc. Commissioner's and all Designate's on the C.O.R.C., and others), and Commissioner G. Goord;

6. Deliberately indifferent I.G.R.C. Chairperson Selection the defendant Henrich, who was the Inmate Grievance Program Supervisor, which was illegally condoned by defendant's Poole, Eagen, Goord, C.O.R.C. (defendants), Regional Grievance Supervisor's as Jane Doe, and others;

7. Grievance Clerk selection by defendant Henrich and the Correction Officer Union members, etc.;

8. Section V. Procedures illegally usurped by deliberate indifference defendants Henrich, Lauber, and John Doe IGRC Sgt.'s 1-9, which were deliberaly indifferently condoned by Defendants Poole, Goord, Eagen, Jane Doe (Denis/Dennis and Successors), C.O.R.C.;

9. First Step, Inmate Grievance Resolution Committee Procedures are deliberately usurped by deliberate indifference;

10. Prisoners at Five Points are deliberately denied Informal Resolution of their grievances and investigations within seven working days by deliberate indeifference;

11. Prisoners are denied fair and impartial grievance hearing and and paperwork/documents in violation of their First Amendment Fourteenth Amendment Rights for meaningfull and reasonable access to the courts by all defendants named or will be named;

12. DOCS Civilian Employee's illegally given access to grievance records in violation of the Confidentiality Section of Directive 4040, and without the consent of the grievant by deliberate indifference;

13. Investigation of all grievance by DOCS staff employee's are one of cover-up, manipulation, usurping and/or undermining the IGRC Progarm at Five Points, by a meeting of the minds/conspiracy;

14. That, IGRC Clerk's were allowed to illegally perform the Inmate Grievance Representatives Job Description by deliberate indifference, and gross negligence, which distorted proper facts of a grievants grievance;

15. That, grievance did informally resolve grievances in violation of the Federal Statutes, and the Prisoner's Litigation Reform Act, illegally with deliberate indifference;

16. That, Plaintiff's West and Shariff, were unlawfully discriminated against in that grievance clerk's and prior IGRC Reps. were allowed to stay back during the 11:00 a.m. count to catch up on their work. But, West and Shariff were discriminated against by deliberate indifference;

17. That, West and Shariff were set-up for false Informal Charges, and Formal Charges by agents of the defendant's Henrich and Lauber for a meeting of the minds in setting West and Shariff up for retaliation and false charges leading up to false impeachment procedures by Henrich, Lauber, John Doe IGRC Sgt.'s 1-9, Supt. Poole, Jane Doe (Denis/Dennis) and others not fully known who will be added later . Because grievance files that the IGRC Representatives West and Shariff worked on were daily sabotaged.

John Doe I.G.R.C. Sgt.'s 1-9, Jane Doe (Denis/Dennis), T. Eagen, C.O.R.C. (Deputy Commissioner's, Assoc. Commissioner's and all Designate's on the C.O.R.C., and others), and Commissioner G. Goord;

6. Deliberately indifferent I.G.R.C. Chairperson Selection the defendant Henrich, who was the Inmate Grievance Program Supervisor, which was illegally condoned by defendant's Poole, Eagen, Goord, C.O.R.C. (defendants), Regional Grievance Supervisor's as Jane Doe, and others;

7. Grievance Clerk selection by defendant Henrich and the Correction Officer Union members, etc.;

8. Section V. Procedures illegally usurped by deliberate indifference defendants Henrich, Lauber, and John Doe IGRC Sgt.'s 1-9, which were delibaraly indifferently condoned by Defendants Poole, Goord, Eagen, Jane Doe (Denis/Dennis and Successors), C.O.R.C.;

9. First Step, Inmate Grievance Resolution Committee Procedures are deliberately usurped by deliberate indifference;

10. Prisoners at Five Points are deliberately denied Informal Resolution of their grievances and investigations within seven working days by deliberate indeifference;

11. Prisoners are denied fair and impartial grievance hearing and and paperwork/documents in violation of their First Amendment Fourteenth Amendment Rights for meaningfull and reasonable access to the courts by all defendants named or will be named;

12. DOCS Civilian Employee's illegally given access to grievance records in violation of the Confidentiality Section of Directive 4040, and without the consent of the grievant by deliberate indifference;

13. Investigation of all grievance by DOCS staff employee's are one of cover-up, manipulation, usurping and/or undermining the IGRC Progarm at Five Points, by a meeting of the minds/conspiracy;

14. That, IGRC Clerk's were allowed to illegally perform the Inmate Grievance Representatives Job Description by deliberate indifference, and gross negligence, which distorted proper facts of a grievants grievance;

15. That, grievance did informally resolve grievances in violation of the Federal Statutes, and the Prisoner's Litigation Reform Act, illegally with deliberate indifference;

16. That, Plaintiff's West and Shariff, were unlawfully discriminated against in that grievance clerk's and prior IGRC Reps. were allowed to stay back during the 11:00 a.m. count to catch up on their work. But, West and Shariff were discriminated against by deliberate indifference;

17. That, West and Shariff were set-up for false Informal Charges, and Formal Charges by agents of the defendant's Henrich and Lauber for a meeting of the minds in setting West and Shariff up for retaliation and false charges leading up to false impeachment procedures by Henrich, Lauber, John Doe IGRC Sgt.'s 1-9, Supt. Poole, Jane Doe (Denis/Dennis) and others not fully known who will be added later. Because grievance files that the IGRC Representatives West and Shariff worked on were daily sabotaged;

30

18. That, DOCS IGRC Staff decisions were based upon a Code of Silence with Union Members by deliberate indifference, an the same goes for the alternate DOCS IGRC Staff Representatives;

19. That, DOCS IGRC Staff Representatives Defendants' L. Lauber, and John Doe IGRC Sgt.'s 1-9 intentionally failed to perform Job Duties intentionally by deliberate indifference inviolation of Directive 4040 and IGRC Training Manual, which did in fact pass their work duties on the disabled plaintiff's West and Shariff in violation of applicable laws, privileges and immunities;

20. That, inmates were denied the proper Informal Resolution of their grievances by the defendants Henrich, Lauber, and John Doe IGRC Sgt.'s 1-9 by deliberate indifference;

21. That, defendants' Lauber and John Doe IGRC Sgt.'s intentionally failed to equally informally resolve grievances on the equal opportunity and equal basis of Plaintiff's West and Shariff by deliberate indifference, which was condoned by the defendant Henrich, along with her superiors, Defendant Poole, Jane Doe (Denis/Dennis);

22. Appeals to Defendant Supt. Poole were not properly monitored by Defendants Henrich, Lauber, and their agents, along with Jane Doe (Denis/Dennis), and others by deliberate indifference by a failure to follow timeliness at the level;

23. Inmate were denied Advisors at grievance hearings by defendant's Henrich, Lauber, Jane Doe (Denis/Dennis), Poole, Eagen, Goord, and the C.O.R.C. by deliberate indifference in violation of the Directive and IGRC Training Manual;

24. IGRC ACCESS/MOVEMENT WITHIN INSTITUTION FOR EFFECTIVENESS IN GRIEVANCE PROGRAM WAS UNDERMINED BY DEFENDANTS' HENRICH, POOLE, LAUBER, JANE DOE (DENIS/DENNIS), EAGEN, CORC, AND GOORD WITH BERNARDI BY DELIBERATE INDIFFERENCE WITH GROSS NEGLIGENCE:

25. IGRC INTERVIEW OF EMPLOYEE'S WAS ONE OF FRAUD, DECEIT AND OF FRAUDULENT CONCEALMENT BY DELIBERATE INDIFFERENCE BY DESIGN DEFENDANT'S HENRICH, POOLE, LAUBER AND JOHN DOE IGRC SGT.'S;

26. TIME LIMITS WERE ILLEGALLY NOT FOLLOWED IN THE IGRC OFFICE, AND AT THE DEFENDANT POOLE'S LEVEL CONSTANTLY BY DELIBERATE INDIFFERENCE;

27. FILE MAINTENANCE/CONFIDENTIALITY WAS DAILY VIOLATED BY LEAKS TO OFFICER'S AND THE ALLOWANCE OF DOCS FEMALE EMPLOYEE(S) TO HANDLE GRIEVANCE FILES, RECORDS ET CETERA IN VIOLATION OF THE DIRECTIVE 4040 AND IGRC TRAINING MANUAL BY DELIBERATE INDIFFERENCE;

28. IMPROPER IGRC REFERENCE MATERIALS:

29. DEFENDANT HENRICH FALSELY STATING GRIEVANCES AS EMERGENCIES TO UNDERMINE GRIEVANCE PROGRAM WITH MEDICAL DEPARTMENT AND THEM TO FILE FALSE REPORTS AND INVESTIGATIONS IN VIOLATION OF THE Directive 4040 and IGRC TRAINING MANUAL, WITH LAUBER JOHN DOE IGRC SGT.'S 1-9 acting inconcert;

30. Procedures for Inmates in Special Housing Units were not being followed by Defendant Henrich, which was her area of responsibilities and failed to do her job and illegally passed job on to

18. That, DOCS IGRC Staff decisions were based upon a Code of
Silence with Union Members by deliberate indifference, an
the same goes for the alternate DOCS IGRC Staff Representa-
tives;

19. That, DOCS IGRC Staff Representatives Defendants' L. Lauber,
and John Doe IGRC Sgt.'s 1-9 intentionally failed to perform
Job Duties intentionally by deliberate indifference inviolat-
ion of Directive 4040 and IGRC Training Manual, which did in
fact pass their work duties on the disabled plaintiff's West
and Shariff in violation of applicable laws, privileges and
immunities;

20. That, inmates were denied the proper Informal Resolution of
their grievances by the defendants Henrich, Lauber, and John
Doe IGRC Sgt.'s 1-9 by deliberate indifference;

21. That, defendants' Lauber and John Doe IGRC Sgt.'s intention-
ally failed to equally informally resolve grievances on the
equal opportunity and equal basis of Plaintiff's West and
Shariff by deliberate indifference, which was condoned by the
defendant Henrich, along with her superiors, Defendant Poole,
Jane Doe (Denis/Dennis);

22. Appeals to Defendant Supt. Poole were not properly monitored
by Defendants Henrich, Lauber, and their agents, along with
Jane Doe (Denis/Dennis), and others by deliberate indifferen-
ce by a failure to follow timeliness at the level;

23. Inmate were denied Advisors at grievance hearings by defend-
ant's Henrich, Lauber, Jane Doe (Denis/Dennis), Poole, Eagen,
Goord, and the C.O.R.C. by deliberate indifference in violat-
ion of the Directive and IGRC Training Manual;

24. IGRC ACCESS/MOVEMENT WITHIN INSTITUTION FOR EFFECTIVENESS IN
GRIEVANCE PROGRAM WAS UNDERMINED BY DEFENDANTS' HENRICH, POOLE,
LAUBER, JANE DOE (DENIS/DENNIS), EAGEN, CORC, AND GOORD WITH
BERNARDI BY DELIBERATE INDIFFERENCE WITH GROSS NEGLIGENCE:

25. IGRC INTERVIEW OF EMPLOYEE'S WAS ONE OF FRAUD, DECEIT AND OF
FRAUDULENT CONCEALMENT BY DELIBERATE INDIFFERENCE BY DESIGN
DEFENDANT'S HENRICH, POOLE, LAUBER AND JOHN DOE IGRC SGT.'S;

26. TIME LIMITS WERE ILLEGALLY NOT FOLLOWED IN THE IGRC OFFICE,
AND AT THE DEFENDANT POOLE'S LEVEL CONSTANTLY BY DELIBERATE
INDIFFERENCE;

27. FILE MAINTENANCE/CONFIDENTIALITY WAS DAILY VIOLATED BY LEAKS
TO OFFICER'S AND THE ALLOWANCE OF DOCS FEMALE EMPLOYEE(S) TO
HANDLE GRIEVANCE FILES, RECORDS ET CETERA IN VIOLATION OF THE
DIRECTIVE 4040 AND IGRC TRAINING MANUAL BY DELIBERATE INDIFF-
ERENCE;

28. IMPROPER IGRC REFERENCE MATERIALS:

29. DEFENDANT HENRICH FALSELY STATING GRIEVANCES AS EMERGENCIES
TO UNDERMINE GRIEVANCE PROGRAM WITH MEDICAL DEPARTMENT AND
THEM TO FILE FALSE REPORTS AND INVESTIGATIONS IN VIOLATION
OF THE Directive 4040 and IGRC TRAINING MANUAL, WITH LAUBER
JOHN DOE IGRC SGT.'S 1-9 acting inconcert;

30. Procedures for Inmates in Special Housing Units were not being

followed by defendant Henrich inwhich was her area of respon-
sibility. But, was not done, which she passed her job duties on
disabled Plaintiff's West and Shariff in a conspiratory plan
against Plaintiff's West and Shariff by deliberate indifference.


104. Defendant's Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 violated
the following Sections of the DOCS Employee's Manual, listed below:

    a. Section 2.1 Personal Conduct. No Employee , whether on or off
       duty, shall so comport himself as to reflect discredit upon
       the Department or its personnel;

    b. Section 2.2 Lawful Comportment. An employee shall not knowingly
       or willfully violate any law or ordinance of the United States
       or the State of New York or any rule, regulation, or directive
       of the Deperatment;

    c. 2.8 No Discrimination. No DOCS Employee shall discriminate ag-
       ainst any person on the basis of race, creed, color or l and
       national origin or social status;

    d. Section 3.4 Falsification of Records. No employee shall know-
       ingly make a false official report or statement, oral or in
       writing, or make, maintain, or cause or permit to be made a
       false record or false entry in official records;

    e. Section 4.1 Fitness for Duty. When the appearence, manner, or
       action of an employee is such as to raise reasonable question
       regarding the employee's ability to satisfactorily perform his
       assigned duties, such employee's may be directed to submit to
       an examination (Psychological/Psychiatric). Refusal to submit
       to such an examination may result in disciplinary action;

    f. Section 6.11 Discharge Duties. Every employee shall discharge
       his duties and comport himself so as to carry out the programs
       and policies of the Department;

    g. Section 6.1 Applicability. The following rules (Section 6 thru
       19) apply to all employees whose duties require their presence
       within the bounds of a correctionality facility and to all em-
       ployees charged with the supervision of inmates;

    h. Section 8.1 Subdivision 3F. Prohited is Retaliation / Revenge.
       This type of conduct is counter productive to the well being
       of the prison facility, and all the persons therein, Directive
       4910;

    i. Section     No DOCS Employee should speak to an inmate in a
       hostile demeanor at any time

    j. Section 24.1 Discipline of Employees. Departmental discipline
       may be imposed for violation of Department or Facility rules,
       regulations, directives, or provisions of this manual; for
       failure or neglect in the performance of duties; for conduct
       prejudicial to the best interest of the service; or for any
       other good and sufficient reason. Discipline of employees shall
       be in accordance with disciplinary procedures specified by civil
       service law, contracts with employee organization, and rules
       issued by the Commissioner.

       All employees, uniformed or civilian, are expected to know,
       understand and act in accordance with the rules, regulations
       or directives contained or referenced in this manual. Violation

105. Defendant's Jane Doe (Denis/Dennis) Regional Grievance Supervisor, Later Regional grievance Supervisor's , Commissioner Glenn Goord, T. Eagen, C.O.R.C. (Central Office review Committee) and others attending CORC hearings, failed to take corrective, remedial, administrative, nor disciplinary action action against defendants Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 can only mean that by their inaction, they thereby joined into the very conduct averred in this civil action in failing to properly train, supervise, properly selection.

106. That, the deliberate indifference in the neglect in the performance of duties, conduct prejudicial and violations of Directives, Correction Law, intentionally lost grievances, violation of the IGRC Training Manual and Directive 4040 by Henrich, Lauber, John Doe IGRC Sgt.'s 1-9, portray a meeting of the minds and abuse of Federal funds for the Inmate Grievance Program at Five Points by DOCS employee's by gross negligence and deliberate indifference.

107. Defendant's Henrich, Lauber, Regional Grievance Supervisors, Visiting Inmate Grievance Supervisors, Supt. Poole, Tom Napoli, and John Doe IGRC Sgt.'s 1-9, condone and violate Directive 4040, VI. Procedural Safeguards, as to Sub. A. Advisors.; B. Reprisals Prohibited.; D. IGRC Access/Movement Within the Institution, sibd. 1, 2, 3; E. Interview of Employee's, subd. 1 and 2; F. Code of Ethics; G. Time Limits; J. File Maintenance/ Confidentiality; K. IGRC Reference Materials; VII. PROCEDURES FOR INMATES IN SPECIAL HOUSING UNITS, subd. E. and G.; VIII. HARASSMENT, subd. A, B, C, and D., subd. 1., 2., 3.,, E., F., and H.; IX. Allegations of Unlawful Discrimination, by deliberate indifference against Plaintiff's West and Shariff, while Inmate Grievance Representives.

108. Defendant Poole has undermined the Inmate Grievance Program at Five Points Correctional Facility in violation of Section 2.2 Lawful Comportment (DOCS Employee's Manual and IGRC Training Manual) with the deliberate indifference and gross negligence.

109. Defendant Poole in a meeting of the minds with defendant's Henrich, C.O. L. Lauber, and John Doe IGRC Sgt.'s 1-9, by a concerted and systematic effort conspired against Plaintiff West and Shariff for their independant positions on grievances inwhich they tried to coerce the plaintiff's West and Shariff to be docile Inmate Grievance Representatives and to support support defendan's Henrich, Lauber, and John Doe IGRC Sgt.'s 1-9 directions and subtle threats to vote their way on or against inmate grievant's grievances by deliberate indifference.

110. Because the Plaintiff's West and Shariff would not be lackey, flunky, et cetera for defendant's in the grievance process suggested by Defendant's Henrich, Lauber, and John Doe IGRC Sgt.'s plaintiff's were being written up on false informal and formal writes by defendant' Henrich, Lauber, Sgt. Case, Sgt. Pabon, and Sgt. Parrish and other John Doe IGRC Sgt.'s 1-9 by deliberate indifference in violation of Section 138, subd. 4, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. because of plaintiffs disability, sex, race, color, and religion, and the Americans with Disabilities Act by deliberate indifference, and gross negligence in unfair treatment and discriminatory act while Inmate Grievance Representatives.

111. Defendant Henrich, and Poole in a meeting of the minds did with a meeting of the minds conspire against plaintiff West in refusing to file Plaintiff's West's grievances, approximately eight (8) to cover-up violations of a Federal Court Order, Judge Robert J. Ward by deliberate indifference.

112. Plaintiff Divine C. Allah, filed a number of grievances at
Five Points Correctional Facility, as listed below:

  a. FPT-10,228-04: Conspiracy In Inmate Grievance Resolution Comm-
     ittee Program. Claim of grievances being destroyed by the Def-
     endant's Henrich and Lauber;

  b. Grievance FPT-10, 690-04: Claim that Defendant Lauber in a Code
     of silence with fellow union members tried to coerce me to sign
     off on a grievance to cover-up for misconduct of fellow officer'
     who are her union members. That, the guard at all times was in
     harassing me, inwhich she wrote a false investigation report in
     behalf of her union members in violation of Section 3.4 DOCS
     Employee's Manual;

  c. Plaintiff filed grievance on running od a corrupt grievance pro-
     gram  in a conspiratorial meeting of the minds in the mishandling
     of plaintiff's grievance by Defendant Lauber, Tom Napoli, and Sgt.
     McMann by deliberate indifference; owards plaintiff's grievance
     FPT-10,729-04;

  d. FPT-11,419-04: Grievance filed on Inmate Grievance Supervisor C.
     Ellison and inmate Hector Peraza (agent provocateur) woking too
     undermine my grievance in denying me due process within the In-
     mate Grievance Program by improper grievance procedures;

  e. FPT-11,663-04: Grievance Supervisor Christopher Ellison conspired
     with a meeting of the minds with IGRC Sgt. O'Keefe. Sgt. O'Keefe
     illegally confined me in a inappropriate housing status because of
     filing grievances against him, and et cetera. The placing of me
     in IPC in violation of the DOCS Employee's Manual and a meeting
     of the minds by both to cover up the misconduct of the Sgt. by
     deliberate indifference;

  f. FPT-11,800-04: Grievance Supervisor Ellison falsely trie to abuse
     me within the grievance mechanism by not sending me CORC decision'
     never sent to me and falsely was trying to coerce me to pay for a
     of CORC decision I had never received by deliberate indifference;

  g. FPT--11,799-04: Grievance Supervisor Ellison intentionally mis-
     coding grievances by a meeting of the minds on a issue of sexual
     harassment by correction officers. the improper handling of grie-
     vance was to cover-up officers misconduct by deliberate indiffer-
     ence;

113. Defendant L. Lauber discriminated against me by discriminatory
actions in violations of Directive 4040, IGRC Training Manual, New York
Corrections Law § 138, and the DOCS Employee's Manual by deliberate in-
difference, and gross negligence, as well as defendants Janice Henrich,
and Christopher Ellison, by their deliberate indifference, and gross neg-
ligence.

114. Defendants Lauber and Napoli (Tom), ran a corrupt and illegally
run grievance program at Five Points, which was condoned by defendant's
Poole, T. Eagen, Commissioner Goord, Regional Grievance Supervisor and
others not fully known who be be added as they become known. The superiors

35

of the subordinates failed to properly train, properly supervise, and improperly selected for placement in the Grievance Progarm at Prison by deliberate indifference and gross negligence.

115. Defendant Poole elevated Defendant's Lauber and Tom Napoli to Acting Inmate Grievance Supervisor's in violation of on "OUT OF TITLE WORK", especially when they did not have the grade, education level or / and College Degree in Criminal Justice Degree, whether a two year or four year, and Lauber was promoted in violation of her Union Contract as a Correction Officer. This was all done with the deliberate indifference and gross negligence.

116. Defendant Christopher Ellison, did not have the requisite education for the selection of Inmate Grievance Supervisor, which was done only to keep in place the undermining of the grievance program at the prison in-house by deliberate indifference with a meeting of the minds between defendants Poole, Eagen, Goord, and Regional Grievance supervisor, Jane or John Doe.

117. Defendant Ellison in a meeting of the minds with JOHN DOE IGRC SGT O'KEEFE 1-9, conspired with the Sgt. in the falsification of official DOCS Records and Grievance Records against me with deliberate indifference which was condoned by Defendant Poole, Eagen, Goord, the C.O.R.C. (Central Office reviw Committee-to be added as a defendant's).

118. Defendant Ellison discriminated to hid the facts of my filed grievances in denying me copies of all documents at each leval of the grievance process in grievance against him by deliberate indifference.

119. Defendant Ellison and Hector Peraza (who could become a def-endant also) who is a agent provacateur in a meeting of the minds worked together to undermine my grievances by deliberate indifference by the illegal manipulation of IGRC procedures.

120. Defendant Ellison with the requisite state of mind and the culpable state of mind with deliberate indifference did intentionally miscode certain grievances in a code of silence with Defendant's Lauber and JOhn Doe IGRC Sgt's 1-9 condoned by their superiors by improper sup-ervision in their gross negligence.

121. Defendant Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 did in fact discriminate against me in not properly following Directive 4040, IGRC Training Manual in grievances of discrimination under the Americans with Disabilities Act by deliberate indifference, while acting under co-lor of state law.

122. Defendants Henrich is improperly trained, improperly supervised, improperly selected for Inmate Grievance Program Supervisor at Five Points Corectional Facility, inwhich she has poor impulse control, prior menatl disease and defect, by deliberate indifference.

123. Defendants L. Lauber and Tom Napoli (Brother of Deputy Superintendent of security) were illegally promoted to Acting Grievance Supervisors by a code of silence to keep the corrupt grievaience procedures ongoing because they did not have the requisite credentials, and were improperly trained, improperly supervised, and improperly seleceted for for such promotion, which lauber was inviolation of her union contract with the state of New York by deliberate indifference and gross negligence. They both have poor impulse control and prior mental history.

THE NAMED PLAINTIFFS' STATUS UNDER FEDERAL LAW

124. Each of the Named Plaintiffs qualifies as disabled under the Americans with Disabilities Act and the Rehabilitation Act.

125. Defendants have denied, and continue to deny, the benefits and privileges of Due Process, Equal Protection, and Non-Discrimination within the Inmate Grievance Program at Five Points by fraudulent concealment, frauf, deceit, illegal and corrupt grievance procedures. Defendants policy violates the Americans with Disabilities Act and the Rehabilitation Act.

126. Defendants have failed to take effective and meaningfull actions to redress their discriminatoryGrievance procedures policy nothwithstanding their notice of discriminatory conditions alleged herein.

CLASS ACTION ALLEGATIONS

127. Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(2), (b)(1)(A) or (B) of the Federal Rules of Civil Procedure.

128. Named Plaintiffs represent a class of present and future inmates of Five Points who are or may become non-ambulatory and who qualify for admission as plaintiffs, or will be discriminated against, soley on the basis of their disability in receiving rights and privileges accorded to all other inmates who qualify for access to a fairly run Inmate Grievance Program without illegal, corrupt, and code of silence procedures thwarting guidelines under and within the Prisoner Litigation reform Act.

129. Due to the nature of the prison population and, therefore, the Class, joinder of all members of the class is impractical.

130. There are other inmates at Five Points classified as non-ambula-

tory (or the equivalent).

131. For Class Members to be joined individually the Court would have to find counsel for each disabled inmate and the Court would have to join individuals from other districts.

132. The question of law and fact raised by the Named Plaintiffs are common to the Class. The common factual questions include:

A. Whether Class Members are denied due process, equal protection, by discriminatory acts within the grievance mechanism at the prison;

B. Whether, as a result of the discriminatory acts and corruption within the grievance program, inmates are being deprived of entitlements available to other inmates; and

C. Whether Defendants have failed to promulgate rules and procedures to accomodate the needs of non-ambulatory inmates to ensure non-ambulatory inmates' access to the grievance program without discrimination, harassment, or retaliatory acts, etc.

133. There are likewise numerous common questions of law in this case arising from Defendant's failure to act upon the clear needs and entitlements of non-ambulatory inmates, including:

A. whether the failure to provide otherwise equal opportunity, and equal access of the Inmate Grievance Resolution Committee at Five Points Correctional facility, because the defendant's failure to adopt or adhere to administrative grievance procedures.

B. whether the failure to provide otherwise qualified non-ambulatory inmates with access to the grievance program deprives them of procedural due process

C. whether the Court should grant declaratory, and injunctive relief for the Class as a whole.

134. The claims of the Named Plaintiffs are typical of the claims of the Class because the challenged policies and procedures apply to all Class Members.

135. The Named Plaintiffs will fairly and adequately protect the interests of the Class.

136. The Named Plaintiffs are not represented at this beginning of the litigation by counsel. The Named Plaintiffs do not know of any conflicts of interest among Members of the Class.

136. Separate actions on behalf of individual Class Members would risk the creation of incompatible standards of conduct for the parties opposing the Class. Separate prosecutions also would create a risk of adjuducation with respect to individual Class Members that would, as a practical matter, be dispositive of the rights of other person not party

to the litigation.

137. Pursuant to a New York Supreme Court Decision by, the Hon. Vincent G. Bradley, Justice of the Supreme Court, in the Matter of Fullwood v. Goord, et al., Ulster County Special Term RJI# 98-717, August 13, 1998, Defendant Goord has violated this decison and has failed to properly train, properly supervise the implementation of the Court's decision  which is deliberate indifferent prisoner's and plaintiff's redress of grievance, with the improper selection, along with Grievance Supervisor's Henrich, Lauber, T. Napoli, and Regional grievance Supervisor's Jane Doe (J. Denis/Dennis deliberate indifference to improperly training, improperly supervising also the C.O. Lauber, Alternate DOCS Staff Representatives and John Doe IGRC Sgt's 1-9 by gross negligence.

137. Justice Bradley's decision stated: "DOCS Directive #4040 (VI) (J) does not prohibit petitioner from possessing a copy of the investigation report at issue. Rather, it provides only that parties other than the "grievant" must first obtain the approval of the Grievance Supervisor to obtain grievance file documents.

138. Plaintiff's West, Shariff, and Allah are deprived of the complete documentation of their filed grievances under the Fisrt Amendment, which deprives them meaningfull and reasonable access to the Court under the Prisoners Litigation Reform Act by deliberate indifference by a corrupt and illegally run grievance program, which continues to this present dat and time by fraudulent concealment by deliberate indifference.

139. Defendant's Janice Henrich, Lisa Lauber, Jane Doe (J. Denis/Dennis) Reg. Grievance Supervisor, John Doe IGRC Sgt.'s 1-9, Poole did with a meeting of the minds conspire against Plaintiff's West and Shariff as Inmate Grievance Representatives, which Plaintiff West was set-up for a false impeachment hearing by deliberate indifference by the deliberate indifference and gross negligence.

140. Plaintiff Shariff was coerced by the actions of the defendants actions mentioned in paragraph 139, which Plaintiff Shariff, while under duress resigned as a Inmate Grievance Representative at Five Points by defendants deliberate indifference and gross negligence.

141. Plaintiff James West was escorted from the Inmate Grievance Program Office in the Activity Building on October 21, 2003, approximately, at 1:30 p.m., at Five Points, with inmates present, along with Sgt. Parrish, L. Lauber, as defendants, and Henrich whom knew about it by their deliberate indifference.

142. Plaintiff West was informed that he was being Program Restricted at the present time from the Inmate Grievance Resolution Committee Program on the afternnon in being escorted from the IGRC Office on the 21st Day of October, 2003, approximately.

143. Thereafter, the Plaintiff West received false charges filed Defendant Janice Henrich and L. Lauber, which led up to these false proceedings in violation of Section 3.4 Falsification of Records, of the DOCS Employee's Manual by deliberate indifference.

144. Plaintiff was served with false charges as a Inmate Grievance Representative in violation of New York Corrections Law § 138 as retaliation for his complaints of a corrupt and illegally run grievance program with false investigation by Lauber, Henrich, John Doe IGRC Sgt.'s 1-9, Jane Doe (J.Denis/Dennis by a meeting of the minds in furtherance

of a conspiarcy by concerted acts by deliberate indifference.

140. Plaintiff West received a perfunctory charges of him impeach-
ment hearing that were supposed to folow the Tier III procedures of the
Directive 4932, and Title 7 / 7 N.Y.C.R.R. by a correction officer from
the facility disciplinary office.

141. Plaintiff was written up for violations of B, E, F, and G of
IGRC CODE OF ETHICS, AS LISTED BELOW:

  B. A willing and tactful attitude is required in the performance
     of a member's duties.

  E. Members shal not disclose information of a confidential nature
     except where necessary in fulfilling their duties under the
     grievance mechanism.

  F. Members shall be responsible fof safekeeping grievance files
     and ensuring against unauthorized use.

  G. No member of the IGRC shall intentionally undermine the IGRC's
     operation or credibility.

  142. Plaintiff West was not cited for subdivisions A, C, D, H, and
     I by the grievance supervisor.

143. Mr. Pittman, Vocational Instructor, was assigned as the Inmate
Assistant to Plaintiff West for the alleged false "Impeachment Hearing,
which was not completed before the start of the hearing on October 27th,
2003, by Deputy Supt. of Security Napoli by deliberate indifference, in
violation of 7 N.Y.C.R.R., Title 7 and Directive 4932 Inmate Assistance,
pursuant to § 254.6 (a).

144. Plaintiff West contends that the Employee Assistance ended on
November 3, 2003 by Mr. Pittman. But the hearing was started by Napoli
on October 27, 2003 by deliberate indifference of Napoli, who was biased
towards plaintiff.

145. Plaintiff West was denied a fair and impartial Investigatory
Assistance by his Inmate Assistant, pursuant to 7 N.Y.C.R.R. § 253.3 (a)
and (b) by deliberate indifference of Hearing Officer Napoli.

146. Plaintiff West contends that the lack of proper Inmate Assist-
ance was by the interference by hearing officer Napoli obstructing the
plaintiff's statutory rights to due process and equal protection by bias
in his deliberate indifference with gross negligence.

147. Defendant Napoli's conduct towards the inmate assiatnce denied
and interfered with denied plaintiff West a fair and impartial hearing
by bias hearing officer with deliberate indifference.

148. Defendant Napoli denied plaintiff Witnesses in violation of
Title 7, 7 N.Y.C.R.R., and Directive 4932, which would not have jeopar-
dized institutional safety or/and security by his deliberate indifference
towards plaintiff West.  No real valid reasons for denial of witnesses.

149. Defendant Napoli denied Plaintiff West documentary evidence to
prepare his defense in violation of well established law of the United
States Court of Appeals , Second Circuit's decision of Colon v. Coughlin,
because the defendant had predetermined Plaintiff's guilt in advance of
the hearing because of a meeting of the minds with defendant Poole who
had assigned him to be the hearing officer, which he could not go against
in furtherance of a conspiracy.

150. Defendant Napoli by deliberate indifference failed to interview

inmate witnesses who refused to testify at the impeachment hearing on
10-27-2003, nor did the hearing officer record the inmate's who refused
to testify or the officer on the hearing record why inmates A. Gray #
88B2613, H. Peraza # - 8 Block, W. Flores - 11 Block refused to testify
at plaintiff's impeachment hearing by gross negligence of the hearing
officer.

151. Plaintiff West was taken to a hearing wherein he was denied
procedural due process by the Hearing Officer Napoli who curtailed my
questioning of defendants Henrich and Lauber, and allowed them to lie
during all times of their appearence at the impeachment hearing.

152. Plaintiff was tried by unrecorded confidential information
the hearing officer defendant received from defendant Lauber without
evaluating the credibility of the confidential source. Defendant's
both got together off of the record after I left the hearing room which
was recorded on the hearing record way after defendant lauber's testify
was so deliberately indifferent to deny plaintiff a fair and impartial
hearing and due process.

153. Pertinent questions of defendants Henrich, Lauber and all IGRC
Sgt's at impeachment were arbitrary and capriciously denied wherein the
hearing officer (Defendant Napoli) would dovetail his questions to be a
pro-administration prosecutor, wearing two hatswas deliberate indiffer-
ence.

154. Plaintiff West's impeachment was a perfunctory one without
due process and equal protection of the law by the deliberate indiffer-
ence of Defendant Napoli's meeting of the minds with henrich, Lauber,
John Doe IGRC Sgt.'s 1-9, and defendant Poole.

155. Defendant Napoli denied plaintiff specific documentation on
the specifity of Notice of the charges and quantification of them by
the deliberate indifference, which plaintiff was told to wait until
Henrich testifies to cure it, which I objected.

156. Plaintiff West objected to the bias, failure to be impartial
by defendant napoli at the hearing by defendants deliberate indifference
towards plaintif and failure to allow Plaintiff West to put forth his
defense by Napoli's unfairness and arbitrary decisoins against plaint-
iff West.

157. Plaintiff request the production of hearing records to prove
that he was not action in a aversarial manner at IGRC hearing which was
arbitrarily and capricious denied by deliberate indifference by hearing
officer defendant Napoli denying West a fair hearing.

158. Defendant Napoli at all times relevant ridiculed plaintiff an
interrupted plaintiff in his questioning of witnesses at impeachment in
a deliberate indifferent manner portraying his bias in a sarcastic  and
hostile demeanor in violation of DOCS Employee's Manual.

159. Defendant Napoli would interrupt my questioning of witnesses
to help DOCS Employee's (defendants Lauber, Henrich, John Doe IGRC Sgt.'s
1-9 by and with deliberate indifference to thwart an effective question-
ing so defendant witnesses could evade questions.and falsify anwsers.

160. That when Plaintiff West would ask questions the defendant
Napoli would ask witnesses if Plaintiff was a Doctor in a sarcastic man-
ner with gross negligence and deliberate indifference.

161. Plaintiff was deprived of the opportunity to litigate his claim
fully and fairly before defendant Napoli and Selsky. First, Plaintiff was

entitled to have his impeachment hearing under the Tier III disciplinary
procedure reviewed by an unbiased hearing officer. Because the exchanges
and objections as to defendant Napoli's action, behavior and conduct at
all times relevant to the whole hearing indicates Napoli was biased with
deliberate indifference.

162. Plaintiff's West defense was that false charges were filed a-
gainst plaintiff in violation of filed grievance in violation of N.Y.
Corrections Law § 138, which there were reprisals for filing grievance
inviolation of the staturory laws of New York by gross negligence and
deliberate indifference because defendant Napoli could not keep an open
and impartial mind if Correction Officer and Grievance Supervisor, along
John Doe IGRC Sgt.'s 1-9 was capable of filing false charges.

163. Defendant Napoli's response to plaintiff West, was "I believe
the or that staff here is professional and I don't think anyone  would
deal along those lines was deliberate indifference and knowing or reason-
able failure towards his bias.

164. Where defendant Napoli as a hearing officer indicates on the
record that, without considering the evidence, he finds a prisoner's
factual defense inconceivable cannot be concluded that Plaintiff West
had a full and fair opportunity to litigate the issue of his defense
because a pre-determination by defendant that Plaintiff West was guilty
in advance by deliberate indifference with gross negligence and a meet-
ing of the minds in furtherance of a conspiracy to deprive plaintiff his
procedural due process.

165. Defendant Napoli denied Plaintiff named witnesses list that
was provided to him through Inmate Assistant Fred Pittman, which was a
part of a seven page document request for assistance prior to hearing,
Plaintiff West was denied inmates J. Garner #91B2138, K. Hobbs #90C1352,
D. Hauk (Huck), which Plaintiff was not provided with a witness denial
slip for these witnesses by denial of due process by deliberate indiff-
erence.

166. Prior to Plaintiff West's impeachment hearing a letter was
written to Defendant Donald Selsky where copies were sent to appropriate
individuals and agencies, which put defendant of NOTICE of Violations
of Directive 4932 that he had personal knowledge through the and Appeal
which he was deliberate indifferent to in a meeting of the minds by his
inaction to take corrective, remedial and admin. or disciplinary action.

167. Plaintiff West was found guilty at Impeachment hearing by the
defendant Napoli with deliberate indifference, denied Plaintiff a right
to be a Inmate grievance Representative for three (3) years by his gross
negligence in furtherance of a conspiracy.

168. Plaintiff West was not written up for a ny Disciplinary Misbe-
havior Report because of the Conditional Discharge Order for James West,
made by Judge Robert J. Ward, U.S. District Judge, Southern District of
New York, Foley Square, New York, New York, which stated that in the event
the custody status change for West ocurrs that the Court must be notified
in 48 hours, which the defendants knew of and did not want investigated
by a Federal Judge. So they went the route of only a impeachment hearing
by deliberate indifference

169. Plaintiff filed a appeal of the guilty adjudication to the
defendant Glenn S. Goord, who has desigated defendant Donald Selsky to
act in his place. But with personal Knowledge of the facts and avers of
Plaintiff of the matter which gives rise to this action by his deliberate
indifference.

170. Defendant Donald Selsky condoned the deliberately indifferent decision of Defendant Napoli by his inaction to take corective, remedial, or disciplinary action by a meeting of the minds in intentionally failing to well established law and Section 2.2 Lawful Comportment of DOCS Employee's Manual, to act in concert ti inflict a unconstitutional injury, an overt act done in furtherance of that goal causing damages.

171. Defendant Selsky knew or reasonable should have known that a prisoner's impeachment hearing following the rules of the Tier III procedures were not supposed to start until the Inmate assistance has been completed, which by his inaction to take corrective action and stand still doing nothing about the procedural due process joined into the meeting of the minds with defendant Napoli by deliberate indifference against Plaintiff West in violation of his constitutional rights.

172. That, pursuant to Directive 4040, IV. Inmate Grievance Resolution Committee (IGRC), subd. E. Removal of Inmate Representatives. It states at page 4 Of 14, 1. Defendant henrich of Poole is responsible for notifying the following area's of an inmate's status as an IGRC Representative within 24 hours of his election or appointment. 3. The defendant Henrich or Poole is responsible for notifying the individuals cited in Section IV-E-1 (Firstly, Director of Inmate grievance Program.

173. Defendant Napoli's denial of defendant's Goord, Bernardi, Eagen, and Annucci were aware of of the grievance I file on a corrupt an illegally run grievance program at Five Points because these defendant's sit on the C.O.R.C. (Central Office Review Committee) for the Grievance Program, and it was deliberately indifferent for defendant to falsely or falsify DOCS Official Witness Interview Notice sheet. That, no witness was ever interviewed, and I was denied witnesses who could have been in mitigation also.

174. Defendant Poole in a meeting of the minds with Defendant Napoli because defendant Poole answered a number of my grievance of improper grievance procedures, corruption, and illegally run grievance program, which goes to say that Defendant Poole knew about the issues. But, because Poole designated Defendant Napoli as the hearing officer, defendant Napoli could not take a position opposite of what defendant Poole wanted which was deliberate indifference.

175. Defendant Napoli was on the witness list and should have recused himself because he was aware of the issue of my grievances on the corrupt grievance program at Five Points, But, by his deliberately indifferent action and attitude did not.

176. Defendant Napoli knew or reasonably knew of Weingartners investigation of Code 49 grievance on a corrupt grievance program, illegally run grievance program, improper procedure used in grievance program that Plaintiff West filed against defendant Lauber, Henrich, John Doe IGRC Sgt.'s 1-9, regional Grievance Supervisor, Successor's and others not fully known who is intended to be added as they become known by their deliberate indifference. The reason for te denial of Weingartner was a falsification of DOCS records in violation of Section 3.4 of the DOCS Employee's Manual.

177. Defendant Napoli discriminated againts me in violation of the Americans with Disabilities Act in the discriminating Impeachment procedures utilized against me ina deliberate indifference with gross negligence , which violates the other rights, privileges and immunities.

178. Defendant Napoli and Poole (defendant) in a meeting of the minds did not want their superiors in the DOCS Central Office to know what was ocurring at Five Points Grievance Program by deliberate indifference.

179. Defendant Napoli denied prisoner Hauk (Huck-phonetics) as a witness which was crucial and others without provideing me with slip or form denying a number of witness by deliberate indifference. This ocurred for other witnesses denied and Defendant Selsky failed to take any corrective, remedial, administrative, nor disciplinary action, and by his inaction Selsky is saying that whatever Napoli does is alright with him by gross negligence.

180. Prisoner Hauck was a important witness because defendant L. Lauber and Sgt. Pabon filed a falsification of DOCS records against me using fraudulenty information by twisting it to their own evil designs for a false Informal or/and Formal write-up by deliberate in-difference and a meeting of the minds in furtherance of a scheme or design aginst Plaintiff West.

181. Plaintiff has claims  that the defendant Goord, C.O.R.C. (and its Members), T. Eagen, Jane Doe (J. Denis/Dennis) failed to proper-ly supervise the proeprly functioning of the Inmate Grievance Program at Five Points by deliberate indifference, after being informed of the vio-lations with the prisons grievance program and failed to take corrective, remedial, nor disciplinary action by his action they have all joined into the very conduct complained of.

182. The defendants named inparagraph 181, created a defacto policy or custom under which unconstitutional practices ocurres or allowed the continuance of such of such a corrupt, illegally run grievance program with improper and illegal procedures in a illegal custom/usgae. The de-fendants exhibited deliberate indifference to the rights of all of the disabled plaintiffs by failing to act on information indicating that un-constitutional acts were occurring, and allowing false cover-ups.

183. Since the deletion of the State Commission from the Inamte Griev-ance Program as the last resort to exhaustion there has been not fairness in the grievance program except for the deliberate indiference, an grossly negligent conduct, actions and behavior as compalined of by the defendants.

184. Since the deletion of the State Commission of Correction from the Inmate Grievance Program there has been no impartiality, more of a Code of Silence between Department of Correctional Services Employee's by their de-liberate indifference.

185. That, the State Commission of Correction was more investigative into the facts of a scenario than the DOCS, Commisoner, or C.O.R.C. et cetera without deliberate indifference. But, more even handed or being balanced.

186. The New York State Department of Correctional services has done more to undermine and run rough shod over the grievance program at the prison with deliberate indifference with the correction officer's union.

187. Defendant's Goord, C.O.R.C. (Deputy Commissioners), T. Eagen, Regional Grievance Supervisors, Inmate grievance Program Supervisors know that IGRC Staff Correction Officers are to rotate every six (6) months in the grievance program except Five Points by deliberate indifference.

188. That, Deputy Commissioners Anthony J. Annucci, Dr. Lester Wright, Charles M. Devane, Lucien J. Leclaire, Jr., Frank Headley, an Defendant Stephan Bernardi are the C.O.R.C. (Central Office Review Committee) for for the New York State Dept. Correctional Services, for the Inmate Grie-vance Program, who had personal knowledge of my completes of the grievance program at Five Points, which by their inaction covered up the corruption of their subordinates and intentionally failed to take corrective, remed-

ial, administrative, and disciplinary action. They are inteneded to be defendants to this Civil Action, which they are now on NOTICE because of their deliberate indifference and gross negligence for condoning such illegally run grievance program, inwhich Defendant Goord failed to properly supervise them, properly train them and the improper sel-ection , and poor impulse control, or/and mental defect.

189. Plaintiff's West, Shariff, and Allah intend to add other DOCS employee's as defendants as listed below:

1. Kathleen Case, Secretary,2. Jeffrey Minnerly, Plant Supt., 3. Paul Ranis, John Arcidiacono, 4. Rodney Renadette, Correction Counselor, 5. Thomas Napoli, Rec. Program Leader 1,6. Thomas Napoli, Rec. Program Leader 1, 7. Rodney Renadette, Correction Counselor, 8. Kim Wood, I.R.C, 9. Nancy )'Connor (Reyerson), Nurse Administrator, 10. Judy Brignall, Keyboard Specialist 1 for their violation of the Directive 4040 of the Inmate Grievance Program and deliberate indifference in a meeting of the minds with Defendant Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 in undermining the grievance procedures and decisions by the a Code of Silence.

190. That, the administration of matters complained of herein, was jointly shared by the defendants Goord, C.O.R.C. (deputy Commissioners), T. Eagen, Jane Doe (J.Denis/Dennis) or Successor's in Office, Henrich, John Doe IGRC Sgt.'s 1-9; IGRC Staff Officer's Lauber, and such other former IGRC Staff Officers: Williams and Davis, at all times times in the action, conduct and havior as complained of herein.

200. Defendants in a concerted and systematic efforts failure to adhere to Administrative Grievance Procedures, discriminates against disabled prisoners in violation of the Americans with Disability Act, Title VII Job Discrimination, improper grievance procedures, violation of Confidentiality of grievance records, Falsifying Informal/Formal write-up for harassment, racially motivated, discrimination, retaliat-ion, Revenge in violation New York Corrections Law § 138.

<u>COUNT I</u>

201. The Named Plaintiffs repeat and realledge the allegation in paragraphs _____ of this complaint.

202. The Named Plaintiffs and the Class Members are qualified in-dividuals under the ADA.

203. The Named Plaintiffs and the Class Members have been discrim-inated and ecluded from Their Job as Inmates Grievance Representatives, and denied the benefit based soley upon their disabilities.

204. Defendants failure to provide non-ambulatory Five Points in-mates with non-discriminatory access to a effective and properly running Grievance Program without improper grievance procedures, falsification of official Department Records, violation of Confidential of grievance records, job discrimination, proper grievance investigations, manipulat-ion of grievance procedures by a CODE OF SILENCE, menacing under the Penal Laws of the State of New York, false reports in furtherance of an conspiracy against protected conduct, such that they are excluded from participation in, and denied the benefit of services, program act-ivities of Five Points constitutes discrimination on the basis of their disability in violation of § 202 of the ADA, and the regulations there-under.

205. Pursuant to the following, defendants violated Grievance Procedures of the 1998 Directive 4040, and Directive 4040 of 2003, below;

a. Harassment Grievance;

b. Unlawful Discrimination Grievances;

c. Advisor;

d. Direct Party;

e. Non-Grievable Issue, etc.

f. Visitor Complaints;

g. Outside Agencies Excluded;

h. Reasonable Accomodations;

i. IV. Inmate Grievance Resolution Committee (IGRC);

j. Removable Of Inmate Representatives;

k. Staff IGRC Representatives;

l. Representatives' Job Duties;

m. IGRC Chairperson selection;

n. Grievance Clerks;

o. V. Procedures. (A)(1);

p. Informal Resolution;

q. IGRC Hearing

r. Committee decision/recommendation

s. Second Step, Appeal to Supt.;

t. Third Step, Appeal to Central Office Review Committee (CORC);

u. VI. Procedural Safeguards;

v. IGRC Access/Movement Within The Insitution;

w. IGRC Interviews of Employee's;

x. Code of ethics and Time Limits

   1. File Maintenance/Confidentiality;

   2. Emergencies;

   3. VII. Procedures For Inmates In Special Housing Units;

   4. VIII. Harassment Grievances;

   5. IX. Allegations of Unlawful Discrimination Grievances;

y. I.G.R.C. TRAINING MANUAL:

z. Orientation;

   1. Job Discrimination.

   2. Violation of Correction Law § 139; and

   3. Violation of Correction § 112 & Administrative Procedure Act.

## COUNT II

### REHABILITATION ACT CLAIM

206. The Named Plaintiffs repeatand reallege the allegations contained in paragraphs 34-123,131-200 of this Complaint.

207 The Named Plaintiffs and the Class Members are qualified individuals under the Rehabilitation Act.

208. The Named Plaintifs and the Class members have been excluded from, and denied the benefit of, the effective, fair, and impartially or / and impartiality of Grievance Program at Five Points pursuant to meaningfull and reasonable access to the Courts under the First Amend. to the United States Constitution.

209. Defendants' failure to provide effective, fair, impartial or / and impartiality of Greievance Program at Five Points, to non-ambulatory Five Points inmates with access, as such that they are excluded from the full opportunity and equal access in, and denied the benefit of, such programs and activities, constitute discrimination on the basis of the handicapp in violation of § 504 of the Rehabilitation Act, and regulations promulgated thereunder.

## COUNT III

### TITLE VII OF THE CIVIL RIGHTS ACT OF

### 1964 AS AMENDED, 42 U.S.C., § 2000e et seq.

210. The Named Plaintiff's West and Shariff repeats and reallege the allegations contained in paragraphs 34-123,137-200 of this Complaint.

211. The Named Plaintiffs and the Class Members are qualified in dividuals under Title VII, 42 U.S.C., § 2000e.

212. The Named Plaintiffs and the Class Members have been excluded from being Inmate Grievance representatives by Employee Discrimination, Employee Retaliation, Harassment, Racially Motivated Harassment, subject to unfair treatment, discrimination based upon race, color, sex, religion, national origin, age or disability in violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C., § 2000e.

213. Defendants' failure to provide non-ambulatory Five Point inmates with access to Inmate Grievance Representatives without Employeement Discrimination, Employeement Retaliation, Employeement Harassment, and Job Discrimination in violation of Title VII, and First and Fourteenth Amend. Rights to the United States Constitution, New York State Constitution, of guaranteed privileges and immunities, such that they are excluded from participationin, and denied the benefits of services, programs and activities of Five Points constitutes discrimination on the basis of disability in violation of Title VII.

### COUNT IIII

### PROCEDURAL DUE PROCESS CLAIM

214. The Named Plaintiff repeat and allege the allegations contained in paragraphs 34-123, 137-200 of this Complaint.

215. Defendants' policy, practice, and custom and usage of denying non-ambulatory Five Point inmates access to Inmate Grievance Program, which fails to adhere to Directive 4040, administrative grievance procedures  that does not fail to adopt Section 2.2 Lawful Comportment of the DOCS Employee's Manual, constitutes defendants violation of job discrimination, employeement discrimination, ADA ACT, REHAB. ACT violations, under color of state law, of non-ambulatory inmate's due process rights in violation of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, 42 U.S.C. §1983, §1985(3), §1986, Title VII 2000e.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiffs respectfully request that this Court:

1. Certify, pursuant to Rule 23(a) and (b)(2), (b)(1)(A) or (B) of the Federal Rules of Civil Procedure, That this action may be maintained as a class action;

2. Enter a judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring that Defendants' failure to adhere to Grievance Procedures, and provide fair and impartial equal opportuniy and equal access to, with discrimination to the grievance program, without job discrimination, ADA ACT and REhabilitation Act discrimination, nor violations, to the Named Plaintiffs and the Class constitutes unlawful discrimination in violation of the Rehabilitation Act, the ADA Act, Title VII of 42 U.S.C. 2000e, the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV and 42 U.S.C. §§ 1983, 1985(3), and 1986.

PLAINTIFFS, further request that the Court grant the following:

A. Issue a declaratory judgment that the defendants violated the United States Constitution, New York State Constitution, state and Federal Law in their failure to:

1. Defendant Goord, failed to properly train, properly supervise, and properly select DOCS Employee's working in the grievance program at Five Points, as to defendants Jane Doe (Denis/Dennis (Reg. grievance Supervisor), J. Henrich, Lisa Lauber, John Doe IGRC Sgt.'s 1-9.

2. Defendant Goord, failed to to take correctiive action, remedial action, Administrative, nor disciplinary action in the in the fraudulent concealed corrupt, illegal, and improperly run grievance program at the prison from 2000 to the present.

3. Defendant Goord, failed to properly supervise Thomas Eagen, Dir.

of the Inmate Grievanve Program at Five Points Correctional Facility, which they failed to adhere to the administrative grievance procedures.

4. Defendant Goord, failed to properly supervise the C.O.R.C. (CENTRAL OFFICE REVIEW COMMITTEE) for failint to adhere to administrate grievance procedures in the running of a corrupt, illegally run grievance program with improper procedures after numerous grievances and did cover-up perfuntor investigations by a meeting of the minds.

5. Defendant Goord, failed to properly supervise the Regional Grievance Superviser Jane Doe 1 and successor's in office thereafter by his inaction to take corrective, remedial, administrative, and disciplinary action, which he joined into by his inaction.

6. Defendant Goord, failed to properly supervise Defendant Poole from discrimination, retaliation against disabled Inmate Grievance Representatives in their jobs in violation of Corrections Law § 138, ADA ACT, Title 7 Job Discrimination, and Racially Motivated Harassment.

7. Defendant Bernardi, Deputy Commissioner, Compliance & Review, failed to take corrective, remedial, admniatrative, nor disciplinary action against Defendant'Jane Doe 1 Reg. grievance Supervisor, J. Henrich, L. Lauber, and John Doe IGRC Sgt.'s 1-9, and T. Poole for improper grievance procedures by a meeting of the minds, which he joined into by his inaction in failing to adhere to the IGRC Training Manual, Directive 4040 1998, and Directive 4040 2003, and State and Federal Law, privileges, immunities, and rights.

8. Defendant Bernardi, failed in Compliance and Review, allowed the discrimination, Job Discrimination, ADA ACT and REHAB ACT violations against disabled Inmate Grievance Representatives and a corrupt inmate grievance program at Five Points.

9. Defendant Poole, failed to properly supervise the proper adherence to the IGRC Training Manual, Directive 4040 (1998), and Directive 4040 (2003), by his undermining the grievance program at the prison.

10. Defendant Poole, failed and allowed a corrupt, and illegally run grievance program at the prison for years in a Code of silence with J. Henrich, L. Lauber, Jane Doe 1 Regional grievance Supervisor, and John Doe IGRC Sgt.'s 1-9, which employed improper grievance procedures.

11. Defendant Poole, allowed the false investigations of grievances to cover-up misconduct, falsification of grievance records, and the inintentional violations of Confidentiality of grievance records. As well as false impeachment proceedings as a means of retaliation against IGRC

Inmate Grievance Representatives who are disabled by a meeting of the minds with defendants Henrich, Lauber, John Doe IGRC Sgt.'s 1-9.

12. Defendant Poole, failed to adhere to Directive 4040 (1998) and Directive 4040 (2003), in the thwarting disabled inmates grievance representatives protected conduct in perfoming their jobs and denial of grievants due process rights with meaningfull and reasonable access within the grievance process by discrimination.

13. Defendant Poole, failed to insure that grievances were being investigate in fairly and impartially without a code of silence in cover-ups by correction officer's and their agents in the grievance program at the prison.

14. Defendant Poole, discriminated against Inmate Grievance Representatives more differently in extra procedure to do their work and catch up on their work. But was deliberately indifferent with gross negligence towards the Plaintiffs who were disabled and Inmate Grievance Representatives.

15. Defendant Poole, allowed a defacto discriminatory process in deciding grievance for inmates in the S.H.U. UNIT (Special Housing Unit) as to grievance investigations and the hearing process.

16. Defendant Poole, in a meeting of the minds with the Grievance Supervisor, Correctional Guard (Officer), and John Doe IGRC Sgt.'s 1-9 conspired to undermine the grievance program in violation of the IGRC TRaining Manual, and Directives 4040 for 1998 and 2003.

17. Defendant Eagen, failed to properly train, properly supervise, and improperly selected Jane Doe #1 (Denis/Dennis), as a Regional grievance Superviser, Janice Henrich as the Inmate Grievance Program Supervisor, L. Lauber as a Grievance Staff Officer, and John Doe IGRC Sgt.'s 1-9 for working in the Grievance Program Office at the Five Points prison, and other prior officer's , Sgt.'s and civilian(s).

18. Defendant Eagen, allowed a corrupt, and illegally run Inmate Grievance Program at the prison since its opening in 2000 to present time, inwhich he failed to take corrective action, remedial action, disciplinary action, and administrative action against those named in paragraph 17, which condoned a defacto policy, custom and usage that was contrary to the IGRC Training Manual, Directives 4040 (1998 & 2003), and Corrections Law, Section 139.

19. Defendant Eagen, failed to properly supervise the Grievance Program at Five Points by deliberate indifference and gross negligence and

Inmate Grievance Representatives who are disabled by a meeting of the minds with defendants Henrich, Lauber, John Doe IGRC Sgt.'s 1-9.

12. Defendant Poole, failed to adhere to Directive 4040 (1998) and Directive 4040 (2003), in the thwarting disabled inmates grievance representatives protected conduct in perfoming their jobs and denial of grievants due process rights with meaningfull and reasonable access within the grievance process by discrimination.

13. Defendant Poole, failed to insure that grievances were being investigate in fairly and impartially without a code of silence in cover-ups by correction officer's and their agents in the grievance program at the prison.

14. Defendant Poole, discriminated against Inmate Grievance Representatives more differently in extra procedure to do their work and catch up on their work. But was deliberately indifferent with gross negligence towards the Plaintiffs who were disabled and Inmate Grievance Representatives.

15. Defendant Poole, allowed a defacto discriminatory process in deciding grievance for inmates in the S.H.U. UNIT (Special Housing Unit) as to grievance investigations and the hearing process.

16. Defendant Poole, in a meeting of the minds with the Grievance Supervisor, Correctional Guard (Officer), and John Doe IGRC Sgt.'s 1-9 conspired to undermine the grievance program in violation of the IGRC TRaining Manual, and Directives 4040 for 1998 and 2003.

17. Defendant Eagen, failed to properly train, properly supervise, and improperly selected Jane Doe #1 (Denis/Dennis), as a Regional grievance Superviser, Janice Henrich as the Inmate Grievance Program Supervisor, L. Lauber as a Grievance Staff Officer, and John Doe IGRC Sgt.'s 1-9 for working in the Grievance Program Office at the Five Points prison, and other prior officer's , Sgt.'s and civilian(s).

18. Defendant Eagen, allowed a corrupt, and illegally run Inmate Grievance Program at the prison since its opening in 2000 to present time, inwhich he failed to take corrective action, remedial action, disciplinary action, and administrative action against those named in paragraph 17, which condoned a defacto policy, custom and usage that was contrary to the IGRC Training Manual, Directives 4040 (1998 & 2003), and Corrections Law, Section 139.

19. Defendant Eagen, failed to properly supervise the Grievance Program at Five Points by deliberate indifference and gross negligence and

50

allowed the job discrimination, threats, harassment, racially motivated harassment, and false impeachments of Inmate Grievance Representatives in violation of Corrections Law § 138 by gross negligence, which can only mean that by defendants inaction means that he has joined into a meeting of the minds with Jane Doe #1, Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 and other and prior officer's, Sgt.'s, and covilian's DOCS employee's.

20. Defendant Eagen, failed to properly provide inmates/prisoners at Five Points due process within the grievance mechanism which resulted in falsification of grievance records, which included false investigations condoned by defendants Poole, Henrich, Lauber, John Doe IGRC Sgt.'s 1-9 and others and prior IGRC DOCS Staff Employee's not fully known, to be later added.

21. Jane Doe (Denis/Dennis-phonetics, Regional Grievance Supervisor, failed to properly supervise Inmate Grievance Program Superviser, in the proper functioning of the Inmate Grievance Program at Five Points which was deliberately indifferent to due process, which failed to adhere to administrative grievance procedures, pursuant to IGRC Training Manual, Directives 4040 (1998) and Directive 4040 (2003), and Corrections Law.

22. Jane Doe (Denis/Dennis, knew and failed to to correct, take any corrective action, remedial action, administrative action, nor disciplinary action against defendants henrich, lauber and IGRC Sgt.'s 1-9 for improper and false grievance procedures against inmates grievances that thwarted the Prisoners Litigation Reform Act, by defendant.

23. Jane Doe (Denis/Dennis) failed to take administrative action against defendant Poole's defacto policies, custom and usage in contradiction of the IGRC Training Manual, Directives 4040 (1998 & 2003), and Corrections Law, et cetera., which by defendant inaction means that she joined into a meeting of the minds with them, by defendant.

24. Jane Doe (Denis/Dennis) failed and condoned the violation of Confidentiality of grievance records by other DOCS Employee's in a meeting of the minds with defendant Henrich's enacting such illegal policy, condoned by defendant.

25. Defendant Jane Doe (Denis/Dennis) allowed the improper grievance procedures by members of the Officer's Union in a Code of Silence to undermine the grievance program at Five Points and did nothing to take any corrective action, remedial action, nor administrative action by her deliberate indifference, in violation of Directive 4040 (1998 & 2003), the IGRC Training Manual and Corrections Law.

51

26. Defendant Jane Doe (Denis/Dennis Regional Grievance Supervisor) failed to supervise Title VII violations against the disabled Inmate Grievance Representatives by Henrich, Lauber, and John Doe IGRC Sgt.'s 1-9, which she failed to take corrective, remedial, administrative action, nor disciplinary action, therefore joioning into the very conduct complained of by gross negligence and deliberate indifference.

27. Defendant Jane Doe (Denis/Dennis) Regional Grievance Supervisor condoned aor implemented a inadequate investigation procedure for the grievance program at Five Points which greatly undermined the program which she knew or should have known of that falsified grievance records that deny due process within the Prisoners Litigation Reform Act.

28. Defendant Janet Henrich, Inmate Grievance Program Supervisor was at all times relevant improperly trained, improperly supervised and improperly selected for her job as I.G.P. Supervisor at Five Points by deliberate indifference.

29. Defendant Henrich retaliated against Plaintiff's West and Shariff for filing grievances against her, Lauber, John Doe IGRC Sgt.'s for the corrupt and illegal grievances procedures in violation of the IGRC Training Manual, Directive 4040 (1998) and Directive 4040 (2003).

30. Defendant Henrich created a hostile working environment for the Plaintiff's for whistleblowing on improper, corrupt, and illegal grievance procedures inwhich inmate grievants were being due process withing the grievance mechanism. The Hostile working environment was in violation of Title VII, by harassment, racially motivated harassment, discrimination and discriminatory acts against the disabled Plaintiff's Shariff snf West by deliberate indifference.

31. Defendant Henrich, conspired with Lauber and John Doe IGRC Sgt.'s 1-9 in the false impeachment of Plaintiff West for his grievance complaints against her, Lauber and IGRC John Doe Sgt.'s et cetera which conduct was protected by well established law, which Defendant Poole, Napoli and a few others played a role in by deliberate indifference and gross negligence.

32. Defendant Henrich implemented a false and a illegal procedure for selection for IGRC Chairpersons , which was illegally condoned by defendant Poole, Goord, Eagen, and the C.O.R.C. (Deputy Commissioners, etc.) by deliberate indifference in undermining the grievance program.

33. Defendant Henrich, illegally passed her areas of responsibilty on or over to Plaintiff's West and Shariff which she falsely wrote Infor-

mals with false information against Plaintiff's West and Shariff in saying that we were slow in our work assignments by deliberate indifference with gross negligence.

34. Defendant Henrich, threatened and harassed plaintiff's West and Shariff in violation of Section 138, Corrections Law.by retaliatory means for our written and oral complaints against her Lauber and others.

35. Defendant Henrich discriminated against Plaintiff's West and Shariff because of our race, cred, color, national origin and social status because of racial preferences she used in prior employmet at Elmira Corr.. Facility  by deliberate indifference.

36. Defendant Henrich discriminated and retaliated against the Plaintiff's West and Shariff in making plaintiffs do Lauber and John Doe IGRC Sgt's work in violation of IGRC TRaining Manual, Directive 4040 (1998), Directive 4040 (2003) by deliberate indifference

37. Defendant Henrich improperly trained grievance clerk's in the always telling clerk's to get inmates to sign off on grievances  in violation of Training Manual and Directive 4040 (1998 & 2003) by gross negligence.

38. Defendant Henrich conspired with Nurse's Administrator to file false responses to inmate grievances in violation of IGRC Training Manual and Directive 4040 (1998 & 2003), Section 139, of the New York Corrections Law, and other Nurse Administrator's by her deliberate indifference.

39. Defendant Henrich violated the confidentiality of grievance records, inwhich persons other than defined in Directive 4040 (1998 & 2003), IGRC Training Manual had illegal access to by her gross negligence and deliberate indifference in a meeting of the minds.

40. Defendant Henrich threatened plaintiff's West & Shariff and retaliated against them for refusing sell their integrity as Inmate Grievance Representatives in their job description by deliberate indifference.

41. Defendant Henrich, at all relevant times conspired with a meeting of the minds with defendants Poole, Eagen, Lauber, Jonh Doe IGRC Sgt.'s 1-9 and others in undermining the grievance program at the prison with the knowledge of the Defendant Goord, and the C.O.R.C.

42. Defendant L. Lauber, violated Directive 4040 (1998 & 2003), the IGRC Training Manual, and Sections 138 & 139 of N.Y. Corrections Law in her retaliation against Plaintiff's West & Shariff, illegally by

deliberate indifference and gross negligence.

43. Defendant Lauber, was improperly trained, improperly supervised, and improperly selected for her job as Staff IGRC Officer at the prison by deliberate indifference. Her superior's knew she had poor impulse control and mental disease and defect.

44. Defendant Lauber implemented discriminatory rule with others against the disabled Plaintiffs West and Shariff in violation of the ADA ACT, Title VII, Departmental Directives, Traininf Manuals and well established law by deliberate indifference.

45. Defendant Lauber, created a hostile working environment for Plaintiffs West and Shariff because they blew the whistle on her and others for corrupt, illegal, improper grievance procedures that were undermining the grievance program and retaliated against them with falsely written DOCS official records for retaliatory means in a meeting of the minds with others.

46. Defendant Lauber, in a meeting of the minds was allowed to implement her own illegal rules and procedures in the grievance program at the prison with the defendant Henrich.by deliberate indifference.

47. Defendant Lauber, and John Doe IGRC Sgt.'s 1-9 filed false grievance decisions in a avarsarial and pro-administration way at all times relevant to this action.by a meeting of the minds.

48. Defendant Lauber, at all relevant times was a conduit for her union members and husband while in the grievance program office, which she made calls and leaked information to fellow union members by her deliberate indifference.

49. Defendant Lauber, retaliated against Plaintiff's in violation of the Rehabilitation Act for plaintiff's written complaints in violation of Section 138 of N.Y. Corrections Law and well established law in protected conduct.

Defendant Lauber discriminated against the plaintiffs because of their race, color, national origin, creed, and social status, and religious beliefs.by deliberate indifference and gross negligence.

50. Defendant Lauber, threatened Plaintiff West daily and harassed West in a racially motivated manner because plaintiff was not working fast enough to her liking in violation of the ADA ACT and Rehabilitation Act which discrimates against the disabled with deliberate indifference.

51. Defendant Lauber provided a discriminatory access for the other Imnate Grievance Program Inmate Worker's prior to Plaintiff's election as Inmate Grievance Representatives, an discriminated against West and

Shariff as to the same access to stay ahead of the workload, et cetera.
by deliberate indifference and gross negligence.

52. Defendant John Doe IGRC Sgt.'s 1-9, assigned to the Inmate's
Grievance Program by job bids through union contract with the State
of New York and New York State Corrections Department were improperly
trained, improperly supervised, and improperly selected for such a
job assignment by deliberate indifference.

53. Defendant John Doe IGRC Sgt.'s discriminated against Plaintiffs
West and Shariff and in a meeting of the minds with defendants Poole,
Henrich, Lauber and others not fully known failed to follow their job
duties pursuant to The IGRC Training Manual, Directive 4040 (1998 & 2003),
Corrections Law, Section 138 by deliberate indifference.

54. Defendant John Doe IGRC Sgt.'s 1-9 conspired against the proper
selection of IGRC Chairman Selection by a meeting of the minds with the
defendants Henrich and Lauber, and Poole by deliberate indifference.

55. Defendants John Doe IGRC Sgt.'s 1-9 failed and conspired to
undermine Directive 4040 (1998 & 2003), V. Procedures in a meeting of the
minds with defendants Henrich, Lauber, and Poole by deliberate indiffere-
nce with gross negligence.

56. Defendants John Doe IGRC Sgt.'s 1-9 in a meeting of the minds
with defendants Poole, Henrich, and Lauber conspired against the inmate
grievance representatives West and Shariff, where they intentionally
failed to do Informal resolutions on a same equal basis as the disabled
plaintiff's by deliberate indifference.

57. Defendants John Doe IGRC Sgt.'s discriminated against disabled
plaintiff's West and Shariff in making them do their work assignments
under duress, coercion and subtle rules and threats of being fired for
no justifiable or legal penalogical reason by deliberate indifference.

58. Defendants John Doe IGRC Sgt.'s 1-9 conspired with defendants
Henrich and Lauber to make discriminatory rules designed just for the
disabled plaintiffs West and Shariff in violation of the Administrative
Procedures Act that discriminates and were meant to set-up disabled In-
mate Grievance Representatives by deliberate indifferences.

59. Defendants John Doe IGRC Sgt.'s 1-9 failed to sit for the SHU
(Special Housing Unit) grievance hearings by deliberate indifference,
which disabled plaintiff's West and Shariff were coerced to repeatedly
do their jobs a number of times under fraudulent circumstances by their
gross negligence.

60. Defend John Doe IGRC Sgt.'s conspired in false reports against Plaintiff West with defendant's Henrich and Lauber in the falsication of N.Y.S. Department of Correctional services Official Records by their deliberate indifference in furtherance of a meeting of the minds.

61. Defend David F. Napoli, Deputy Supt of Security at Five Points, was the hearing officer the allegedly false impeachment hearing of the Plaintiff West, was improperly trained, improperly supervised, and improperly selected for hearing by deliberate indifference by defendant Poole in a meeting of the minds that was in furtherance of conspiracy.

62. Defendant was biased towards the plaintiff West at all relevant time during impeachment hearing, inwhich he denied plaintiff the due process of the law and equal protection of the law by discriminatory means by deliberate indifference and gross negligence, which the said discrimination and retaliation was because of my litigation against the DOCS, as pertains to Defendant Napoli.

63. Defendant Napoli denied plaintiff the right to witnesses at his impeachment hearing, which the reason for the denial was not for any type of secuirty or justifiable reason. But, one in deliberate indifference and gross negligence.

64. Defendant Napoli failed to intentionally provide plaintiff a written form for the denial of all witnesses requested for plaintiff's impeachment hearing by defendant Napoli's deliberate indifference and gross negligence.

65. Defendant Napoli, with a meeting of the minds conspired with defendant Lauber on false confidential information at the plaintiff's impeachment hearing, wich was off the record denied plaintiff West due process of the law and equal protection by deliberate indifference.

66. Defendant Napoli denied Plaintiff West the Assistance accorded to him under Title 7/ 7N.Y.C.R.R. and DOCS Directives by interferring with the assiatance provide by Assistant by thwarting plaintiff's right to a fair hearing and impartial hearing officer by deliberate indifference and gross negligence.

67. Defendant Napoli illegally started plaintiff's West' impeachment hearing before the his Assistance had completed assistance to the plaintiff thwarting plaintiff's right to prepare a defense intentionally by interference and subverting plaintiff's right to due process of the law by deliberate indifference.

68. Defendant Napoli was biased and pre-determined Plaintiff's

West's guilt in advance of the hearing by denial of documentary evid-
ence pertaining to the allegations alleged in the impeachment papers
by defendant Henrich, which were relevant, and defendant arbitrarily
denied such request capriciously with deliberate indifference and
gross negligence.

69. Defendant Napoli in a meeting of the minds with defendant T.
Poole (Supt.) who appointed him because they wanted a cover-up of the
illegality of the corrupt grievance program, which Napoli would nor go
against his superior, which by his inaction joined into the conspiracy
by deliberate indifference.

70. Defendant Napoli was told of the illegal, corrupt, and improper
grievance procedures and allowed defendants Henrich, Lauber, and Sgt.
Jeffrey Case to falsify their testimony at hearing in violation of
DOCS Employee's Section 3.4 Falsification of Official Records written
or oral by deliberate indifference.

71. Defendants Napoli disposition and evidence relied upon was one
of a perfunctorily falsefood by deliberate indifference by deliberate
indifference and gross negligence.

72. Defendant Napoli was sarcastic , disrespectfull, and ridiculed
the plaintiff during his questioning of defendants Henrich and Lauber,
which he refused to allow them to answere questions by an abuse of dis-
cretion by deliberate indifference.

73. Defendant Donald Selsky, had personal knowlwdge before the facts
of the impeachment hearing and arbitrarily denied plaintiff's appeal in
violation of well established law by deliberate indifference

74. Defendant Selsky, knew or reasonablely knew that Tier III
Hearings were not supposed to start until the Assistance provided by
the assistant was finished. But condoned the illegal conduct of Defend-
ant Napoli against the plaintiff West, which thwarted right to a fair
hearing and denied to prepare a defense.

75. Defendant Selsky, against well established law knew that in-
mates were allowed to call witnesses at their hearing unless there was
a threat to security, which was not noted in the reason for denial of
witnesses for plaintiff West, done by deliberate indifference.

76. Defendant Selsky condoned the defendant denial of witnesses
to Plaintiff West at his impeachment hearing without the providance
of the written reasons was deliberate indifference and gross negligence.

B. GRANT OF COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT:

1) One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant Glenn S. Goord;

2) One Million and Five Hundred Thousand Dollars ($1,500,000) against Defendant Stephan Bernardi:

3) One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant Thomas Eagen;

4) One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant Jane Doe (Denis/Dennis (Regional Grievance Supervisor);

5. One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant Janice Henrich;

6. One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant Lisa Lauber;

7. One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant John Doe IGRC Sgt.'s 1-9;

8. One Million and Five Hundred Thousand Dollars ($1,500,000) against defendant David F. Napoli;

9. One Million and Five Hundred Thousand Dollars ($1,500,000) against Donald Selsky

C. Grant punitive damages in the amount of Four Hundred Thousand Dollars each of the defendants.

D. Grant such other relief as the Court deems just and proper for entitlement to the plaintiffs.

E. Grant Two Hundred Thousand Dollars ($200,000) from each of the defendants herein of liability and the role for their actions, conduct, behavior or omissions that violated the plaintiffs' substantive rights.


RESPECTFULLY, submitted

JAMES M. WEST

SWORN TO BEFORE ME THIS

26th DAY OF ___May___, 2005

NOTARY PUBLIC/COMMISSIONER OF DEEDS

L. STANISLAVA SWIESZKOWSKI
NOTARY PUBLIC STATE OF NEW YORK
NO. 01SW6118019
TOMPKINS CO.
EXPIRES 20__

## VERIFICATION

I,    JAMES M. WEST        , BEING DULY SWORN, ACCORDING TO LAW, DEPOSES AND SAYS, THE FOLLOWING UNDER PENALTY OF PERJURY BELOW:

1. That, I am one of the Plaintiffs in the within Civil Action Proceedings, and that, I have read and reread the foregoing Civil Complaint thereof.

That, the same is true to plaintiff's knowledge, except as to matters herein stated to be alleged on information and belief.

RESPECTFULLY,

JAMES M. WEST

ABDUL MUHAMMAD SHARIFF

DIVINE C. ALLAH

SWORN TO BEFORE ME THIS 26th

DAY OF May , 20 05 .

NOTARY PUBLIC/COMMISSIONER OF DEEDS

L. STANISLAVA SWIESZKOWSKI
NOTARY PUBLIC STATE OF NEW YORK
NO. 01SW6118019
TOMPKINS CO.
EXPIRES 20 05

STATE OF NEW YORK )

COUNTY OF <u>SENECA</u> ) ss.:

<u>UNSWORN DECLARATION UNDER THE</u>

<u>PENALTY OF PERJURY</u>

28 U.S.C., § 1746

## <u>AFFIDAVIT OF SERVICE BY MAIL</u>

    I, JAMES M. WEST, BEING DULY SWORN, ACCORDING TO LAW, DEPOSES AND SAYS, PURSUANT TO 28 UNITED STATES CODE ANNOTATED, § 1746, THAT THE FOLLOWING IS TRUE UNDER PENALTY OF PERJURY BELOW:

    1. That, I have served the Clerk of the Court/Pro-Se Clerk, with a copy of the moving papers enclosed (Section 1983 Action, In Forma Pauperis, Affidavit of Service, and cover letter, with 58 page action.

    2. That, on the 6th day of June, 2005, I have deposited said legal papers into the United States Mailbox Receptacle in 9-Blk. for mailing to the named parties.

    3. That, once I have turned my legal mail over to prison officials and their subordinates, et cetera, that this mail is deemed mailed and received or / and filed upon receipt. <u>This is under the prisoner's mailbox rule</u>. See, Houston v. Lack. 108 S.Ct. 2379 (1988).

<u>ADDRESSED TO:</u>
CLERK OF THE COURT/PRO-SE CLERK
(Mr. Charles S. Carra, Pro-Se Clerk)
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
    U. S. COURTHOUSE
    68 Court Street
Buffalo, New York  14202-3406

    I declare under the penalty of perjury that the foregoing is true and correct to the best of my knoledge and recollection.

    Executed on June <u>6th</u>, 20<u>05</u>.

RESPECTFULLY, SUBMITTED

*James M. West*

JAMES M. WEST

STATE OF NEW YORK  )
                ss.:               SWORN DECLARATION
COUNTY OF <u>SENECA</u>  )

## AFFIDAVIT OF SERVICE BY MAIL

    I, JAMES M. WEST, BEING DULY SWORN, ACCORDING TO LAW, DEPOSES AND SAYS, THAT PURSUANT TO THE APPLICABLE LAWS OF THE STATE OF NEW YORK UNDER PENALTY OF PERJURY, THAT I HAVE SERVED THE NAMED PARTY WITH A COPY OF THE PRISONER AUTHORIZATION TOO EN CUMBERRANCE MY INMATE ACCOUNT FOR FILING FEE'S FOR LITIGATION, ON THE 17th OF JUNE, 2005, BY FIRST CLASS MAIL, VIA THE UNITED STATES POSTAL SERVICE, WITH COPY OF SWORN DECLARATION ATTACHED, POSTAGE AFFIXED.

    1. That, I have turned my legal mail over to prison officials and their agents by depositing said moving legal papers into the U.S. Mailbox in 9 Block on the a-bove date in question.

    2. That. once I have turned my legal mail over to the only persons I know That This mail is deemed mail and filed with the Court. Pursuant to The Prisoner's Mail-box Rule. Houston v. Lack., 108 S.Ct. 2379 (1988).

<u>ADDRESSED:</u>

Mr. Charles S. Cara, Esq.
Pro-Se Clerk's Office
UNITED STATES DISTRICT COURT
Western District Of New York
United States Courthouse
68 Court Street
Buffalo, New York 14202

    I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

RESPECTFULLY

SWORN TO BEFORE ME THIS 17h

DAY OF JUNE, 2005.

_James M. West_
JAMES M. WEST

_L. Stanislava Swieszkowski_
NOTARY PUBLIC

L. STANISLAVA SWIESZKOWSKI
NOTARY PUBLIC STATE OF NEW YORK
NO. 01SW6118019
TOMPKINS CO.
EXPIRES 2008