-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES M. WEST,

                    Plaintiff,

                                                    05-CV-0447Sc

          -v-
                                                    MEMORANDUM and ORDER

GLENN GOORD, Commissioner of the New York
State Department of Correctional Services,
STEPHAN BERNARDI, Deputy Commissioner, of Policy & Compliance,
of the New York State Department of Correctional Services,
THOMAS M. POOLE, Superintendent of Five Points, of the
New York State Department of Correctional Services,
THOMAS EAGEN, Director, of the N.Y.S. Inmate Grievance Program,
of the New York State Department of Correctional Services,
JANE DOE #1, (Dennis/Denis) (Phonetics), the Regional
Grievance Supervisor of Five Points, of the
New York State Department of Correctional Services,
JANICE E. HENRICH, Inmate Grievance Program Supervisor
at Five Points, of the New York State Department of Correctional Services,
LISA LAUBER, Corr. Officer & IGRC Staff Representative
of Five Points, of the New York State Department of Correctional Services,
JOHN DOE 1 - 9 IGRC Sgt./Staff Representatives of Five Points, of the New York State
Department of Correctional Services,
DAVID F. NAPOLI, Deputy Supt. of Security, of Five Points,
of the N.Y.S. Department of Correctional Services,
DONALD SELSKY, Director of Special Housing & Disciplinary Appeals,
of the New York State Department of Correctional Services,
individually, personally and in their Official Capacities,
and their Successors in Office,
                    Defendants.

---

## INTRODUCTION

          Plaintiff, James West, an inmate of the Five Points Correctional Facility, has filed a

complaint, *pro se*, against numerous defendants, all of whom are officials of the New York

State Department of Correctional Services ("DOCS"), or supervisory officials, correctional

officers or employees of Five Points Correctional Facility ("Five Points"), seeking relief under

42 U.S.C. § § 1983, 1985(3) and 1986, the Americans with Disabilities Act, 42 U.S.C. § 12101

*et seq.*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. § 2000e (Docket No. 1).  West seeks permission to proceed *in forma pauperis* and has filed a signed Authorization (Docket No. 2 and 4).

West, and two now-dismissed plaintiffs (Docket No. 5),[1] filed this action on behalf of themselves and all other similarly situated inmates of Five Points ("inmates who are wheelchair, paraplegic, quadriplegic, or otherwise not able to walk, and those who are able to walk"), and seek certification as a class action.  For the following reasons, West's application to proceed as a poor person is granted, the request for class certification is denied and unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

---

[1]The Court directed the two now-dismissed plaintiffs--Abdul M. Shariff and Divine Allah--to file an application to proceed *in forma pauperis* and an authorization, pursuant to 28 U.S.C. § 1915(a)-(b), or to pay the filing fee, and advised them that if they failed to do so by a certain date they would be dismissed as plaintiffs to this action.  They failed to do so and the Court dismissed them as plaintiffs.  (Docket No. 5).

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

The complaint, which is 58 typed-written pages in length, alleges a myriad of claims against eight named defendants and nine "John Doe" defendants, who are alleged to be Inmate Grievance Resolution Committee Sergeants and Staff Representatives. The claims, while quite expansive and all encompassing in nature, appear to revolve around, as best this Court can discern, what plaintiff asserts is a corrupt and fraudulently administered grievance process at Five Points and a systematic denial of due process and equal protection to disabled (non-ambulatory) inmates in relation to the grievance process. The complaint also contains numerous allegations concerning plaintiff's role as an Inmate Grievance Representative, a corrupt election process for inmate positions on the Inmate Grievance Resolution Committee, plaintiff's removal as a Grievance Representative and the grievances and hearings related to that removal.

Simply stated, the complaint contains a number of conclusory, repetitive and incomprehensible allegations which this Court, even when holding the complaint to the lowest of pleading standards, *see Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("But as low as the requirements are for a complaint drafted by competent counsel, we hold *pro se* complaints to an even lower standard) (citation omitted), cannot let stand as pled under

3

Fed.R.Civ.P. 8(a) and 10(b).  To require the defendants to attempt to decipher what the plaintiff's claims actually are in an effort to formulate a response to the complaint would, in this Court's opinion, pose an undue and unnecessary burden on them.  The Court will not impose such a burden.  This Court too should not be required to unravel such a convoluted, confusing and, in effect, incomprehensible complaint.

The Federal Rules of Civil Procedure provide that:

> A pleading which sets forth a claim for relief *** shall contain (1)
> a short and plain statement of the grounds upon which the
> court's jurisdiction depends ***, (2) a short and plain statement
> of the claim showing that the pleader is entitled to relief, and (3)
> a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  The rules also mandate that each allegation be "simple, concise, and direct."  Fed.R.Civ.P. 8(e)(1).  In 2003, the late Senior District Judge Milton Pollack, effectively summarized these rules:

> The purpose of these rules is relatively straightforward.  'The
> statement [of the claim] should be plain in that it should state facts, not
> conclusions of fact.'  *Lasky v. Shearson Lehman Brothers Inc.,* 139
> F.R.D. 597, 598-99 (S.D.N.Y.1991) (Patterson, J.)(citing *Salahuddin v.
> Cuomo,* 861 F.2d 40,  42 (2d Cir.1988)).  Otherwise the court cannot
> determine whether the opposing party must respond.  'The statement
> should be short because unnecessary prolixity places an unjustified
> burden on the court and the responding party.'  *Id.* at 598.  Each
> averment should be direct because a complaint's factual allegations
> should be relevant to the cause of action brought.  *See Walter Reade's
> Theatres, Inc. v. Loew's Inc.,* 20 F.R.D. 579 (S.D.N.Y.1957)(Levet, J.).
> When a complaint is not short and plain, or its averments are not
> concise and direct, 'the district court has the power, on motion or *sua
> sponte,* to dismiss the complaint or to strike such parts as are
> redundant or immaterial.'  *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d
> Cir.1995)."

*In re Merrill Lynch & Co., Inc.,* 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003); *see also Salahuddin v. Cuomo,* 861 F.3d 40, 42 (2d Cir. 1988).

4

Rule 10(b) of the Federal Rules of Civil Procedure requires, in part, that a complaint contain separately numbered paragraphs "the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." This rule "was designed to 'facilitate [] the clear presentation of the matters set forth,' so that the allegations might easily be referenced in subsequent pleadings." *Phillips*, 408 F.3d at 128 (citation omitted); *see also Sandler v. Campana*, 92 Civ. 4838, 1992 U.S. Dist. LEXIS 19216, at * 9 (E.D. Pa. 1992) (the purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading") (citing 5C Wright & A. Miller, Federal Practice and Procedure, § 1323 at 735 (1990)).

A complaint, like the instant one, which fails to comply with the requirements of these most basic pleading rules " 'presents far too heavy a burden in terms of defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of a plaintiff's claims.' " *Hudson v. Artuz*, 95 Civ. 4768, 1998 U.S. Dist. LEXIS 18625, at * 5-6 (quoting *Gonzales v. Wing*, 167 F.R.D. 353, 355 (N.D.N.Y. 1996).

In *Salahuddin*, the Second Circuit upheld the dismissal with leave to amend of a *pro se* complaint, which contained 15 single-spaced pages, an explicit description of 20 defendants and their alleged roles in the violation of the inmate's rights, and "a surfeit of detail," because it violated Rule 8. 861 F.2d at 43. The instant complaint appears to go far beyond what the Court of Appeals found violative of the pleading rules and thus is subject to dismissal with leave to replead. The allegations are set forth in 215 paragraphs, 76 additional paragraphs comprising the "prayer for relief" and 58 typed-written pages. To borrow from the panel in *Salahuddin*, most, if not all, of the paragraphs contain a "surfeit of detail" which are confusing, repetitive, and wholly conclusory, and simply do not appear to

5

relate to or support the constitutional and other discrimination type claims plaintiff apparently intended to plead in this action.

The complaint seems to combine a number of different acts or failures to act by defendants in relation to the inmate grievance program at Five Points which impacted on plaintiff's and other inmates "rights," which may or may not be related to these inmates being, for the most part, non-ambulatory. The allegations also seem to complain that some of the defendants conspired to have plaintiff, who was elected as an inmate representative, removed from the Inmate Grievance Resolution Committee. Whether or not this is allegation is related to plaintiff's disability, his role as an inmate representative or some other reason, cannot be gleaned from the complaint.

To put it bluntly, the Court does not understand the nature of plaintiff's allegations nor how his rights under the various statutes set forth in the complaint were allegedly violated. For example, how does plaintiff's alleged disability relate in any way to the alleged corrupt grievance program at Five Points or how were plaintiff's rights under Title VII, an employment discrimination statute, violated? To allow this complaint to be served on defendants and then require them to respond to this complaint, would be wholly unfair and a complete derogation of the Court's responsibility under the Federal Rules of Civil Procedure, and 28 U.S.C. § § 1915(e)(2)(B) and 1915A.

Moreover, many of the plaintiff's claims would appear on their face to be subject to *sua sponte* dismissal as frivolous or for failure to state a claim for relief pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915(b). These statutes require that a court must screen a complaint, and dismiss it if it or any portion thereof "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also id.* § 1915(e)(2)(B).

Because the Second Circuit has repeatedly advised the district courts of its duty to liberally construe *pro se* complaints, *e.g.*, *Phillips*, 408 F.3d at 128, and considers *sua sponte* dismissals of a *pro se* complaint without, at least, an opportunity to replead an abuse of discretion, *see, e.g.*, *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) (citations omitted), even where the substance of the complaint is difficult to discern, *see Salahuddin*, 861 F.2d at 142, the Court will provide plaintiff an opportunity to replead, subject to both the requirements of Fed.R.Civ.P. 8 and 10, and the specific requirements set forth below.

Lastly, since plaintiff is not an attorney he cannot represent others, 28 U.S.C. § 1654; *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998), and therefore his request for class certification is denied. *See generally* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.25[4][c][v] (3d ed.2003) ("a pro se class representative cannot adequately represent the interests of other class members.").

### CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), and filed an authorization, his request to proceed *in forma pauperis* is granted. Because plaintiff's complaint does not comply with the requirements of Rules 8 and 10 of the Federal Rules of

Civil Procedure, it is hereby dismissed without prejudice,[2] and plaintiff is granted leave to amend the complaint **within thirty (30) days** of the date of entry of this Order.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants named in this amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

---

[2]The Court notes that while it has focused on plaintiff's failure to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, many of the claims set forth in the complaint would appear to be subject to dismissal on other grounds as well. For example, to state a valid claim under § 1983, a plaintiff must allege that the challenged conduct deprived him of a federally protected right. Many of the accusations plaintiff levels at the defendants do not show any deprivation of a federal statutory or Constitutional right. Additionally, plaintiff alleges claims under the Americans with Disabilities Act (presumably Title II), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, but fails to allege under the ADA how he was denied of or "excluded from participation or denied the benefits of the services, programs or activities of a public entity," 42 U. S. C. §12132, or how his claims against state officials allege a violation of a fundamental right as set forth in *Tennessee v. Lane*, --- U.S. ----, ----, 124 S.Ct. 1978, 1994 (2004) (the Supreme Court concluded that "Title II, as it apples to the class of cases implicating the fundamental right of access to the court, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment."). Moreover, there is presently pending before the United States Supreme Court the question of whether the immunity of the state has been abrogated for a suit under Title II by a disabled state prisoner. *Goodman v. Ray*, 120 Fed.Appx. 785 (11th Cir.2004), *cert. granted sub nom. United States v. Georgia*, --- U.S. ----, 125 S.Ct. 2256 (2005), and *Goodman v. Georgia*, --- U.S. ----, 125 S.Ct. 2266 (2005). Plaintiff also sues under Title VII, which is a employment discrimination statute. Plaintiff has not set forth allegations sufficient to establish that he was an employee, or that any of the defendants are an "employer" under the statute, *see* 42 U.S.C. § 2000e(b); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc., v. Ellerth*, 524 U.S. 742 (1998), or that he exhausted the administrative remedies by filing a charge with the Equal Employment Opportunity Commission and received a right to sue notice. *See* 42 U.S.C. § 2000e-5(e); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir.2001). Lastly, plaintiff is suing all of the defendants in both their individual and official capacities but the Eleventh Amendment precludes suits against states and state officials in their official capacities unless they have consented to be sued. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

8

If plaintiff chooses to file an amended complaint, he shall do so in accordance with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and in strict accordance with the following directives:

> 1. The amended complaint shall not exceed fifteen pages in length, either typed or hand written;
> 2. The amended complaint shall contain individually numbered **short, concise** **paragraphs,** each of which shall lay out **one** claim, and which shall set forth the plaintiff's factual allegations, not conclusions, in support of that particular claim only;
> 3. In each individually numbered paragraph addressing a particular claim, plaintiff shall specifically and concisely describe the actions (or failure to act) of each defendant that plaintiff alleges caused him harm with respect to the particular claim set forth in that paragraph and **only** that particular claim.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, or if his amended complaint as filed remains "prolix and [for the most part] unintelligible," the complaint will be dismissed **with prejudice.** *Salahuddin*, 861 F.2d at 6-7; *see also Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (final dismissal appropriate where amended complaint, like the original complaint was "a labyrinthian prolixity of unrelated and vituperative charges that defined comprehension.").

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, the request for class certification is denied;

FURTHER, that the complaint is dismissed without prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above **within thirty (30) days** from the date of entry of this Order;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above **within thirty (30) days** from the date of entry of this Order, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint **within thirty (30) days** from the date of entry of this Order, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint **within thirty (30) days** from the date of entry of this Order, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:     Buffalo, New York
           October 31      , 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE

10