UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

James M. West,

       Plaintiff,

                  **Hon. Hugh B. Scott**

      v.             05CV447A

                  Report
                  &
                  Recommendation

Glenn Goord, Commissioner of the New York
State Department of Correctional Services, et al.,

            Respondent.
_____

   The plaintiff, James M. West, an inmate at the Five Points Correctional Facility, commenced this action, pro se, against numerous defendants employed by the New York State Department of Correctional Services ("DOCS"). The defendants have filed a motion to dismiss and/or for a more definite statement. (Docket No. 16).

   The original Complaint in this case was a 58-paged type-written document naming eight known defendants and nine "John Does" as defendants. The Complaint was purportedly filed by plaintiff West on behalf of himself, two other named plaintiffs (Abdul M. Shariff and Divine Allah) and a class of others "similarly situated." Although the specific nature of the plaintiff's claims was difficult to discern, the Complaint appeared to involve the plaintiff's participation as an inmate representative to the Inmate Grievance Committee Office ("IRGC") and alleged

1

corruption in the IRGC program. The Court dismissed the Complaint as to plaintiffs Shariff and Allah (Docket No. 5) and denied class certification (Docket No. 6). The Court further dismissed the Complaint without prejudice on the grounds that it failed to meet the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure with leave to file an Amended Complaint within 30 days. (Docket No. 6). The plaintiff was directed that the Amended Complaint could not exceed 15 pages; that it shall contain individually numbered short, concise paragraphs that set forth facts not conclusions; and that each paragraph describe how the actions (or failure to act) by each defendant caused him harm with respect to a specific claim. (Docket No. 6 at page 9). Finally, the plaintiff was advised that in addition to the failure to meet the requirements of Rules 8 and 10, the original Complaint suffered from other deficiencies in that it did not clearly state what constitutional or federally protected right was violated by the defendants' conduct; that West failed to articulate a nexus between his disability and his claims regarding the IRGC; that West failed to sufficiently articulate a Title VII claim; and that West sought to assert claims against the defendants in their official capacities which are precluded, in this Court, by the Eleventh Amendment to the United States Constitution. (Docket No. 6 at page 8, n. 2).[1]

      The plaintiff filed an Amended Complaint on January 9, 2006. The defendants have filed a motion to dismiss and/or for a more definite statement. (Docket No. 16).

---

[1] The Court also noted the pendency, at that time, before the United States Supreme Court of the question as to whether the immunity of the state was abrogated allowing for actions to be maintained by a state prisoner under Title II (ADA). The Supreme Court has since held that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment. United States v. Georgia, 546 U.S. 151 (2006).

Although the plaintiff reduced the Amended Complaint to 15 pages (and approximately 189 paragraphs), he has failed to remedy the some of the deficiencies previously noted in the District Court's October 31, 2006 Order or otherwise meet the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Among these continuing deficiencies, the plaintiff continues to name Shariff and Allah as plaintiffs in this case and continues to style the action as a purported class action.[2] Indeed, paragraphs 91 through 129 of the Amended Complaint appear to set forth allegations relating to Shariff and Allah. Further, the Amended Complaint still fails to set forth a concise and short statement of the plaintiff's claims in this case. Many of the allegations continue to be incomprehensible, even when holding the complaint to the lowest of pleading standards.[3] See Phillips v. Girdich, 408 F.3d. 124, 128 (2d. Cir. 2005). While it appears that the plaintiff did make a good faith effort to remedy some of the prior deficiencies,[4]

---

[2] West claims that he asked Shariff to help with the typing of his legal papers (which he had hand written) and that the names of Shariff and Allah were added "without my approval." (Docket No. 23, page 3, ¶ 10).

[3] For example, the Amended Complaint includes allegations such as:
"42. Plaintiff West's start in the IGRC Office chilled his ordinary firmness from observing the improper grievance procedures by deliberate indifference by Defendant's Henrich, Lauber, Sgt. Case, and Jane Doe (Denis/Dennis) Regional Grievance Supervisor's failure to properly supervise, along with defendant Poole." (Docket No. 9 at ¶ 42).

[4] The Amended Complaint does not appear to be asserted against the defendants in their official capacity and does not reflect a claim under Title VII. Further, liberally construed as the Court must, the Amended Complaint articulates some nexus between his disability and his claims regarding the IRGC program in that he asserts that he was denied access to grievants in the general population due to his disability (whereas able bodies inmates working with the IGRC were allowed limited access to grievants). (Docket No. 9 at ¶¶ 46-49). However, the Amended Complaint does not state what, if any, reasonable accommodation was requested and does not otherwise state the elements of an ADA claim. Further, it is not apparent that the plaintiff filed a grievance with respect to any failure to accommodate based upon disability. "[It] is undisputed that claims under the [Americans with Disabilities Act] and Rehabilitation Act must be exhausted via the grievance procedure established under the PLRA." Hall v. Leclaire, 2007 WL 1470532, *11 (S.D.N.Y.,2007)

the Amended Complaint still contains too many allegations which are incomprehensible or immaterial (particularly those that relate to Shariff and Allah who are not plaintiffs in this case). In its current form, requiring the defendants to formulate a response to the Amended Complaint remains an undue and unnecessary burden.

It is recommended that the defendants' motion to dismiss the Amended Complaint be granted without prejudice.  That the plaintiff be afforded a final opportunity to file a Second Amended Complaint in this case which meets the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and the District Court's prior Order dated October 31, 2005.  The plaintiff should be directed to comply with the following:

    1.  The Second Amended Complaint shall not exceed 15 pages in length, either typed or hand written;

    2.  In as much as West is not an attorney, the Second Amended Complaint shall not name anyone other than West as a plaintiff in this case, nor shall it purport to assert class action claims or contain allegations that relate to claims of persons other than West;

    3.  The Second Amended Complaint shall contain individually numbered, short and concise paragraphs, each setting forth the plaintiff's allegations, not conclusions, in support of **ONE SPECIFIC FEDERAL CLAIM**; and

    4.   In each individually numbered paragraph addressing a particular claim, plaintiff shall specifically and concisely describe the actions (or failure to act) of each defendant that plaintiff alleges caused him harm with respect to the particular claim set forth in that paragraph and **ONLY** that particular claim.

    5.  The plaintiff shall file the Second Amended Complaint within 30 days.

---

citing Clarkson v. Coughlin, 2006 WL 587345, at *2-3 (S.D.N.Y. 2006).

**Conclusion**

Based on the above, it is recommended that the motion to dismiss and/or for a more definite statement be denied to the extent that it seeks dismissal with prejudice, but granted to the extent that it seeks a more definite statement under Rule 8 and 10 of the Federal Rules of Civil Procedure.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott<br>
United States Magistrate Judge<br>
Western District of New York

Buffalo, New York
September 6, 2007