UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

James M. West,
                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                          v.                                    05CV447A

                                                          Report
                                                          &amp;
Glenn Goord, Commissioner of the New York      Recommendation
State Department of Correctional Services, et al.,
                              Respondent.
_____

      Before the Court is the defendants motion to strike and dismiss the complaint with prejudice. (Docket No. 30).

### Background

      On June 21, 2005, the plaintiff, James M. West ("West"), an inmate at the Five Points Correctional Facility, commenced this action, *pro se*, against numerous defendants employed by the New York State Department of Correctional Services ("DOCS"). The original Complaint in this case was a 58-paged type-written document naming eight known defendants and nine "John Does" as defendants. The Complaint was purportedly filed by plaintiff West on behalf of himself, two other named plaintiffs (Abdul M. Shariff and Divine Allah) and a class of others

1

"similarly situated." Although the specific nature of the plaintiff's claims was difficult to discern, the Complaint appeared to involve the plaintiff's participation as an inmate representative to the Inmate Grievance Committee Office ("IRGC") and alleged corruption in the IRGC program. On August 9, 2005, the Court dismissed the Complaint as to plaintiffs Shariff and Allah (Docket No. 5). On October 31, 2005, the Court denied class certification and further dismissed the Complaint without prejudice on the grounds that it failed to meet the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. (Docket No. 6). The plaintiff was granted leave to file an Amended Complaint within 30 days. Further, the plaintiff was directed that the Amended Complaint could not exceed 15 pages; that it shall contain individually numbered short, concise paragraphs that set forth facts not conclusions; and that each paragraph describe how the actions (or failure to act) by each defendant caused him harm with respect to a specific claim. (Docket No. 6 at page 9). Finally, the plaintiff was advised that in addition to the failure to meet the requirements of Rules 8 and 10, the original Complaint suffered from other deficiencies in that it did not clearly state what constitutional or federally protected right was violated by the defendants' conduct; that West failed to articulate a nexus between his disability and his claims regarding the IRGC; that West failed to sufficiently articulate a Title VII claim; and that West sought to assert claims against the defendants in their official capacities which are precluded, in this Court, by the Eleventh Amendment to the United States Constitution. (Docket No. 6 at page 8, n. 2).

      The plaintiff filed an Amended Complaint on January 9, 2006. (Docket No. 9). The defendants moved to dismiss the complaint and/or for a more definite statement, alleging that the Amended Complaint still failed to meet the requirements of Rules 8 and 10 (Docket No. 16).

Although the Amended Complaint was limited to 15 pages (and approximately 189 paragraphs), West still failed to remedy the deficiencies previously noted in the District Court's October 31, 2006 Order or otherwise meet the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  The plaintiff continued to name Shariff and Allah as plaintiffs, and continued to style the action as a purported class action.  Further, the Amended Complaint still failed to set forth a concise and short statement of the plaintiff's claims in this case.  Many of the allegations continued to be incomprehensible, even when holding the complaint to the lowest of pleading standards.[1]  See Phillips v. Girdich, 408 F.3d. 124, 128 (2d. Cir. 2005).  On September The Court again dismissed the complaint, and again provided the plaintiff an opportunity to file a Second Amended Complaint which meets the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and the District Court's prior Order dated October 31, 2005.  The plaintiff was again directed to limit the complaint to 15 pages and provided guidance as to the deficiencies in the Amended Complaint.  (Docket No. 28).

    On November 20, 2007, the plaintiff filed a Second Amended Complaint which is 190 paragraphs (not including sub-parts) over 22 pages (typed single-spaced), with some 82 pages of attachments. (Docket No. 29).  It does not comply with the Court's October 31, 2005 or September 26, 2007 Orders.  The defendants again filed a motion to dismiss. (Docket No. 30). On December 6, 2007, the Court issued a briefing schedule with respect to the motion.  (Docket No. 32).   The Order included the following language, in bold-face capital letters:

---

[1] For example, the Amended Complaint includes allegations such as:
"42. Plaintiff West's start in the IGRC Office chilled his ordinary firmness from observing the improper grievance procedures by deliberate indifference by Defendant's Henrich, Lauber, Sgt. Case, and Jane Doe (Denis/Dennis) Regional Grievance Supervisor's failure to properly supervise, along with defendant Poole." (Docket No. 9 at ¶ 42).

**THE PLAINTIFF IS ADVISED THAT THE MOTION TO DISMISS SEEKS TO DISMISS THE COMPLAINT AS TO ALL DEFENDANTS. IF THE PLAINTIFF FAILS TO RESPOND, THE COMPLAINT MAY BE DISMISSED BASED UPON A FAILURE TO PROSECUTE THIS ACTION AS TO ALL DEFENDANTS. THE PLAINTIFF'S RESPONSE SHOULD PROVIDE THE COURT WITH LEGAL ARGUMENTS AND AUTHORITY WHICH WOULD PRECLUDE THE DISMISSAL OF THE PLAINTIFF'S CLAIMS AS AGAINST EACH OF THE DEFENDANTS IN THIS CASE.**

In addition, the order stated: "For further information, the plaintiff is directed to the attached notice pursuant to Irby v. New York City Transit Authority, 262 F 3d 412 (2d Cir. 2001)." The Court then attached an Irby notice, which explains in more detail the plaintiff's obligation to respond to the dispositive motion. On January 24, 2008, the plaintiff filed a motion seeking an extension of time to file a response. (Docket No. 34). West's motion for an extension of time was granted on that same date. The plaintiff was directed to file a response by February 22, 2008. (Docket No. 35). Once again, the Order granting the modification of the briefing schedule included the quoted language above, in bold-face capital letters, advising the plaintiff of his obligation to respond to the dispositive motion. Another copy of the Court's Irby notice was attached to the January 24, 2008 Order.

The plaintiff has failed to respond to the motion to dismiss the Second Amended Complaint. The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar

congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir.2004).  Those factors weigh in favor of dismissal here.  The plaintiff has clearly ceased to take any steps to prosecute this case.  Although given multiple opportunities, the plaintiff has failed to file a complaint which complies with Rules 8 and 10, even when applying the lowest of pleading standards.  The complaint sets forth an almost incoherent collection of statements.  The plaintiff alludes to various types of claims, many apparently revolving around the IRGC program,  most of which appear to relate to persons other than West.  For example, at ¶ 58(l) West asserts that "Keeplocks and SHU inmates were daily denied full due process in fraudulent grievance procedures by deliberate indifference."  Many allegations appear to make little sense; for example in ¶ 75, the plaintiff asserts: "West derided by def.'s Henrich and Lauber as a cripple 7 handicapped person in his employment as a IGRC Rep. By racial animus upon Shariff and goin to speak to them by deliberate indifference."  West includes the terms "racial animus" and "deliberate indifference" in almost every sentence (i.e.  ¶ 58(g), West asserts: "Def. Poole was always untimely by deliberate indifference.  He spent more time on golf course than doing his job by deliberate indifference.")  In all, although this case is almost three years old, the plaintiff has not filed a complaint to which the defendants could fairly file an answer.

     Other factors weigh in favor of dismissal as well.  The plaintiff was twice given an opportunity to respond to the instant motion to dismiss.  He was twice warned that a failure to respond would result in the dismissal of this complaint.  Notwithstanding, the plaintiff has failed to oppose the motion to dismiss.

**Conclusion**

Based on the above, it is recommended that the complaint be dismissed based upon the plaintiff's failure to prosecute this action.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 24, 2008