UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES WEST, 89-A-6906,

        Plaintiff,

vs.

                            05-CV-447

DOCCS,

        Defendant.
_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        *Attorneys for Defendant*
        DENETRA D. ROBERTS
        KIM S. MURPHY
        Assistant Attorney General, of Counsel
        Main Place Tower, Suite 300A
        350 Main Street
        Buffalo, NY 14202
        (716) 853-8400
        Denetra.Roberts@ag.ny.gov
        Kim.Murphy@ag.ny.gov

## PRELIMINARY STATEMENT

This memorandum is submitted in support of Defendant New York State Department of Corrections and Community Services' ("DOCCS") Motion to Dismiss pursuant to FRCP 12(h)(3). This matter is scheduled for trial on January 22, 2018. As of January 16, 2018, this matter is no longer a case in controversy and there no basis to move forward with a trial. Therefore, Defendant's motion to dismiss must be granted because the court does not have subject matter jurisdiction.

## STATEMENT OF FACTS

On December 29, 2017, Defendant sent the plaintiff an Offer of Judgement in the amount of Five Hundred Dollars and 00/100 ($500.00), pursuant to FRCP 68. *See* Exhibit A.

On the evening of January 16, 2018, during the Pretrial Conference, on the record, Plaintiff's counsel informed Defendant and the court that the plaintiff is, now, only seeking nominal damages in this matter. Plaintiff's counsel also informed the court that the plaintiff is aware of Defendant's offer to settle the matter for $500 but rejects said offer because he would rather be "right". The plaintiff is not seeking injunctive, declaratory or other equitable relief.

## ARGUMENT

Once Plaintiff has received all of the relief it is entitled to, a justiciable case or controversy no longer exists, Plaintiff's claims are moot, and the federal court no longer has jurisdiction. Pursuant to F.R.C.P. 12(h)(3), the case must be dismissed.

> Article III of the United States Constitution limits the judicial authority of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Because of this constitutional limitation on judicial power, a federal court lacks subject matter jurisdiction over an action unless it presents an actual case or controversy. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.,* 24 F.3d 427, 431 (2d Cir. 1994) (citations omitted). "A federal court may only be called upon 'to adjudge the legal rights of litigants in actual controversies.'" *Id*. (citing *Liverpool, N.Y. & Philadelphia S.S. Co. v. Commissioners of Emigration*, 113 U.S. 33, 39, 28

L. Ed. 899, 5 S. Ct. 352 (1885)).
*Murphy v. Equifax*, 25 F.Supp. 200, 201 (D.Ct. 1999).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3). "A court must ensure at all times that it has subject-matter jurisdiction because any ruling or judgment issued without it would be only hypothetical in nature." *Auto. Ins. Co. v. Electrolux Home Prods.*, 2011 U.S. Dist. LEXIS 83974, *4-5 (WDNY 2011); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning . . . The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects.") (citations omitted). "One factor that can deprive a court of subject-matter jurisdiction is the absence of a live controversy. 'To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 83974, *4-5 citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67(1997).

"Because federal courts do not sit simply to bestow vindication in a vacuum, a federal court is required to dismiss a suit for lack of jurisdiction once a defendant has made an offer of complete relief." *Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 83974, *6 citing *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983)). Thus, an offer to settle for all the relief plaintiff is entitled to has the effect of making moot the plaintiff's claim because there is no dispute left to litigate. *See Rand v. Monsanto*, 926 F.2d 596 (7th Cir. 1991); *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994). "The Second Circuit has recognized that when a defendant tenders all that a plaintiff could recover if his or her claim were fully litigated, a justiciable case or controversy no longer exists and the

2

case should be dismissed for lack of subject matter jurisdiction." *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000). *Also see, Abrams v. Interco Inc*., 719 F.2d 23 (2d Cir 1983); *Cresswell v. Prudential-Bache Securities, Inc*., 675 F.Supp. 106 (S.D.N.Y. 1987).

In *Auto Ins. Co*., *supra,* Judge Arcara granted Defendant's motion to dismiss after Plaintiff rejected the defendant's offer for the full amount sought plus fees and costs. This court held that where, as here, the jury "would have nothing left to resolve relative to [the plaintiff's] requested…relief, a live controversy no longer exists." *Id*. at 6-7.

The plaintiff is not entitled to collect any more than the full amount he is demanding, together with attorney fees.  Here, Plaintiff has been offered Four Hundred Ninety- Nine Dollars and 00/100 ($499.00) more than the maximum amount of damages he would be entitled to recover at trial, i.e. One Dollar and 00/100 ($1), and as Plaintiff has assigned counsel he has not personally incurred any fees or costs.  Thus, based upon the clear precedent in this jurisdiction, this Court should dismiss this action against DOCCS for lack of subject matter jurisdiction, in light of the outstanding settlement offer for an amount in excess of that which is sought.

While plaintiff's counsel may argue that a win at trial, albeit for nominal damages, would entitle them to fees, the Second Circuit has held that "where the damage award is nominal or modest, the injunctive relief has no systemic effect of importance, and no substantial public interest is served, a substantial fee award cannot be justified." *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997).  "'In short, while there is no *per se* rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* [*v. Hobby* 506 U.S. 103, 114, (1992)] indicates that the award of fees in such a case will be rare.'" *Red Cloud-Owen v. Albany Steel*, 958 F. Supp. 94, 96 (NDNY 1997) citing *Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996).  As this is not one of those rare cases, plaintiff's counsel would not be entitled to fees.

3

Even if Plaintiff's appointed counsel would be entitled to fees under the Offer of Judgment, that still would not be grounds to proceed with trial. *Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 83974 *9 (the court only maintained ancillary jurisdiction for to resolve any disputes between the parties regarding costs). Thus, the issue of whether plaintiff's counsel is entitled to attorney's fees, including the amount thereof, is a separate issue that cannot form the basis for this Court to retain subject matter jurisdiction to proceed to trial. *Id.*

For the aforementioned reasons, pursuant to the well-settled federal law, Plaintiff no longer has a justiciable interest in the litigation to meet the case or controversy requirements of Article III. The court lacks subject matter jurisdiction and the Plaintiff's complaint must be dismissed.

## CONCLUSION

For all of the reasons stated herein, Defendant respectfully requests that the Court grant the relief requested herein.

Dated: January 18, 2018
       Buffalo, New York

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the State of New York
                                      Attorney for Defendants
                                      BY:
                                      /s/ *Denetra D. Roberts*
                                      DENETRA D. ROBERTS
                                      KIM S. MURPHY
                                      Assistant Attorney General of Counsel
                                      Main Place Tower, Suite 300A
                                      350 Main Street
                                      Buffalo, NY 14202
                                      (716) 853-8400
                                      Denetra.Roberts@ag.ny.gov
                                      Kim.Murphy@ag.ny.gov