UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES M. WEST (89-A-6906),

        Plaintiff,

    v.                              Case No. 05-CV-447

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

        Defendant.
_____

# MEMORANDUM OF LAW ADDRESSING PLAINTIFF'S ENTITLEMENT TO ATTORNEY'S FEES IF HE ACCEPTS DEFENDANT'S RULE 68 OFFER OF JUDGMENT

                                      Respectfully submitted,

                                      PHILLIPS LYTLE LLP
                                      Attorneys for Plaintiff
                                      *James M. West*
                                      One Canalside
                                      125 Main Street
                                      Buffalo, New York 14203-2887
                                      Telephone No. (716) 847-8400

Amanda L. Lowe
Daniel R. Maguire
James E.B. Bobseine
– Of Counsel –

## PRELIMINARY STATEMENT

This memorandum is submitted in response to the Court's January 18, 2018 Order (Dkt. No. 154) requesting Plaintiff James West and Defendant New York State Department of Corrections and Community Supervision ("DOCCS") to submit briefs "explaining whether Plaintiff is entitled to attorney's fees or costs if he accepts the offer of judgment." Plaintiff would not be entitled to attorney's fees or costs if he accepts Defendant's Rule 68 offer of judgment because the offer explicitly provides Defendant "offers to allow Plaintiff, James West, to take a judgment against it in this action for a total sum of Five Hundred Dollars ($500), *inclusive* of attorney's fees, expenses and costs in this action to the date of this offer."

## STATEMENT OF FACTS

On December 29, 2016, DOCCS sent Mr. West an offer of judgment in the amount of $500 pursuant to Rule 68. (Declaration of Denetra Roberts in support of DOCCS' Motion to Dismiss, Dkt. No. 153-2 ("Roberts Decl."), Ex. A). The offer of judgment included the following relevant provisions:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant the New York State Department of Corrections and Community Supervision ("DOCCS"), hereby offers to allow Plaintiff, James West, to take a judgment against it in this action for a total sum of Five Hundred Dollars ($500), *inclusive of attorney's fees, expenses and costs in this action to the date of this offer.*
> ….
>
> This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil procedure and is not to be construed as an admission of liability by Defendant, or any official, employee or agent of the State of New York, or any instrumentality or agency thereof; nor is it an admission that plaintiff has suffered any damages. By making this Offer of Judgment, Defendant DOCCS does not admit

*Id.* (emphasis added).  Mr. West did not accept the offer and allowed DOCCS' Rule 68 offer of judgment to lapse.

## ARGUMENT

### POINT I

**PLAINTIFF WOULD NOT BE ENTITLED TO ATTORNEY'S FEES IF HE ACCEPTED DOCCS' RULE 68 OFFER**

Interpretation of a Rule 68 offer of judgment is governed by ordinary contract principles.  *Foster v. Kings Park Cent. School Dist.*, 174 F.R.D. 19, 24 (E.D.N.Y. 1997).  Accordingly, waiver of the right to attorney's fees in a Rule 68 offer of judgment must be "clear and unambiguous."  *Id.* (quoting *Erdman v. Cochise Cty.*, 926 F.2d 877, 880-81 (9th Cir. 1991); *see also Chambers v. Manning*, 169 F.R.D. 5, at *8 (D. Conn. 1996) ("[c]ourts should thus require that fee waivers be especially clear, lest they chill the representation that the legislature has chosen to promote").  "It is well-settled that when a party accepts a Rule 68 offer of judgment that is silent as to costs, that party is entitled to seek costs after entry of judgment."  *Henchen v. Renovo Servs., LLC*, Case No. 11-CV-6073P, 2013 WL 1152040, at *3 (W.D.N.Y. Mar. 19, 2013); *see also Barbour v. City of White Plains*, 700 F.3d 631, 633 (2d Cir. 2012) ("if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover costs").  In addition, "where fees are included in the definition of costs in the relevant statute, a party that accepts a Rule 68 offer that is silent as to costs will also be entitled to seek attorney's fees after entry of judgment."  *Henchen*, 2013 WL 1152040, at *3; *see also Harrell v. Van Der Plas*, Case No. 08 Civ. 8252(GEL), 2009 WL 1755090, at *3 (S.D.N.Y. 2009)(plaintiff suing under Copyright Act entitled to seek costs, including attorney's fees, where offer of

judgment was silent as to costs); *Foster v. Kings Park Cent. School Dist.*, 174 F.R.D. 19 (E.D.N.Y. 1997)(plaintiff suing under ADA entitled to seek attorney's fees where offer of judgment was silent on the issue).

Here, DOCCS' Rule 68 offer of judgment clearly states that its $500 offer is "inclusive of attorney's fees, expenses and costs in this action to the date of this offer." (Roberts Decl. Ex. A). Accordingly, if Mr. West had accepted DOCCS Rule 68 offer, Mr. West would *not* have been able to recover attorney's fees beyond the $500 offered by DOCCS. *See Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999) (holding defendant's Rule 68 offer of judgment unambiguously included attorney's fees preventing plaintiff from seeking attorney's fees after accepting Rule 68 offer of judgment).

**POINT II**

**PLAINTIFF IS ENTITLED TO POST-OFFER ATTORNEY'S FEES SHOULD HE PREVAIL ON HIS ADA CLAIM**

Rule 68(d) provides "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer is made." Fed. R. Civ. P. 68(d). "Rule 68 is a *cost-shifting* provision, which 'in essence shifts the risk of going forward with a lawsuit to the [plaintiff], who becomes exposed to the prospect of being saddled with the substantial expense of trial." *Henchen*, 2013 WL 1152040, at *3 (quoting *Christian v. R. Wood Motors, Inc.*, 1995 WL 238981, *4 (N.D.N.Y. 1995)(emphasis added). Accordingly, where attorney's fees are not included in the definition of costs in the relevant statute, Rule 68 does not shift responsibility for attorney's fees. *See Hedru v. Metro-North Commuter R.R.*, 433 F. Supp. 2d 358, 360 (S.D.N.Y. 2006) (holding that responsibility for attorney's fees did not shift when statute "does not provide that a defendant's attorney's fees are costs.").

The ADA does not define costs as inclusive of attorney's fees. The ADA provides that a prevailing party may be awarded a "reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "This language is different than the language contained in 42 U.S.C. § 1988, applicable in section 1982 cases, and 42 U.S.C. § 2000(e)-5(k), applicable in Title VII cases, both of which define attorney's fees "as part of costs." *Foster*, 174 F.R.D. at 24. Because, under the ADA, attorney's fees are not part of costs, Rule 68 does not shift responsibility, and Mr. West will be able to recover reasonable attorney's fees if he is the prevailing party.

Dated: Buffalo, New York
January 19, 2018

PHILLIPS LYTLE LLP

By: */s/ Daniel R. Maguire*
Amanda L. Lowe
Daniel R. Maguire
James E.B. Bobseine
Attorneys for Plaintiff
*James M. West*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
alowe@phillipslytle.com
dmaguire@phillipslytle.com
jbobseine@phillipslytle.com

Doc #01-3094179.1