UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES A. WEST A/K/A WESS,

                                    Plaintiff,

                                                        Case # 05-CV-0447FPG

v.                                                      DECISION AND ORDER

DOCCS,

                                    Defendants.
_____

## INTRODUCTION

Plaintiff James West a/k/a James Wess ("Plaintiff"), commenced this action alleging violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Rehabilitation Act"), and various federal Constitutional rights pursuant to 42 U.S.C. § 1983. ECF. No. 29.

Currently pending before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 153.

## BACKGROUND

This matter has a convoluted history spanning nearly thirteen years. As of July 31, 2017, one claim survived Defendant's Motion for Summary Judgment. The remaining claim asserted violation of the ADA and Rehabilitation Act on the basis that Defendant failed to provide Plaintiff with a requested reasonable accommodation in connection with his service on the Inmate Grievance Committee. ECF Nos. 102, 115.

Following unsuccessful attempts at mediation, *see* ECF No. 121, a trial on the ADA/Rehabilitation Act claim was scheduled for January 22, 2018.

On December 29, 2017, Defendant sent Plaintiff an Offer of Judgment in the amount of $500.00 pursuant to Fed. R. Civ. P. 68, which Plaintiff rejected.

During the final pre-trial conference on January 16, 2018, Plaintiff's counsel informed the Court that Plaintiff would move forward seeking only nominal damages. On January 19, 2018, Defendant delivered to Plaintiff's counsel one dollar in United States currency. ECF No. 156-1 at 4-5. Defendant argues that as of January 19, 2018, there is no longer a case in controversy because it has tendered the full payment of nominal damages to Plaintiff's counsel for the benefit of Plaintiff. It requests that the Court enter judgment against DOCCS in the amount of one dollar ($1.00). ECF No. 153.

In connection with the pending motion, the parties appeared telephonically on January 19, 2018. At that time Plaintiff did not oppose dismissal or object to entry of judgment against DOCCS in the amount of one dollar ($1.00), but rather reserved his right to appeal his previously-dismissed claims pursuant to this Court's July 31, 2017, Decision and Order granting partial summary judgment in favor of Defendant. *See* ECF No. 115.

For the reasons that follow, Defendant's Motion to Dismiss is granted.

DISCUSSION

I.      Subject-Matter Jurisdiction

 "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court must ensure at all times that it has subject-

matter jurisdiction because any ruling or judgment issued without it would be only hypothetical in nature. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101 (1998).  One factor that can deprive a court of subject-matter jurisdiction is the absence of a live controversy. "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks and citations omitted).

Accordingly, the Court will review whether Defendant's tender of nominal damages has eliminated any live controversy from this case.

II.     Offer of Judgment

Rule 68 provides, in pertinent part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). If the offeree does not accept the offer of judgment, it is "considered withdrawn." Fed. R. Civ. P. 68(b).

By now it is settled that an unaccepted offer of judgment does not itself moot a case or controversy. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). This is true even where the offer affords plaintiff complete relief because "[a]n unaccepted Rule 68 offer of judgment is, regardless of its terms, a legal nullity." *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507, 509 (2d Cir. 2017).

The Supreme Court in *Campbell-Ewald* cited with approval the existing Second Circuit precedent at the time, *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir. 2015), which held that "only a judgment and not an unaccepted Rule 68 offer of complete relief renders moot a plaintiff's individual claim," and that "[i]f the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment . . . . Absent such agreement, however, the district court should not enter judgment against the defendant if it does not provide complete relief." *Campbell- Ewald*, 136 S. Ct. at 670 n.4; *cf.*, *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 251 F. Supp. 3d 724, 739 (S.D.N.Y. 2017) (assuming without deciding, that *Campbell-Ewald* did not disturb the Second Circuit precedent providing that a claim for individual relief may be mooted by tender and entry of judgment).  The Supreme Court explicitly left open the question of whether a case would be moot "if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 676.

In *Leyse v. Lifetime Entm't Servs.*, LLC, 679 Fed. Appx. 44 (2d Cir. 2017) (summary order), the Second Circuit answered this question in the affirmative:

> Leyse contends that the district court erred in entering judgment on his individual claim upon Lifetime's depositing with the clerk of court the full amount of damages and costs recoverable by Leyse under the TCPA, even though Leyse had not accepted Lifetime's Fed. R. Civ. P. 68 offer of judgment in that amount. The argument is defeated by precedent. While an unaccepted Fed. R. Civ. P. 68 offer for complete relief does not moot a case—that is, it does not strip the district court of jurisdiction over the case—such an offer, if rejected, may nonetheless permit a court to enter a judgment in the plaintiff's favor.

679 Fed. Appx. at 48.

Subsequently, applying the holdings in *Campbell-Ewald* and *Leyse*, the Southern District found that a defendant's offer of judgment and deposit of funds with the Clerk of Court sufficient to satisfy all of the plaintiff's monetary claims rendered them moot:

> I agree with those cases finding that a defendant's full tender renders the action moot. There is a consequential difference between on the one hand a defendant's offer of an adequate amount in an offer of judgment whose utility depends on its being timely accepted under principles of contract and Fed. R. Civ. P. 68, and on the other hand a tender . . . which independently and fully satisfies a plaintiff's claim, not because of plaintiff's agreement but because full payment extinguishes the claim.

*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 268 F. Supp. 3d 599 (S.D.N.Y. 2017). The district court went on to reason that once the defendant deposited with the Clerk of Court an amount satisfying the monetary claims,   "[t]he relevant law will no longer be that of contract, offer and acceptance, or Rule 68; it will be the Constitutional requirement of a case or controversy." *Id.* at 605.

Based on the Court's reading of the foregoing authority, it finds that because Defendant tendered full relief for Plaintiff's claims in the amount sought, one dollar ($1.00), and Plaintiff has not objected to entry of judgment in his favor, there is no longer a live case or controversy. *See Tanasi*, 786 F.3d at 200 ("If the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment."); *see generally, McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) ("if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment.").

Plaintiff's action is moot, and the Motion to Dismiss for lack of subject matter jurisdiction is granted. In light of this determination, the outstanding motions at ECF Nos. 142, 144, and 146 are denied.

<u>CONCLUSION</u>

For all of the reasons stated above, the Court grants Defendant's Motion to Dismiss, ECF No. 153, and grants judgment in favor of Plaintiff James West and against Defendant DOCCS in the amount of one dollar ($1.00).

The Clerk of Court is directed to enter judgment in favor of Plaintiff, terminate the open motions at ECF Nos. 141, 142, 144, and 146, and close the case.

The Court retains ancillary jurisdiction to resolve any disputes between the parties regarding interest and costs.

IT IS SO ORDERED.


DATED:      January 23, 2018
            Rochester, New York


_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court