UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES M. WEST,

                                 Plaintiff,

                                                  Case # 05-CV-447-FPG

v.

                                                  DECISION AND ORDER

DOCCS,

                                 Defendant.

## INTRODUCTION

Plaintiff James West filed this action in June of 2005, alleging numerous violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court presumes the parties' familiarity with the extensive factual background and procedural history of this matter.

On July 31, 2017, the Court granted partial summary judgment in favor of Defendant DOCCS and dismissed all but one claim asserted in the Amended Complaint. ECF Nos. 29, 115.

On January 24, 2018, at DOCCS's request, judgment was entered against it for nominal damages on the remaining claim. ECF No. 159. West, as the prevailing party under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"), now moves for attorneys' fees and costs. ECF No. 163. He seeks $185,001.75 in attorneys' fees and $3,185.47 in costs.

DOCCS opposes the motion and argues that West is not entitled to attorneys' fees and costs or, alternatively, that he should only be awarded reasonable fees and that the requested award should be reduced by 90%. ECF No. 168 at 3-16.[1] DOCCS also argues for reduced fees based on counsel's duplicative and vague invoices and West's rejection of a Rule 68 offer of judgment. *Id.* at 12-16.

---

[1] DOCCS does not object to the hourly wage West's counsel seeks. *See id.* at 2, n.1.

## DISCUSSION

### I.  Attorney's Fees under the ADA and Rehabilitation Act

"Under the ADA and the Rehabilitation Act, a district court may, in its discretion, award reasonable attorney's fees and costs to a 'prevailing party.'" *Scharff v. Cnty. of Nassau*, No. CV104208, 2016 WL 3166848, at *2 (E.D.N.Y. May 20, 2016), *report and recommendation adopted sub nom. Scharff v. Cnty. of Nassau & Shila Shah-Gavnoudias*, No. 10-CV-4208, 2016 WL 3172798 (E.D.N.Y. June 6, 2016) (citing 42 U.S.C. § 12205 and 29 U.S.C. § 794-a(b)). As is the case here, "[p]laintiffs who win nominal damages are, indeed, prevailing parties for purposes of fee awards." *Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996) (citing *Farrar v. Hobby*, 506 U.S. 103, 112 (1992)). The parties do not dispute that West is a prevailing party in this matter.

### II.  Rule 68 Offer of Judgment

DOCCS contends that Federal Rule of Civil Procedure 68 caps attorneys' fees for West's Section 504 claim,[2] thus eliminating his recovery by 50% for fees incurred between December 29, 2017, and March 9, 2018.[3]  ECF No. 168 at 15-16.

On December 29, 2017, DOCCS served West with a Rule 68 offer of judgment for $500.00, inclusive of costs. West did not accept the offer and allowed it to lapse.[4]  He ultimately received a judgment in his favor for $1.00. Thus, DOCCS argues that West's accrual of attorneys' fees with respect to the Section 504 claim cut off as of December 29, 2017. *See* Fed. R. Civ. P. 68 ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.").

---

[2] It acknowledges that Rule 68 does not preclude recovery for the ADA claim.

[3] West does not seek costs or expenses incurred after DOCCS's December 29, 2017 offer of judgment.

[4] A significant lien on West's inmate commissary account rendered any potential monetary settlement futile.

In *Marek v. Chesney*, 473 U.S. 1, 7-8, (1985), the Supreme Court held that "where the underlying statute defines 'costs' to include attorney's fees, we are satisfied that such fees are to be included as costs for purposes of Rule 68." *Id.* The Rehabilitation Act, in turn, provides that "[i]n any action . . . to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . *a reasonable attorney's fee as part of the costs*." 29 U.S.C. § 794a(b) (emphasis added). Thus, the Court concludes that the statute includes attorneys' fees within its definition of "costs."

West's unaccepted Rule 68 offer was greater than the ultimate judgment in this case, and therefore West's fees stopped accruing as of December 29, 2017. *See Stanczyk v. City of New York*, 752 F.3d 273, 280 (2d Cir. 2014) ("[A] prevailing plaintiff may not recover from the defendant attorney's fees and costs accrued after an Offer of Judgment is served if the Offer exceeds the sum of the plaintiff's ultimate recovery plus the amount of fees and costs accrued by the plaintiff as of the time of the Offer."). Further, West does not support his contention that counsel's fees should not be capped because "all time expended after DOCCS' Rule 68 offer can be reasonably attributed to Mr. West's ADA claim." ECF No. 173 at 10. As discussed in detail below, however, West's failure on the majority of his claims and his limited success on the sole claim upon which judgment was entered supports an overall reduction in the lodestar. Under these circumstances, the Court finds it unnecessary to separately reduce the fee award to account for the unaccepted Rule 68 offer.

## III.    Reasonable Fees

The Supreme Court stated in *Farrar v. Hobby* that "[i]n some circumstances, even a plaintiff who formally 'prevails'. . . should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." 506 U.S. at 115. "Although the 'technical' nature of a nominal damages award or any other

judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded." *Id.* at 114. The *Farrar* court observed that "the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained." *Id.* at 114 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Thus, "while there is no *per se* rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare." *Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996).

The Court does not agree with DOCCS, however, that West is not entitled to any fees at all. In *Diamond v. O'Connor*, No. 05-CV-279, 2010 WL 9459022 (D. Vt. June 10, 2010), *aff'd*, 417 F. App'x 104 (2d Cir. 2011), the district court awarded fees to a § 1983 plaintiff who won nominal damages after a jury trial. In distinguishing that matter from *Farrar*, the district court observed:

> [Plaintiff] stated at trial that he sought only nominal damages for [Defendant]'s violation of his Fourth Amendment rights, the claim upon which he prevailed. He did not itemize any damages in discovery. He testified that his primary goal in bringing and pursuing his lawsuit was to call attention to [Defendant]'s illegal practices and to prevent further misconduct. [Plaintiff]'s lawsuit vindicated an important Constitutional right for one's property to be secure from prolonged detention without probable cause. The judgment also alerts the City that [Defendant] and other officers may require additional training and supervision to prevent violations of Constitutional rights.

2010 WL 9459022, at *2 (finding fee reduction of 50% appropriate).

The Court finds that *Diamond* is instructive to this case,[5] in which West accepted a judgment against DOCCS entitling him to nominal damages. In doing so, he represented to the Court that he only sought vindication and the satisfaction of "being right." ECF No. 168 at 5.

---

[5] The plaintiff in *Diamond* indicated that the goal of his lawsuit was to illuminate the defendant's illegal practices and prevent further misconduct. *Id.* His suit "vindicated an important Constitutional right" and alerted the City that additional training and supervision were necessary to avoid future Constitutional violations. *Id.* at 2. Here, West demanded nominal damages after he learned that he was legally barred from receiving compensatory damages pursuant to the Prison Litigation Reform Act for failing to prove the necessary element of physical injury and punitive damages under the ADA. Further, unlike in *Diamond*,

4

Having found that West is entitled to fees, the Court turns to DOCCS's argument that the requested award should be reduced by at least 90% to account for his numerous failed claims. ECF No. 168 at 7.

In *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992), *cert. denied*, 506 U.S. 1053 (1993), the Second Circuit explained,

> The determination of the amount of the award does not end with the lodestar calculation. Although there is a "strong presumption' that the lodestar figure represents the 'reasonable' fee," *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), other considerations may lead to an upward or downward departure from the lodestar. *See Hensley* [*v. Eckerhart*, 461 U.S. 424, 434, (1983)]. The party advocating such a departure, however, bears the burden of establishing that an adjustment is necessary to the calculation of a reasonable fee. *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir.1989), *cert. denied*, 493 U.S. 1071 (1990).

> In *Hensley*, 461 U.S. at 434-37, the Supreme Court set forth an analytic framework for determining whether a plaintiff's partial success requires a reduction in the lodestar. At step one of this analysis, the district court examines whether the plaintiff failed to succeed on any claims wholly unrelated to the claims on which the plaintiff succeeded. The hours spent on such unsuccessful claims should be excluded from the calculation. *Id.* at 434-35; 2 Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation 276-77 (2d ed. 1991). At step two, the district court determines whether there are any unsuccessful claims interrelated with the successful claims. If such unsuccessful claims exist, the court must determine whether the plaintiff's level of success warrants a reduction in the fee award. *Hensley*, 461 U.S. at 436; 2 Schwartz & Kirklin, supra, at 278. If a plaintiff has obtained excellent results, however, the attorneys should be fully compensated. *Hensley*, 461 U.S. at 435.

*Grant*, 973 F.2d at 101. "The most critical factor to consider is the degree of success that was obtained by the plaintiff." *Myree v. Local 41, Int'l Bhd. of Elec. Workers*, 847 F. Supp. 1059, 1067

---

this matter arguably has not caused systemic changes or served a significant public purpose. The *Diamond* plaintiff sought and was awarded nominal damages following a jury verdict.

This case reached an unusual conclusion by which DOCCS—without admitting wrongdoing—moved to dismiss the action as moot after satisfying West's demand for nominal damages. In its motion to dismiss, DOCCS requested that judgment be entered against it for $1.00. ECF Nos. 153-161.

(W.D.N.Y. 1994), *aff'd sub nom. Myree v. IBEW, Local 41*, 29 F.3d 620 (2d Cir. 1994) (applying two-part test to reduce fee request by 75% to account for plaintiff's limited success).

DOCCS contends that the claims upon which West did not succeed involved different facts and legal theories as compared to those upon which he prevailed. ECF No. 168 at 9.

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 440. "Deciding whether the successful and unsuccessful claim are unrelated, however, is not an exact science." *Starkey v. Somers Cent. Sch. Dist.*, No. 02 CIV. 2455, 2008 WL 5378123, at *2 (S.D.N.Y. Dec. 23, 2008); *see S.A. ex rel. M.A.K. v. New York City Dep't of Educ.*, No. 12-CV-435, 2015 WL 5579690, at *9 (E.D.N.Y. Sept. 22, 2015) (finding that the prevailing claim and the unsuccessful claims were not inextricably intertwined).

Six of the seven legal theories presented in West's complaints involved claims factually unrelated to his successful ADA/Section 504 claim for DOCCS's failure to provide him a wheelchair accessible desk. Those remaining claims alleged various due process violations, deliberate indifference for insufficient medical treatment, equal protection violations, two separate theories of conspiracy, and racial discrimination. ECF No. 29. Each of those claims involved separate incidents, occurred at different times, and were lodged against different defendants. As DOCCS points out, "[e]ach of these claims arose out of a different legal theory, is factually different from the remaining claim, and could have been raised in a completely separate lawsuit without ever mentioning the alleged failure to provide a wheelchair accessible desk." ECF No. 168 at 10. Those remaining claims, set forth under seven other legal theories, were dismissed in their entirety upon DOCCS's motion for summary judgment. *West v. Goord*, No. 05-CV-447-FPG, 2017 WL 3251253 (W.D.N.Y. July 31, 2017). The hours spent on West's unsuccessful claims

should be excluded. *Doe v. Darien Bd. of Educ.*, No. 11CV1581, 2015 WL 8770003, at *10 (D. Conn. Dec. 14, 2015) (reducing attorney's fee to account for work on unsuccessful claims); *Weingarten v. Optima Commc'ns Sys., Inc.*, 544 F. Supp. 2d 193, 198 (S.D.N.Y. 2008) (reducing fees counsel incurred for work on claims not "inextricably intertwined" with the successful claim); *Milde v. Hous. Auth. of Town of Greenwich*, No. 00CV2423 AVC, 2006 WL 6908276, at *13 (D. Conn. Dec. 20, 2006) (reducing fee by 30% for unsuccessful, "factually and legally distinct" claims); *see generally Hensley*, 461 U.S. at 434-35 ("In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit . . . counsel's work on one claim will be unrelated to his work on another claim . . . . The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.").

Given the length of the litigation in this case, it is unnecessary and impracticable to attempt to separate out the hours dedicated to West's unsuccessful claims. Accordingly, the Court will apply an overall reduction to reflect that West was unsuccessful on six of his seven unrelated claims. *See T.K. ex rel. L.K. v. New York City Dep't of Educ.*, No. 11 Civ. 3964, 2012 WL 1107660, at *7 (S.D.N.Y. Mar. 30, 2012) ("[C]ourts have applied an across-the-board reduction to fee requests in order to reflect the limited degree of a party's success.")).

It is beyond dispute that West achieved limited success in this case, as he prevailed on only one claim. The Court considers the partial nature of West's success in determining DOCCS's request to reduce the lodestar. S*ee Hensley*, 461 U.S. at 437 ("When an adjustment is requested on the basis of either the exception or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.").

"A District Court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee, such as cases where the plaintiff only had a small degree of success." *C.G. v. Ithaca City Sch. Dist.*, 531 F. App'x 86, 88 (2d Cir. 2013) (internal citations and quotations omitted); *see also Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008) ("Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved.") (internal quotation omitted). If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Thus, "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37.

In *Husain v. Springer*, 579 F. App'x 3, 5 (2d Cir. 2014), the Second Circuit found that while the district court did not abuse its discretion in awarding fees, the amount of the award was excessive where:

> [T]he fact that all of Appellants' claims failed against twenty-five of twenty-six defendants, that seven of their eight claims failed against the sole remaining defendant, and that they failed to obtain nearly all of their requested relief compels us to conclude that the district court's imposed reductions for lack of success and excessive billing were inadequate to reduce the fee awarded in this case to a reasonable figure, which may well be significantly lower than that originally awarded by the district court.

579 F. App'x at 6-7.  Likewise, all of West's claims were dismissed except one ADA/Section 504 claim against one defendant, and a review of the invoices DOCCS's counsel submitted reveals that the vast majority of the billed time focused on West's other claims. ECF Nos 164, 172, Exs. A & B.

Without reiterating the long history of this case, the fact remains that, toward the end of the litigation, West sought and received nominal damages. His acceptance of nominal damages and a judgment against DOCCS was premised upon his ability to appeal the unsuccessful claims previously dismissed on summary judgment. Thus, although the judgment in West's favor undoubtedly "alter[ed] the legal relationship between the parties," *Farrar*, 506 U.S. at 114, the Court cannot conclude that a high degree of success was achieved where West elected to pursue an appeal on the bulk of his original lawsuit. *See id.* (the degree of the plaintiff's overall success goes to the reasonableness of a fee award).

As to the appropriate proportion, the Court exercises its discretion and concludes that an across-the-board 85% reduction of the award is reasonable to account for West's limited success on the factually and legally distinct ADA/Section 504 claim. *See, e.g.*, *Struthers v. City of N.Y.*, No. 12-CV-242, 2013 WL 5407221, at *10 (E.D.N.Y. Sept. 25, 2013) (finding "defendants' request to reduce the lodestar figure by 80% to be reasonable in light of [plaintiff]'s limited success").

## IV.     Additional Fee Award Adjustments

DOCCS also argues that the invoices West's counsel submitted are duplicative and vague. ECF No. 168 at 12-15. Given that West's counsel voluntarily reduced their travel time by 50%, and the Court finds that this argument warrants no additional reduction beyond the aforementioned calculation, it is unnecessary to further reduce the fee for vague and/or duplicative billing.

## V.      Costs

Finally, DOCCS challenges West's request for costs because it asserts that counsel's costs are reimbursable from the District Court Fund of Expenses Incurred by Court Appointed Counsel. ECF No. 168-1 at ¶ 16.

DOCCS is incorrect. According to this Court's guidelines, "[a]ny costs which are recoverable under the provisions of Titles 18 or 28 of the United States Code or which have been recovered under any other plan for reimbursement or which have been waived shall not be reimbursed from the District Court Fund." Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel (amended Jan. 21, 2016), *available at* http://www.nywd.uscourts.gov/sites/nywd/files/dcf_guidelines_amended_012016.pdf. As the costs West submitted are all recoverable pursuant to statute and were clearly necessarily incurred in the case, the Court grants West's request for costs.

For the reasons stated, an 85% reduction of the attorneys' fees calculated above is warranted. The Court reduced the lodestar figure to $27,750.27 to reflect West's unaccepted Rule 68 offer of judgment and limited degree of success and to account for the remaining six severable, unsuccessful claims in this litigation.

## CONCLUSION

West's motion for attorneys' fees (ECF No. 163) is GRANTED IN PART. Counsel is awarded $27,750.27 in attorneys' fees and $3,185.47 in costs.

IT IS SO ORDERED.

Dated: June 11, 2018
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court